UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11263 RGS

------------------------------------------

FIRST MARBLEHEAD CORP., )
        )
     Plaintiff, )
        )
vs. )
        )
GREGORY HOUSE, )
        )
     Defendant. )

------------------------------------------

FILED
IN CLERKS OFFICE

MAGISTRATE JUDGE _____

Civil Action No. _____

U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446

Defendant, Gregory House, ("House") hereby removes the above-captioned

matter, which was commenced in the Superior Court of the Commonwealth of

Massachusetts in the County of Suffolk as a Civil Action No. 04-2174 to the United

States District Court for the District of Massachusetts (the "District Court").

      As grounds for this removal, House states the following:

1.     Gregory House is the defendant in a civil action brought on May 19, 2004 in the

Suffolk Superior Court of Massachusetts. The civil action is now pending in that court.

Pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code,

Gregory House removes this action to the United States District Court for the District of

Massachusetts.

2.     The above-mentioned action is a civil action for a declaratory judgment to

determine the rights and obligations of the plaintiff and defendant with respect to a grant

of stock options made by the plaintiff to the defendant.

3.     House is the sole defendant named in the action.

4.    Removal is proper under 28 U.S.C. § 1441(a), in that this court would have had original subject matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the action had originally been brought in federal court.

The grounds for removal of this action are:

        i.    Complete diversity of citizenship between the plaintiff and defendant. The plaintiff is a Delaware corporation with its principal place of business at 800 Boylston Street, Boston, Massachusetts. Defendant, Gregory House, is an individual residing in Jersey City, Hudson County, New Jersey.

        ii.   The amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

5.    The Complaint in the Superior Court was filed on May 19, 2004. The plaintiff faxed a copy of the Complaint to defendant's counsel on May 19, 2004. On June 1, 2004, the defendant agreed to accept service. The defendant has not received a copy of the summons. As such, thirty days have not yet expired since the action became removable to this court.

6.    The following constitute all of the process, pleadings or orders received or served by the Plaintiff on House in the action, true and correct copies of which are attached as exhibits and incorporated herein as part of this Notice:

        Exhibit 1:    Complaint

        Exhibit 2:    Civil Action Coversheet

        Exhibit 3:    Notice of Acceptance into the Business Litigation Session

7.    Based on the foregoing, Defendant, House, hereby removes this action to the

United States District Court for the District of Massachusetts.

Respectfully submitted,
Gregory House,
By his attorneys,

William T. Hogan, III BBO # 237710
Elizabeth D. Killeen BBO # 645178
**Hogan, Roache & Malone**
66 Long Wharf
Boston, MA  02110
(617) 367-0330
Attorneys for Defendant

Date: June 9 2004

I hereby certify that a true copy
of the above document was served
upon the attorney of record for each
party by mail/hand on  6-9-04

William T Hogan III

3

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.

SUPERIOR COURT

FIRST MARBLEHEAD CORPORATION
  Plaintiff

v

GREGORY J. HOUSE
  Defendant

CIVIL ACTION NO. 04- 2173 BLS

## COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND

Plaintiff, The First Marblehead Corporation ("First Marblehead") brings this

declaratory judgment action, pursuant to M.G.L. c. 231A, against the defendant, Gregory J.

House ("House") because an actual controversy exists between the parties concerning their

respective rights and obligations regarding the grant of an incentive stock option by First

Marblehead to House in 1997, the terms and conditions of the grant and whether or not the

defendant's right to exercise the stock option granted by First Marblehead has expired and is

null and void.

### PARTIES AND JURISDICTION

1. Plaintiff, First Marblehead, is a Delaware corporation with a principal place of

business at 800 Boylston Street, Boston, Massachusetts 02199.

2. Defendant, House, is a former employee of First Marblehead, whose last known

address is 77 Prospect Street, Stamford, Connecticut 06901.

3. Jurisdiction is proper pursuant to M.G.L. c. 231A and because all parties have sufficient contacts with the Commonwealth of Massachusetts, and the amount in controversy exceeds $25,000.

4. Venue is proper as pursuant to M.G.L. chapter 223, §1, because at least one of the parties resides within Suffolk County.

