FILED
IN CLERKS OFFICE

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.                                    SUPERIOR COURT

| | |
|---|---|
| FIRST MARBLEHEAD CORPORATION<br>Plaintiff | |
| v | CIVIL ACTION NO. 04-2174 BLS |
| GREGORY J. HOUSE<br>Defendant | |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND JURY DEMAND**

Plaintiff, The First Marblehead Corporation ("First Marblehead") brings this declaratory judgment action, pursuant to M.G.L. c. 231A, against the defendant, Gregory J. House ("House") because an actual controversy exists between the parties concerning their respective rights and obligations regarding the grant of an incentive stock option by First Marblehead to House in 1997, the terms and conditions of the grant and whether or not the defendant's right to exercise the stock option granted by First Marblehead has expired and is null and void.

PARTIES AND JURISDICTION

1. Plaintiff, First Marblehead, is a Delaware corporation with a principal place of business at 800 Boylston Street, Boston, Massachusetts 02199.

2. Defendant, House, is a former employee of First Marblehead, whose last known address is 77 Prospect Street, Stamford, Connecticut 06901.

3. Jurisdiction is proper pursuant to M.G.L. c. 231A and because all parties have sufficient contacts with the Commonwealth of Massachusetts, and the amount in controversy exceeds $25,000.

4. Venue is proper as pursuant to M.G.L. chapter 223, §1, because at least one of the parties resides within Suffolk County.

## FACTS

5. First Marblehead provides services to the private, non-governmental, educational lending industry.

6. The defendant, House, was employed by First Marblehead from April 1, 1996 until February 28, 1998, when he voluntarily resigned his employment.

7. On or about June 15, 1997, First Marblehead granted House an incentive stock option of First Marblehead stock, pursuant to The First Marblehead Corporation 1996 Stock Option Plan (the "Plan"). A true and accurate copy of the Plan is attached hereto as Exhibit A and incorporated by reference.

8. The Plan provides that the term for each option granted under the Plan shall not exceed ten years from the date of its grant except that pursuant to § 7.02(d) of the Plan, upon the termination of employment for reasons other than death, disability or termination for cause, the "options will remain exercisable by the grantee for a period not extending beyond three months after the date of termination of employment".

9. The term provisions, including the termination provisions contained in § 7.02(d), were included in the Plan to assure that the options would qualify as incentive stock options under §422 of the Internal Revenue Code.

10. Upon information and belief, sometime after the option grant was made to House, First Marblehead provided House with a copy of the Plan.

11. Upon information and belief, sometime after the option grant was made to House, First Marblehead provided House with a Stock Option Agreement which further set forth the terms of the grant. A true and accurate copy of the Stock Option Agreement is attached hereto as Exhibit B and incorporated by reference.

12. The Stock Option Agreement incorporates by reference the terms of the Plan, including the terms relating to the exercise of the option following voluntary termination.

13. House terminated his employment with First Marblehead on February 28, 1998.

14. House did not exercise the option he was granted within three months of his resignation from employment with First Marblehead.

15. In February 2004, for the first time, House inquired with First Marblehead regarding the "status" of his stock option.

16. Shortly after his inquiry, First Marblehead, citing the terms of the Plan and the Stock Option Agreement, advised House that his right to exercise the option granted in 1997 had expired and he had no further right to exercise the option.

17. On or about March 12, 2004, House made demand on First Marblehead to immediately take such steps as are necessary to allow him to exercise his options.

18. House takes the position that the option granted to him by First Marblehead would be exercisable for a period of ten years and did not include any condition that the option be exercised within three months of leaving employment with First Marblehead.

19. First Marblehead's position is that the terms and conditions of the option granted to House are governed by the Internal Revenue Code and as set forth in the Plan and Stock Option Agreement and include a condition that any option must be exercised within three months of leaving employment with First Marblehead. Further, First Marblehead's position is that the option has expired and is null and void because House did not exercise it within three months of leaving employment with First Marblehead.

## DECLARATORY JUDGMENT

20. First Marblehead repeats and incorporates by reference the allegations contained in paragraphs 1 through 19, as though fully set forth herein.

21. There exists between First Marblehead and House a genuine and actual controversy concerning their respective rights and obligations regarding the grant of an incentive stock option by First Marblehead to House in 1997, the terms and conditions of the grant and whether or not the defendant's right to exercise the stock option granted by First Marblehead has expired and is null and void.

**WHEREFORE**, First Marblehead respectfully requests that this Court:

1. Enter a judgment declaring the respective rights and obligations of the parties regarding the 1997 grant of incentive stock options by First Marblehead to House;

2. Enter a declaratory judgment that the rights of the parties with respect to the grant of options to House are governed by the terms and conditions set forth in Plan and Stock Option Agreement;

3. Enter a declaratory judgment that the defendant failed to exercise timely the option he was granted and that the option is null and void;

4. Award the plaintiff its costs and attorneys fees; and,

5. Enter any further relief this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

THE FIRST MARBLEHEAD CORPORATION,
By its attorneys

Kenneth J. DeMoura
BBO# 548910
Adler Pollock & Sheehan PC
175 Federal Street
Boston MA 02110
(617) 482-0600

Date: May 19, 2004

I HEREBY ATTEST AND CERTIFY ON

JUNE 10, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY_____

ASSISTANT CLERK.