UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIRST MARBLEHEAD
CORPORATION
    Plaintiff

v

GREGORY J. HOUSE
    Defendant

CIVIL ACTION NO. 04-11263PBS

## THE FIRST MARBLEHEAD CORPORATION'S
## ANSWER TO COUNTERCLAIMS AND JURY DEMAND

The First Marblehead Corporation ("First Marblehead"), the plaintiff and counterclaim-defendant responds to Defendant's counterclaim as follows:

1. First Marblehead lacks sufficient information to admit or deny the allegations contained in paragraph 22 of the counterclaim.

2. First Marblehead admits the allegations contained in paragraph 23 of the counterclaim.

3. First Marblehead admits the allegations contained in paragraph 24 of the counterclaim .

4. The allegations contained in paragraph 25 of the counterclaim do not require a response inasmuch as the allegations are characterizations of the cause of action brought therein and assertions of law and not fact.

5. First Marblehead admits that House was an employee from April 1996 to February 1998 as President of First Marblehead Data Services, a subsidiary of First Marblehead. First Marblehead further admits that the company had an incentive stock option plan which was adopted in 1996. The remaining allegations contained in paragraph 26 of the counterclaim are denied.

6. First Marblehead admits that the Board of Directors of the company adopted and implemented an employee incentive stock option plan which was used to issue incentive stock options to employees. First Marblehead denies the remaining allegations contained in paragraph 27 of the counterclaim.

7. First Marblehead states that inasmuch as the July 7, 1997 memorandum described in paragraph 28 of the counterclaim is not attached to the complaint, it is unable to admit or deny the allegations relating to the content of such memorandum. First Marblehead further states that to the extent such a memorandum were provided to employees, it speaks for itself.

8. First Marblehead states that inasmuch as the July 7, 1997 memorandum described in paragraph 29 of the counterclaim is not attached to the complaint, it is unable to admit or deny the allegations relating to the content of any such memorandum. First Marblehead further states that to the extent such a memorandum were provided to employees, it speaks for itself. In further answering, First Marblehead admits that House discussed stock options with First Marblehead's CEO and that it was agreed to the extent that House received options from First Marblehead such options would vest and be

exercisable immediately upon the grant.  First Marblehead further admits that subject to the terms of First Marblehead's incentive stock option plan as approved by its Board of Directors, any options received by House were vested upon his departure from First Marblehead in 1998.  First Marblehead denies the remaining allegations contained in paragraph 29 of the counterclaim

9.  First Marblehead admits the allegations contained in paragraph 30 of the counterclaim.

10. First Marblehead admits that House sought to exercise options on or about February 20, 2004.  First Marblehead denies that House exercised the options within the period that they could be exercised.  First Marblehead admits that House's inquiry regarding the exercise of options was referred to the company's attorney and that the attorney responded to House's inquiry by letter and a copy of the option agreement described in paragraph 31 of the counterclaim.  The remaining allegations contained in paragraph 31 of the counterclaim are denied.

11.  First Marblehead denies the allegations contained in paragraph 32 of the counterclaim.

12.  First Marblehead denies the allegations contained in paragraph 33 of the counterclaim.

13. First Marblehead denies the allegations contained in paragraph 34 of the counterclaim.

14. First Marblehead repeats and incorporates by reference the responses to paragraphs 22 through 34 of the counterclaim, as though fully set forth herein.

15. First Marblehead admits that its grant of stock options to House represented a concrete, well-defined promise. First Marblehead that the terms of the stock option were set forth in the memo or described to House by Meyers and Anbinder at the pricing meeting. First Marblehead denies the remaining allegations contained in paragraph 36 of the counterclaim.

16. First Marblehead denies the allegations contained in paragraph 37 of the counterclaim.

17. First Marblehead denies the allegations contained in paragraph 38 of the counterclaim.

18. First Marblehead denies the allegations contained in paragraph 39 of the counterclaim.

19. First Marblehead denies the allegations contained in paragraph 40 of the counterclaim.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE: The counterclaim defendant fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE: The counterclaims are barred by the doctrine of laches.

THIRD AFFIRMATIVE DEFENSE: The counterclaims are barred by the applicable statutes of limitations.

FOURTH AFFIRMATIVE DEFENSE: The counterclaims are barred by the applicable statutes of frauds.

FIFTH AFFIRMATIVE DEFENSE: Counterclaim plaintiff cannot recover because the right to exercise the options granted expired three months following his termination of employment with First Marblehead.

SIXTH AFFIRMATIVE DEFENSE: Counterclaim plaintiff cannot recover because he has unclean hands.

SEVENTH AFFIRMATIVE DEFENSE: Counterclaim plaintiff's claims are barred by Delaware corporations law, including but not limited to the provisions of 8 Del. C. § 157.

EIGHTH AFFIRMATIVE DEFENSE: Counterclaim plaintiff cannot establish reasonable or justifiable reliance to prevail on any estoppel claim.

NINTH AFFIRMATIVE DEFENSE: To the extent counterclaim plaintiff relies on representations made by officers or agents of First Marblehead to establish his claim, such representations were unauthorized and not approved by the Board of Directors as required by Delaware law.

TENTH AFFIRMATIVE DEFENSE: Based on the allegations contained in the counterclaim, there was no contract between the parties as there was no meeting of the minds regarding the terms of the option.

ELEVENTH AFFIRMATIVE DEFENSE: The counterclaim plaintiff cannot recover because any damages sustained were occasioned by acts or omissions of third parties and not First Marblehead.

TWELFTH AFFIRMATIVE DEFENSE: Counterclaim plaintiff has failed to mitigate his damages.

**WHEREFORE**, First Marblehead respectfully requests that this Court:

1. Enter a judgment in its favor on all counts set forth in the counterclaim;
2. Enter a declaratory judgment that the defendant failed to exercise timely the option he was granted and that the option is null and void;
3. Award First Marblehead its costs and attorneys fees; and,
4. Enter any further relief this Court deems just and proper.

**FIRST MARBLEHEAD DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

THE FIRST MARBLEHEAD CORPORATION,
By its attorneys

*/s/ Kenneth J. DeMoura*
Kenneth J. DeMoura
BBO# 548910
Adler Pollock & Sheehan PC
175 Federal Street
Boston  MA 02110
(617) 482-0600

Date: August 9, 2004