IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIRST MARBLEHEAD CORP., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 04-11263PBS |
| ) | |
| GREGORY HOUSE, ) | |
| ) | |
| Defendant ) | |

**JOINT STATEMENT**

Plaintiff, First Marblehead Corporation ("First Marblehead"), and defendant, Gregory House ("House"), appearing by and through their respective undersigned counsel, hereby submit this Joint Statement, pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

**I.   NATURE OF THE CASE**

**A.   Plaintiff's Position**

This action arises from a dispute between the parties over the grant of an incentive stock option by First Marblehead to House in 1997. It is First Marblehead's position that the defendant's right to exercise the stock option granted by First Marblehead has expired and is null and void.

First Marblehead provides services to the private, non-governmental, educational lending industry. House, was employed by First Marblehead from April 1, 1996 until February 28, 1998, when he voluntarily resigned his employment. On or about June 15, 1997, First Marblehead granted House an incentive stock option of First Marblehead stock, pursuant to The First Marblehead Corporation 1996 Stock Option Plan (the "Plan"). This is the only Stock Option Plan that was approved by First Marblehead's Board of Directors. The Plan provides that the

term for each option granted under the Plan shall not exceed ten years from the date of its grant except that pursuant to § 7.02(d) of the Plan, upon the termination of employment for reasons other than death, disability or termination for cause, the "options will remain exercisable by the grantee for a period not extending beyond three months after the date of termination of employment". The term provisions, including the termination provisions contained in § 7.02(d), were included in the Plan to assure that the options would qualify as incentive stock options under §422 of the Internal Revenue Code.

House terminated his employment with First Marblehead on February 28, 1998. It is undisputed that House did not exercise the option he was granted within three months of his resignation from employment with First Marblehead. In February 2004, for the first time, House inquired with First Marblehead regarding the "status" of his stock option and was told shortly thereafter that his right to exercise the option granted in 1997 had expired and he had no further right to exercise the option.

First Marblehead's position is that the terms and conditions of the option granted to House are governed Delaware corporation law, the Internal Revenue Code and as set forth in the Plan and Stock Option Agreement. Delaware law requires that any option rights be set forth in an instrument approved by the Board of Directors. The only instruments approved by First Marblehead's are the Plan and the Stock Option Agreement. Theses instruments include the condition that any option must be exercised within three months of leaving employment with First Marblehead.

House takes the position that the option granted to him by First Marblehead would be exercisable for a period of ten years and did not include any condition that the option be exercised within three months of leaving employment with First Marblehead. The basis for this

026.1339.1

position is a memorandum purportedly describing the terms of the options. The memorandum on which House relies is not the Plan but a description of the Plan. It sets forth the "principal terms of the options ***which have been proposed*** by the Stock Option Subcommittee of the Board of Directors" (emphasis supplied). The recipient of the memo is warned that "[t]hese terms may be changed before the options are issued." If House relied on this memorandum, which is disputed, such reliance was clearly unreasonable.

Based on these facts and the law, First Marblehead is entitled to a judgment declaring that the rights of the parties with respect to the grant of options to House are governed by the terms and conditions set forth in Plan and Stock Option Agreement, that House failed to exercise timely the option he was granted and that the option is, therefore, null and void

**B.     Defendant's Position**

Gregory House is a former employee of First Marblehead. Subsequent to accepting employment at First Marblehead, House was told that the company would issue employee stock options that would constitute a significant portion of his compensation. Sometime prior to or during 1997, First Marblehead implemented an Employee Stock Option Plan (the "Plan"), whereby First Marblehead undertook to issue stock options (the "Options") to certain First Marblehead employees.

The essential terms of the Options are the subject of this dispute. House maintains that his Options are fully vested and exercisable for ten years, regardless of whether he remained in First Marblehead's employ. The express promises and actions of First Marblehead lead inevitably to this conclusion:

- In 1997, in anticipation of issuing the Options to its employees, First Marblehead's CEO Dan Meyers asked House to help price the Options, which House agreed to do. Meyers and Stephen E. Anbinder told House to price the Options as having a fixed expiration of ten years. At no time

- was House told that the Options would expire if not exercised within three months of an employee's departure.

