UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIRST MARBLEHEAD CORPORATION<br>Plaintiff<br><br>v<br><br>GREGORY J. HOUSE<br>Defendant | CIVIL ACTION NO. 04-11263PBS |

PLAINTIFF'S RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, plaintiff The First Marblehead Corporation ("First Marblehead"), responds to the First Set of Interrogatories of Defendant (the "Interrogatories") as follows:

GENERAL OBJECTIONS

1. First Marblehead objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they purport to expand upon First Marblehead's obligations under the Federal Rules of Civil Procedure.

2. First Marblehead objects to the Interrogatories, and the definitions and instructions contained therein, to the extent they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other applicable privilege or immunity.

3. First Marblehead objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they are overly broad, unduly burdensome, and/or seek information not relevant to the claim or defense of any party to this action.

4. First Marblehead objects to the Interrogatories, and the definitions and instructions contained therein, to the extent that they request information that is as readily accessible to the Defendants as it is to First Marblehead. First Marblehead has no obligation to undertake any investigation for the Defendants.

5. Discovery in this case is ongoing. First Marblehead reserves the right to supplement its responses and objections should additional information become available. These general objections are incorporated into each of the specific answers to the Interrogatories.

## INDIVIDUAL OBJECTIONS AND RESPONSES

1. Please identify all Experts. As to each, please describe such Expert's qualifications, the matters on which the Expert is expected to opine and/or testify, and state whether you or your attorneys will call the Expert to testify in this case.

OBJECTION AND RESPONSE: In addition to the general objections set forth above, First Marblehead objects to providing any information concerning experts except as required by Fed. R. Civ. P. 26 and specifically objects to providing information protected by Fed. R. Civ. P. 26(b)(4). Without waiving these objections, First Marblehead has not determined who it will call as an expert witness at trial.

2. Please identify each person (other than your attorneys in this case) who participated in or assisted with preparing responses to any of these interrogatories, or who provided information

to your attorneys for the purpose of responding to any of these interrogatories. As to each person Identified, please describe the information provided.

OBJECTION AND RESPONSE: First Marblehead objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or information constituting attorney work-product.

3. Please identify all persons who you know or your attorneys know or believe to have knowledge or information relevant to any of the claims or defenses asserted in this lawsuit. As to each person Identified, please describe the knowledge or information you or your attorneys know or believe the person to have.

OBJECTION AND RESPONSE: Subject to the foregoing general objections, First Marblehead believes that the following individuals may have information relevant to the claims and defenses asserted in this litigation:

*Daniel Maxwell Meyers, Chief Executive Officer and Chairman of the Board of Directors*
c/o The First Marblehead Corporation
Prudential Tower, 34th Floor
800 Boylston Street
Boston, MA  02119-8157
(617) 638-2000

Mr. Meyers has served as First Marblehead's Chief Executive Officer and Chairman of the board of directors since its incorporation in 1994. Mr. Meyers has knowledge concerning Mr. House's employment with First Marblehead, the adoption of The First Marblehead 1996 Stock Option and the grant of options to the defendant Gregory House.

<u>Rodney G. Hoffman, Esq.</u>
Deutsch Williams Brooks DeRensis & Holland P.C.
99 Summer Street
Boston, MA 02110
(617) 951-2300

Mr. Hoffman served as attorney for First Marblehead Corporation and has knowledge concerning the adoption of The First Marblehead 1996 Stock Option Plan and the grant of options to the defendant Gregory House.

<u>Jennifer House</u>
(address currently unknown)

Mrs. House was married to Gregory House while he was employed at First Marblehead. It is believed that she may have knowledge relevant to the claims and defenses asserted in this litigation.

4. Please identify all persons who you or your attorneys intend to call as a witness in this lawsuit. As to each person Identified, please describe the subject matter on which each is expected to testify and any and all documents upon which each is expected to rely.

OBJECTION AND RESPONSE:    First Marblehead objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or information constituting attorney work-product. Subject to and without waiver of the foregoing general and specific objections, First Marblehead states that it has not determined who will be called to testify as a witness in this lawsuit.

5. Please describe in detail the process(es) you followed in drafting any and all employee stock option plans. Your response should include, without limitation, the Identification of all persons and committees that participated in that process, a detailed description of all internal

standards, procedures and policies that you applied in drafting such plans, and any and all documents that support your answer.

OBJECTION AND RESPONSE:   First Marblehead objects to providing any information concerning any stock option plans which were approved and implemented after the termination of Gregory House's employment as such information is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, First Marblehead states that the 1996 Stock Option Plan was approved by the Corporation's Board of Directors as of October 15, 1996 and further approved by the Consent of Stockholders on or about March 4, 1997. The plan was designed to comport with the relevant tax code provisions to qualify the plan and options granted under it as qualified incentive stock options. The plan and specific option agreements were prepared by and with the advice of counsel to First Marblehead, Rodney G. Hoffman.

