UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

FIRST MARBLEHEAD CORP., )
)
    Plaintiff, )
)
vs. ) Civil Action No. 04-11263PBS
)
GREGORY HOUSE, )
)
    Defendant. )

---

### DEFENDANT GREGORY HOUSE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the District of Massachusetts, Defendant Gregory House ("House") hereby requests that plaintiff First Marblehead Corporation ("First Marblehead") produce for inspection and copying the following materials, in accordance with the following definitions and instructions, to the offices of Hogan, Roache & Malone, 66 Long Wharf, Boston, Massachusetts 02110. The Federal Rules of Civil Procedure 26 and 34(b) require that you serve a written response to this Request for Production no later than thirty (30) days after service of this Request upon you.

### INSTRUCTIONS

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions shall apply:

    1.    In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing and any document requested herein that is presently unavailable but which becomes available must be produced forthwith.

2.      The terms "and" and "or" shall be construed conjunctively and disjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

3.      Documents are to be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in the requests. If the documents are produced as they are kept in the ordinary course of business, all documents kept in a file in which a responsive document exists are to be produced and the documents or files shall be labeled to identify the custodian of the documents and/or files. If the documents are produced by categories, they shall be labeled to identify the request(s) to which they relate, the file from which they were taken and the custodian of that file.

4.      If any requested documents cannot be produced in full, produce all responsive documents to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief you have concerning the non-produced portion.

5.      If any document responsive to these requests is no longer in your possession, custody or control, and cannot be retrieved by you, identify the document in detail and state with specificity the document's last known custodian and location.

6.      If any document responsive to these requests that was formerly in your possession, custody, or control has been lost or destroyed, identify the document with particularity, and, if lost, specify the circumstances under which the document was lost, produce all documents concerning its loss, and state whatever information, knowledge or belief you have concerning the document's contents, or, if destroyed,

specify the circumstances under which the document was destroyed, produce all documents concerning its destruction, and state whatever information, knowledge, or belief you have concerning the document's contents.

7. Whenever necessary to ensure completeness or accuracy of these requests, the singular shall include the plural and the past tense shall include the present tense and vice versa.

8. References to entities other than natural persons shall be deemed to include, in addition to the entity named, its predecessors, officers, directors, employees, members, agents, consultants, representatives, investigators, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

9. These requests are of continuing effect, and if at any time after the date on which you produce documents and/or responses in response to these requests, you discover, obtain or otherwise come into possession of additional documents or information responsive to any of these requests, you are required promptly to supplement your response hereto by producing such documents or information.

10. If you object to the production of any document on any ground, you must submit a written statement identifying the document. Such identification shall include the document's present physical location and custodian, its date, author(s), recipient(s), nature and subject. State the objection(s) fully and specifically, including the ground(s) therefore and any other pertinent information necessary to permit the determination of the validity of the objection or claim of privilege.

11. If you withhold from production any document responsive to these requests on the ground that such document is subject to the attorney/client privilege

and/or work product protection, please submit a privilege log identifying (i) the author(s) of the document, (ii) the person(s) to whom the document was sent (including copies), (iii) the date on which the document was prepared or transmitted, (iv) the nature of the document (e.g., letter, interoffice memorandum, telegram, handwritten notes, etc.), (v) the subject matter of the document, (vi) the number of pages of the document, including whether it has any attachments and the number of pages thereof, (vii) the document's present custodian, (viii) the factual basis for the privilege asserted, and (ix) the number(s) of the individual requests herein to which such document is responsive.

12.     To the extent, if any, that you view any request to be vague or imprecise, counsel for House offers to confer with counsel for plaintiff as to the intended scope of such request prior to your response to the request.

## DEFINITIONS

For the purpose of these Requests for the Production of Documents and responses thereto, the following definitions shall apply:

1.     The terms "you" or "First Marblehead" or "plaintiff" as used herein shall refer to plaintiff First Marblehead and any of its predecessors, successors, affiliates, parents, members, officers, directors, attorneys, paralegals, secretaries, employees, representatives, and other persons acting or purporting to act on behalf of any of the foregoing, now or in the past, and wherever located.

2.     The terms "document" or "documents" as used herein in their customary broad sense are defined to include, without limitation, the originals of all writings (including handwritten) of every kind, letters, telegrams, facsimile transmissions (or "faxes"), telexes, memoranda, electronic mail (or "e-mail"), interoffice and intraoffice

communications of all types, reports, studies, legal pleadings, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, agreements, contracts, notes, notebooks, reports, plans, diagrams, drawings, blueprints, handwritten notes, drafts, lists, directives, reports, flow sheets, sketches, charts, graphs, instructions, audiotapes, videotapes, films, photographs, microfiche, computer system backups, microfilm, newspaper articles, tabulations, telephone records, voicemail recordings, notes of telephone calls or conferences, and minutes and records of meetings, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The terms "document" or "documents" further include electronically stored data and data processing and computer printouts, tapes, disks and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings and reproductions or film impressions of any of the aforementioned writings. The terms "document" or "documents" also include copies of all documents which are not identical duplicates of the originals, and copies of documents for which the originals are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. A draft or non-identical copy is a separate document within the meaning of these terms.

