AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __NEW YORK__

FIRST MARBLEHEAD CORP.

V.

GREGORY HOUSE

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 1:04-CV-11263-PBS

TO: William R. Berkley
W.R. Berkley Corp.
475 Steamboat Road
Greenwich. CT 06830

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| 90 Park Avenue, 37th Floor, New York, New York 10016 | On or before 05/13/05, 10am EST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ATTORNEY FOR GREGORY HOUSE | 04/28/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Yonaton Aronoff, Foley & Lardner LLP, 90 Park Avenue, New York, New York 10016  (212) 682-7474

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 4/28/05 | W.R. Berkley Corp., 475 Steamboat Rd., Greenwich, CT 06830 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| William R. Berkley | Hand Delivery (Personal Service) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Yonaton Aronoff | Associate |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____4/28/05_____
DATE

SIGNATURE OF SERVER

114 E. 11th St., Apt. 1E

ADDRESS OF SERVER

New York, NY 10003

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **SCHEDULE A**

### DEFINITIONS

For purposes of this subpoena, the term "you" refers to WILLIAM R. BERKLEY.

For purposes of this subpoena, the term "First Marblehead" shall refer to First Marblehead Corporation and any of its predecessors, successors, affiliates, parents, members, officers, directors, attorneys, paralegals, secretaries, employees, representatives, and other persons acting or purporting to act on behalf of any of the foregoing, now or in the past, and wherever located.

For purposes of this subpoena, the term "relating to" means comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the related subject matter.

For purposes of this subpoena, the term "document" is used in the *broadest possible sense*. It refers, without limitation, to all written, printed, typed, photostatic, photographed, recorded, or otherwise reproduced communications, data compilations, or representations of any and every kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, whether prepared by manual, mechanical, electronic, magnetic, photographic, or other means, as well as audio, video, digital, or other recordings of communications, oral statements, conversations or events.

This definition includes, but is not limited to, any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, invoices, orders, acknowledgments, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures,

advertisements, newspaper clippings, tables, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, pictures, film, microfilm, microfiche, computer-stored or computer-readable data, computer programs, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained.

Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered a separate document.

## DOCUMENTS TO BE PRODUCED

1. All documents concerning, relating to, reflecting or comprising any First Marblehead employee stock option plan(s), including, but not limited to, any and all documents concerning or evidencing the terms of same.

2. All documents concerning, relating to, reflecting or comprising any grant(s) of employee stock option(s) to any First Marblehead employee(s), including, but not limited to, any correspondence pertaining to same.

3. All documents concerning, relating to, reflecting or comprising the drafting of any employee stock option plan(s) and/ or option(s).

4. All documents concerning, relating to, reflecting or comprising the decision as to whether to implement any employee stock option plan(s) for any First Marblehead employee(s).

5.  All documents concerning, relating to, reflecting or comprising any First Marblehead memoranda, employee handbook, manual or pamphlet, whether or not distributed to any First Marblehead employee(s), from 1996 to present, including all memoranda prepared by Rod Hoffman concerning First Marblehead stock options.

6.  All documents concerning, relating to, reflecting or comprising any First Marblehead Board of Director and/or Stock Option Subcommittee meetings, discussions, proposals or votes, including all meeting minutes and drafts thereof, and any and all documents distributed in connection with such meetings, discussions, proposals or votes.

7.  All documents concerning, relating to, reflecting or comprising any correspondence regarding Gregory House.