## FACTS

5. First Marblehead provides services to the private, non-governmental, educational lending industry.

6. The defendant, House, was employed by First Marblehead from April 1, 1996 until February 28, 1998, when he voluntarily resigned his employment.

7. On or about June 15, 1997, First Marblehead granted House an incentive stock option of First Marblehead stock, pursuant to The First Marblehead Corporation 1996 Stock Option Plan (the "Plan"). A true and accurate copy of the Plan is attached hereto as Exhibit A and incorporated by reference.

8. The Plan provides that the term for each option granted under the Plan shall not exceed ten years from the date of its grant except that pursuant to § 7.02(d) of the Plan, upon the termination of employment for reasons other than death, disability or termination for cause, the "options will remain exercisable by the grantee for a period not extending beyond three months after the date of termination of employment".

9. The term provisions, including the termination provisions contained in § 7.02(d), were included in the Plan to assure that the options would qualify as incentive stock options under §422 of the Internal Revenue Code.

10. Upon information and belief, sometime after the option grant was made to House, First Marblehead provided House with a copy of the Plan.

11. Upon information and belief, sometime after the option grant was made to House, First Marblehead provided House with a Stock Option Agreement which further set forth the terms of the grant. A true and accurate copy of the Stock Option Agreement is attached hereto as Exhibit B and incorporated by reference.

12. The Stock Option Agreement incorporates by reference the terms of the Plan, including the terms relating to the exercise of the option following voluntary termination.

13. House terminated his employment with First Marblehead on February 28, 1998.

14. House did not exercise the option he was granted within three months of his resignation from employment with First Marblehead.

15. In February 2004, for the first time, House inquired with First Marblehead regarding the "status" of his stock option.

16. Shortly after his inquiry, First Marblehead, citing the terms of the Plan and the Stock Option Agreement, advised House that his right to exercise the option granted in 1997 had expired and he had no further right to exercise the option.

17. On or about March 12, 2004, House made demand on First Marblehead to immediately take such steps as are necessary to allow him to exercise his options.

18. House takes the position that the option granted to him by First Marblehead would be exercisable for a period of ten years and did not include any condition that the option be exercised within three months of leaving employment with First Marblehead.

19. First Marblehead's position is that the terms and conditions of the option granted to House are governed by the Internal Revenue Code and as set forth in the Plan and Stock Option Agreement and include a condition that any option must be exercised within three months of leaving employment with First Marblehead. Further, First Marblehead's position is that the option has expired and is null and void because House did not exercise it within three months of leaving employment with First Marblehead.

## DECLARATORY JUDGMENT

20. First Marblehead repeats and incorporates by reference the allegations contained in paragraphs 1 through 19, as though fully set forth herein.

21. There exists between First Marblehead and House a genuine and actual controversy concerning their respective rights and obligations regarding the grant of an incentive stock option by First Marblehead to House in 1997, the terms and conditions of the grant and whether or not the defendant's right to exercise the stock option granted by First Marblehead has expired and is null and void.

**WHEREFORE**, First Marblehead respectfully requests that this Court:

1.  Enter a judgment declaring the respective rights and obligations of the parties regarding the 1997 grant of incentive stock options by First Marblehead to House;

2.  Enter a declaratory judgment that the rights of the parties with respect to the grant of options to House are governed by the terms and conditions set forth in Plan and Stock Option Agreement;

3.  Enter a declaratory judgment that the defendant failed to exercise timely the option he was granted and that the option is null and void;

4.  Award the plaintiff its costs and attorneys fees; and,

5.  Enter any further relief this Court deems just and proper.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

THE FIRST MARBLEHEAD CORPORATION,
By its attorneys


Kenneth J. DeMoura
BBO# 548910
Adler Pollock & Sheehan PC
175 Federal Street
Boston  MA 02110
(617) 482-0600