- First Marblehead gave House <u>two</u> documents relating to his Options. One of those documents consisted of a July 7, 1997 memorandum (the "Memo") written by Rod Hoffman, outside counsel for First Marblehead, which, among other things, outlined the essential terms of the Plan. Pursuant to the Memo, House's Options were exercisable within ten years of the date of their grant. Additionally, the Memo provided that in the event that a First Marblehead employee resigned or was terminated for "cause," any unvested options would terminate immediately – the vested options, however, could be exercised at any time prior to the ten-year expiration date. Crucially, the Memo contained <u>no</u> provision or requirement with respect to a three-month time period for exercising options upon an employee's departure from First Marblehead, nor was House ever told of any such requirement. In addition to the Memo, House was given a handwritten worksheet that listed the value of his Options.

- The Memo also set forth a vesting schedule whereby 20% of the Options were to vest immediately, while the vesting of the remaining Options would be deferred. House objected to this aspect of the Plan – he instead wanted assurances that all of his Options were immediately vested and exercisable, with "no strings attached." House discussed this thoroughly with Meyers, and Meyers expressly agreed to alter House's Options to give House immediate, absolute and unconditional ownership of his Options. In House's presence, Meyers telephoned Rod Hoffman and directed Hoffman to alter the terms of House's Options such that they would all be immediately vested and exercisable. As a result, all of House's Options were vested upon his departure from First Marblehead in 1998.

House voluntarily resigned from his position at First Marblehead in February 1998. He has since notified First Marblehead of his intention to exercise his Options. In response, plaintiff admits that the vesting date of House's Options was altered, but contends that the Options have expired. In support of this claim, plaintiff points to a purported employee option "agreement"[1] that differs in material respects from the stock option agreement First Marblehead granted to House. Most significantly, House's Options contained <u>no</u> requirement that they be exercised

---

[1] This "agreement" is attached as "Exhibit B" to plaintiff's Complaint.

within three months of his departure from First Marblehead. The "agreement" plaintiff refers to was not signed by House, nor was it even shown to House during his tenure at First Marblehead. Had it been, House most certainly would have found it objectionable and would have refused to sign it, as it failed to comport with the terms of his Options as set forth in the Memo and in his discussions with First Marblehead.

## II.     OBLIGATION OF COUNSEL TO CONFER

Counsel for the parties have conferred in accordance with the provisions of Local Rule 16.1. Neither party assents to trial by a United States Magistrate Judge.

## III.    SETTLEMENT

The plaintiff's claim is for declaratory relief. Plaintiff is not seeking damages at this time. The defendant has brought counterclaims against the plaintiff. In conjunction with the filing of this Joint Statement defendant will submit a settlement proposal to plaintiff.

## IV.     PROPOSED DEADLINES

### A.     The Parties' Proposed Deadlines

The plaintiff and defendant jointly propose the following scheduling deadlines:

1. Mandatory Disclosures are due October 1, 2004.

2. Fact discovery will be completed on or before February 18, 2005.

3. Any party wishing to use an expert shall designate such expert and serve an expert report pursuant to Fed. R. Civ. Proc. 26(a)(2)(B) on or before March 18, 2005; expert discovery will be completed on or before April 15, 2005.

4. Dispositive motions are to be filed no later than May 13, 2005.

## V.      CERTIFICATION

Pursuant to Local Rule 16.1(D)(4), the parties certify that they have conferred with their respective clients regarding a budget for the above-captioned litigation and have discussed the

use of alternative dispute resolution procedures to resolve this matter.  Certifications to be signed by counsel and their respective clients have been prepared and will be filed by the parties prior to the conference.

Respectfully submitted,
The First Marblehead Corporation
By its attorney,

/s/ Kenneth J. DeMoura
Kenneth J. DeMoura   BBO # 548910
**Adler Pollock & Sheehan PC**
175 Federal Street
Boston, MA 02110
(617) 482-0600

Gregory House,
By his attorneys,

/s/ Elizabeth D. Killeen
William T. Hogan, III BBO # 237710
Elizabeth D. Killeen BBO # 645178
**Hogan, Roache & Malone**
66 Long Wharf
Boston, MA  02110
(617) 367-0330

Peter N. Wang
Yonaton Aronoff
**Foley & Lardner**
90 Park Avenue
New York, NY 10016
(212) 682-7474

Date: September 3, 2004