6. Please describe in detail the process(es) you followed in announcing, describing, and circulating stock options and stock option plans to First Marblehead employees. Your response should include, without limitation, the Identification of all persons and committees that participated in that process, a detailed description of all internal standards, procedures and policies that you applied in this process, and any and all documents that support your answer.

OBJECTION AND RESPONSE:   First Marblehead objects to providing any information concerning any stock option plans which were approved and implemented after the termination of Gregory House's employment as such information is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, First Marblehead states that the 1996 Stock Option Plan was approved by the

Corporation's Board of Directors as of October 15, 1996 and further approved by the Consent of Stockholders on or about March 4, 1997. The plan and specific option agreements were prepared by and with the advice of counsel to First Marblehead, Rodney G. Hoffman. Employees who were granted options pursuant to the 1996 Stock Option Plan were advised of the grants individually. In July 1997 a meeting was held with employees to discuss and provide general information about the option plan. The option agreements were circulated to employees sometime after the July 1997 meeting. The Plan was also made available on an ongoing basis to employees qualified to receive options who requested it.

7. Please describe in detail any and all correspondence and communications between you and House regarding any employee stock option plans, and please identify any and all documents that support your answer.

OBJECTION AND RESPONSE: When Gregory House was hired by First Marblehead there were discussions concerning a grant of stock options including the amount of stock and the vesting schedule. It was agreed, at the time of his hire, that House would be given incentive stock options pursuant to the terms of First Marblehead's 1996 Stock Option Plan, that the grant would be for 2500 shares of stock and that the entire option would vest immediately. Later discussions with House concerned the pricing of options under the Plan and a general discussion of the plan and options at an employee meeting with First Marblehead's attorney.

8. If you contend that any documents relating to employee stock option plans were distributed to House during or after his employment at First Marblehead, please so state, including in your answer the date it was distributed, and please identify any and all documents that support your contention.

OBJECTION AND RESPONSE: It is believed that Gregory House received copies of the 1996 Stock Option Plan and the Grant of Incentive Stock Option. Presently, First Marblehead does not know when he would have received these documents however a copy of the Grant is part of his personnel file. House also received a memorandum prepared by First Marblehead's attorney, Rod Hoffman, providing a general description of the 1996 Stock Option Plan. The memorandum is dated July 7, 1997 and it is believed that House received the memorandum on or about July 7, 1997. While he was employed with First Marblehead, House also received a document describing his compensation and confirming that he had received 2500 Incentive Stock Options.

9. Please Identify any and all current or former First Marblehead employees who have exercised First Marblehead employee stock options, and please identify any and all documents that support your contention.

OBJECTION AND RESPONSE: In addition to the foregoing general objections, First Marblehead objects to providing any information concerning other employees on the grounds that such information is confidential and private information.

10. If you believe you have lost or destroyed any documents responsive to House's First Request for the Production of Documents, please describe the circumstances under which they were destroyed or lost.

OBJECTION AND RESPONSE: First Marblehead is unaware of any documents that have been lost or destroyed.

11. If you denied any of House's requests for admission to you, please state in detail the basis for each denial. Your response should include, without limitation, a description of all facts and circumstances that support each denial.

OBJECTION AND RESPONSE: First Marblehead denied Requests 2 and 3 because it is presently unknown whether House knew or was advised, orally or in writing, that he was required to exercise his stock options within 90 days of his termination of employment with First Marblehead and discovery has not yet been completed.

12. Identify by caption and status (i.e. pending or resolved) any and all federal and/or state lawsuits, and charges or claim or claims made with any administrative agency, in which you are or were a party.

OBJECTION AND RESPONSE: In addition to the foregoing general objections, First Marblehead objects to providing any information concerning any federal or state lawsuits or charges or claims with any administrative agency which do not relate to the 1996 Stock Option Plan as such information is irrelevant and not likely to lead to the discovery of admissible evidence. Without waiving any objections, First Marblehead states that it has not been a party to any federal or state lawsuits or charges or claims with any administrative agency that relate to the 1996 Stock Option Plan.

## Verification

The undersigned, being duly sworn, deposes and says: 1) she is the Senior Vice President of Human Resources of the plaintiff, The First Marblehead Corporation ("First Marblehead"); 2) she has read the foregoing responses to the Defendant's First Set of Interrogatories, knows the contents hereof, and states that the same are true and accurate to the best of her knowledge and belief; 3) this verification is made by her as an authorized representative of First Marblehead; and, 4) the grounds for her belief as to all matters herein are her personal knowledge, the contents of the First Marblehead's files and business records, and the knowledge of other employees and agents of First Marblehead.

Signed under the pains and penalties of perjury.

_____
Robin Camara, Senior Vice President
The First Marblehead Corporation

AS TO OBJECTIONS:

/s/ Kenneth J. DeMoura
Kenneth J. DeMoura (BBO#548910)
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

Dated: December 17, 2004