    3.  The term "communication" as used herein shall mean any transfer of information, whether external or internal, by any written, oral, electronic or other means including, but not limited to, meetings, discussions, telephone conversations, contracts, letters, memoranda, electronic mail, correspondence, reports, statements,

consultations, negotiations and any other means through which the transmittal of information, facts, ideas, inquiries and/or responses is conveyed. It also includes the transmittal or receipt of any "carbon copy" or "cc" or "blind carbon copy" or "bcc" of any document.

4. A document and/or communication "concerning," "relating to," or which "relates to" any subject matter shall mean any document and/or communication which concerns, relates to, constitutes, contains, refers to, describes, embodies, supports, evidences, reflects, deals with, explains, identifies, regards, states, records, memorializes or is any way pertinent to that subject matter.

5. The term "including" as used herein means "including without limitation."

6. The term "person" as used herein means any natural person or any business, sole proprietorship, joint venture, firm, association, organization, limited liability company, partnership, trust, corporation, governmental entity or association.

7. "Request" or "requests" as used herein refers to a particular request for production of documents contained herein or all of the requests for production of documents contained herein, as the case may be.

8. "Response" or "responses" as used herein refers to your response to a particular request or all of your responses to the requests, as the case may be.

9. "This action" as used herein refers to this pending litigation.

10. The term "Complaint" means the Complaint, dated May 19, 2004, that was filed and served in this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents relied upon in drafting the Complaint.

2. All documents concerning, relating to, or reflecting House's employment with First Marblehead, including, but not limited to, documents relating to the terms of House's employment at First Marblehead, benefits, salary, and stock option(s).

3. All documents concerning, relating to, reflecting or comprising any First Marblehead employee stock option plan(s), including, but not limited to, any and all documents concerning or evidencing the terms of same.

4. All documents concerning, relating to, reflecting or comprising any grant(s) of employee stock option(s) to any First Marblehead employee(s), including, but not limited to, any correspondence pertaining to same.

5. All documents concerning, relating to, reflecting or comprising the drafting of any employee stock option plan(s) and/ or option(s) for any First Marblehead employee(s).

6. All documents concerning, relating to, reflecting or comprising the decision as to whether to implement any employee stock option plan(s) for any First Marblehead employee(s).

7. All documents concerning, relating to, reflecting or comprising any First Marblehead employee handbook, manual or pamphlet, whether or not distributed to any First Marblehead employee(s), from 1996 to present.

8. All documents concerning, relating to, reflecting or comprising any correspondence, oral, written or otherwise, between First Marblehead and House,

including but not limited to any grant of stock option(s) or description of any stock option plan(s) to House.

9. All documents concerning, relating to, reflecting or comprising communications between First Marblehead and any current or former employee(s) of First Marblehead relating to employee stock option(s).

10. All documents that you intend to offer as evidence at the trial of this action.

11. All documents concerning, relating to, or reflecting any litigation in any state or federal court, or any arbitration or mediation or other dispute resolution mechanism, internal or external, to which First Marblehead is a party including, but not limited to, documents or records pertaining to any dispute(s) relating to employee stock options.

12. All documents concerning, relating to, reflecting or comprising any correspondence between First Marblehead and any insurer(s) of same relating to this action.

13. All documents concerning, relating to, reflecting or comprising First Marblehead's state and/ or federal regulatory filings.

14. All documents concerning, relating to, reflecting or comprising First Marblehead's policies regarding document retention, storage or destruction.

15. All documents concerning, relating to, reflecting or comprising tax-related opinions, reports, or analyses issued to First Marblehead with respect to employee stock options.

Respectfully submitted,
Gregory House,
By his attorneys,

*Elizabeth D. Killeen*
William T. Hogan, III BBO # 237710
Elizabeth D. Killeen BBO # 645178
**Hogan, Roache & Malone**
66 Long Wharf
Boston, MA 02110
(617) 367-0330

Peter N. Wang
Yonaton Aronoff
**Foley & Lardner LLP**
90 Park Avenue
New York, NY 10016
Attorneys for Defendant

Date: November 12, 2004

### CERTIFICATE OF SERVICE

I, Elizabeth D. Killeen, hereby certify that on this 12th day of November 2004, I served a copy of the above Request for Production of Documents via first class U.S. mail postage prepaid to: Kenneth J. DeMoura, Esq., Adler Pollock & Sheehan PC, 175 Federal Street, Boston, MA 02110, counsel of record for the plaintiff.

*Elizabeth D. Killeen*
Elizabeth D. Killeen

9