Date: May 19, 2004

THE FIRST MARBLEHEAD CORPORATION

1996 STOCK OPTION PLAN

<Page>

THE FIRST MARBLEHEAD CORPORATION

1996 STOCK OPTION PLAN

### 1.   PURPOSES

The purposes of this 1996 Stock Option Plan (the "Plan") are to: (i) closely associate the interests of the officers, other employees and consultants of The First Marblehead Corporation and its subsidiaries and affiliates (collectively referred to as the "Company") with the stockholders by reinforcing the relationship between participants' rewards and stockholder gains; (ii) provide participants with an equity ownership in the Company commensurate with Company performance; (iii) maintain competitive compensation levels; and (iv) provide an incentive to officers and employees for continuous employment with the Company. The Plan accomplishes these purposes by providing for the grant of Incentive Stock Options and Nonstatutory Stock Options (collectively, as defined below, "Options") to the Company's officers, employees and consultants.

### 2.   ADMINISTRATION OF THE PLAN

2.01  ADMINISTRATION BY COMMITTEE. The Plan shall be administered by the Stock Option Committee (the "Committee") appointed by the Board of Directors of the Company from time to time. Whenever options are granted to any person subject to Section 16 of the Securities Exchange Act of 1934 (the "Exchange Act"), each member of the Committee shall be a "disinterested person" within the meaning of Rule 16b-3 under the Exchange Act.

2.02  AUTHORITY. Within the limits of the Plan, the Committee shall determine: the individuals to whom, and the times at which, Options shall be granted; the type of Option and number of shares to be granted; the duration of each Option; the price and method of payment for each Option; and the time or times within which (during its term) all or portions of each Option may be exercised.

2.03  ADOPTION OF RULES; INTERPRETATION OF PLAN. The Committee may: (i) establish such rules as it deems necessary for the proper administration of the Plan; (ii) make such determinations and interpretations with respect to the Plan and Options granted under it as may be necessary or desirable; and (iii) supply

EXHIBIT A

any omission, reconcile any inconsistency and include such further provisions or
conditions in the Plan or any Option as it deems advisable. Decisions rendered
by the Committee shall be made in its sole discretion and shall be conclusive.
No member of the Committee shall be liable for any decision rendered in good
faith relating to the Plan or any award thereunder.

3.   SHARES SUBJECT TO THE PLAN

3.01   NUMBER AND TYPE OF SHARES. The aggregate number of shares of stock
of
the Company which may be optioned under the Plan is One Hundred Thousand
(100,000) shares of the Company's Common Stock, $.10 par value, (the "Stock").

<Page>

3.02   RESTORATION OF SHARES. If any option expires, is terminated
unexercised or is forfeited for any reason, the shares subject to such Option,
to the extent of such expiration, termination or forfeiture, shall again be
available for granting Options under the Plan, subject, however, in the case
of
Incentive Stock Options, to any requirements under the Internal Revenue Code
of
1986, as amended (the "Code").

3.03   RESERVATION OF SHARES. The Company shall, at all times while the
Plan
is in force, reserve such number of shares of Stock as will be sufficient to
satisfy the requirements of the Plan. Shares issued under the Plan may
consist,
in whole or in part, of authorized but unissued shares or treasury shares.

4.   GRANT OF OPTIONS; ELIGIBLE PERSONS

4.01   TYPES OF OPTIONS. Options shall be granted under the Plan either as
incentive stock options ("Incentive Stock Options"), as defined in Section 422
of the Code, or as options which do not meet the requirements of Section 422
("Nonstatutory Stock Options"). Options may be granted from time to time by
the
Committee, within the limits set forth in the Plan, to all employees of the
Company or of any parent corporation or subsidiary corporation of the Company
(as defined in Sections 424(e) and (f), respectively, of the Code) and, in the
case of Nonstatutory Stock Options, to consultants.

4.02   DATE OF GRANT. The date of grant for each Option shall be the date
on
which it is approved by the Committee, or such later date as the Committee may
specify. No Incentive Stock Options shall be granted hereunder after ten years
from the date on which the Plan was adopted by the Board or approved by the
stockholders, whichever is earlier.

5.   FORMS OF OPTIONS

Options granted hereunder shall be evidenced by a writing delivered to
the
grantee specifying the terms and conditions thereof and containing such other
terms and conditions not inconsistent with the provisions of the Plan as the

Committee considers necessary or advisable to achieve the purposes of the Plan
or to comply with applicable tax and regulatory laws and accounting
principles.
The form of such Options may vary among grantees.

    6.    OPTION PRICE

    6.01  INCENTIVE STOCK OPTIONS. In the case of Incentive Stock Options,
the
price at which shares may from time to time be optioned shall be determined by
the Committee, provided that such price shall not be less than the fair market
value of the Stock on the date of granting as determined in good faith by the
Committee; and provided further that no Incentive Stock Option shall be
granted
to any individual who owns stock of the Company or its parent or subsidiary
corporations in excess of the limitations set forth in Section 422(b)(6) of
the
Code unless such option price is at least 110% of the fair market value of the
Stock on the date of the grant.

    6.02  NONSTATUTORY STOCK OPTIONS.  In the case of Nonstatutory Stock
Options, the price at which shares may from time to time be optioned shall be
determined by the Committee.

<center>2</center>

&lt;Page&gt;

    6.03  MANNER OF PAYMENT. To the extent permitted by law, the Committee,
may
in its discretion, permit the option price to be paid in whole or in part by a
note or in installments or with shares of stock of the Company or such other
lawful consideration as the Committee may determine.

    7.    TERM OF OPTION AND DATES OF EXERCISE

    7.01  EXERCISABILITY. The Committee shall determine the term of all
Options, the time or times that Options may be exercised and whether they may
be
exercised in installments; provided, however, that: (i) the term of each
Incentive Stock Option granted under the Plan shall not exceed a period of ten
years from the date of its grant; and (ii) no Incentive Stock Option shall be
granted to any individual who owns stock of the Company or its parent or
subsidiary corporations exceeds the limitations set forth in Section 422(b)(6)
of the Code unless the term of the Option does not exceed a period of five
years
from the date of its grant.

    7.02  EFFECT OF TERMINATION OF EMPLOYMENT. Except to the extent otherwise
determined by the Committee in writing, the effect on an Option of the
termination of employment of a grantee and the extent to which the grantee or
his or her estate, legal representative, guardian, or beneficiary may exercise
rights thereunder, shall be as set forth below.

    (a) DEATH OF GRANTEE. Upon the death of the grantee, all rights,
including those not yet vested on the date of death, shall immediately be
vested and may be exercised by the grantee's estate or by a person who
acquires the right to exercise such Option by bequest or inheritance or

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) First Marblehead Company v. Gregory
J. House

FILED
IN CLERKS OFFICE

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
local rule 40.1(a)(1)).

2004 JUN -9 A 10: 5

U.S. DISTRICT COURT
DISTRICT OF MASS.

☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

☒ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

☐ V.    150, 152, 153.

04  11263 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
28 USC §2403)

YES ☐    NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
40.1(d)).

YES ☒    NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☒        Central Division ☐        Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
agencies, residing in Massachusetts reside?

Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
yes, submit a separate sheet identifying the motions)

YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    William T. Hogan III

ADDRESS    Hogan, Roache & Malone, 66 Long Wharf, Boston, MA 02110

TELEPHONE NO.    (617) 367-0330

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

First Marblehead Corporation

**DEFENDANTS**

Gregory House   FILED IN CLERKS OFFICE

**(b)** County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   2004 JUN -9  A 10: 45   Jersey City
(IN U.S. PLAINTIFF CASES ONLY)   NJ
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED. DISTRICT COURT
DISTRICT OF MASS.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kenneth J. DeMaura, Adler, Pollock & Sheehan, PC
175 Federal Street, Boston, MA 02110
(617) 482-0600

Attorneys (If Known)
William T. Hogan III
Hogan, Roache & Malone
66 Long Wharf, Boston, MA 02110
(617) 367-0330

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 540 Mandamus & Other ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights Security Act |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
A declaratory action to determine the rights and obligations of the parties with respect to a grant of stock options made by the plaintiff to the defendant. This Court has jurisdiction pursuant to *

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE

DOCKET NUMBER

DATE  June 8, 2004

SIGNATURE OF ATTORNEY OF RECORD  William T Hogan III   William T. Hogan III
BBO# 237710

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**\*28 U.S.C. §1441(a).**