UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

FIRST MARBLEHEAD CORP., )
)
    Plaintiff, )
)
vs. ) Civil Action No. 04-11263PBS
)
GREGORY HOUSE, )
)
    Defendant. )

---

### DEFENDANT GREGORY HOUSE'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the District of Massachusetts, Defendant Gregory House ("House") hereby requests that plaintiff First Marblehead Corporation ("First Marblehead") produce for inspection and copying the following materials, in accordance with the following definitions and instructions, to the offices of Hogan, Roache & Malone, 66 Long Wharf, Boston, Massachusetts 02110. The Federal Rules of Civil Procedure 26 and 34(b) require that you serve a written response to this Request for Production no later than thirty (30) days after service of this Request upon you.

### INSTRUCTIONS

For the purposes of these Requests for Production of Documents and responses thereto, the following instructions shall apply:

    1.    In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing and any document requested herein that is presently unavailable but which becomes available must be produced forthwith.

2. The terms "and" and "or" shall be construed conjunctively and disjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

3. Documents are to be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the categories in the requests. If the documents are produced as they are kept in the ordinary course of business, all documents kept in a file in which a responsive document exists are to be produced and the documents or files shall be labeled to identify the custodian of the documents and/or files. If the documents are produced by categories, they shall be labeled to identify the request(s) to which they relate, the file from which they were taken and the custodian of that file.

4. If any requested documents cannot be produced in full, produce all responsive documents to the extent possible, specifying each reason for your inability to produce the remainder thereof and stating whatever information, knowledge, or belief you have concerning the non-produced portion.

5. If any document responsive to these requests is no longer in your possession, custody or control, and cannot be retrieved by you, identify the document in detail and state with specificity the document's last known custodian and location.

6. If any document responsive to these requests that was formerly in your possession, custody, or control has been lost or destroyed, identify the document with particularity, and, if lost, specify the circumstances under which the document was lost, produce all documents concerning its loss, and state whatever information, knowledge or belief you have concerning the document's contents, or, if destroyed,

specify the circumstances under which the document was destroyed, produce all documents concerning its destruction, and state whatever information, knowledge, or belief you have concerning the document's contents.

7. Whenever necessary to ensure completeness or accuracy of these requests, the singular shall include the plural and the past tense shall include the present tense and vice versa.

8. References to entities other than natural persons shall be deemed to include, in addition to the entity named, its predecessors, officers, directors, employees, members, agents, consultants, representatives, investigators, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

9. These requests are of continuing effect, and if at any time after the date on which you produce documents and/or responses in response to these requests, you discover, obtain or otherwise come into possession of additional documents or information responsive to any of these requests, you are required promptly to supplement your response hereto by producing such documents or information.

10. If you object to the production of any document on any ground, you must submit a written statement identifying the document. Such identification shall include the document's present physical location and custodian, its date, author(s), recipient(s), nature and subject. State the objection(s) fully and specifically, including the ground(s) therefore and any other pertinent information necessary to permit the determination of the validity of the objection or claim of privilege.

11. If you withhold from production any document responsive to these requests on the ground that such document is subject to the attorney/client privilege

and/or work product protection, please submit a privilege log identifying (i) the author(s) of the document, (ii) the person(s) to whom the document was sent (including copies), (iii) the date on which the document was prepared or transmitted, (iv) the nature of the document (e.g., letter, interoffice memorandum, telegram, handwritten notes, etc.), (v) the subject matter of the document, (vi) the number of pages of the document, including whether it has any attachments and the number of pages thereof, (vii) the document's present custodian, (viii) the factual basis for the privilege asserted, and (ix) the number(s) of the individual requests herein to which such document is responsive.

12. To the extent, if any, that you view any request to be vague or imprecise, counsel for House offers to confer with counsel for plaintiff as to the intended scope of such request prior to your response to the request.

## DEFINITIONS

For the purpose of these Requests for the Production of Documents and responses thereto, the following definitions shall apply:

1. The terms "you" or "First Marblehead" or "plaintiff" as used herein shall refer to plaintiff First Marblehead and any of its predecessors, successors, affiliates, parents, members, officers, directors, attorneys, paralegals, secretaries, employees, representatives, and other persons acting or purporting to act on behalf of any of the foregoing, now or in the past, and wherever located.

2. The terms "document" or "documents" as used herein in their customary broad sense are defined to include, without limitation, the originals of all writings (including handwritten) of every kind, letters, telegrams, facsimile transmissions (or "faxes"), telexes, memoranda, electronic mail (or "e-mail"), interoffice and intraoffice

communications of all types, reports, studies, legal pleadings, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, agreements, contracts, notes, notebooks, reports, plans, diagrams, drawings, blueprints, handwritten notes, drafts, lists, directives, reports, flow sheets, sketches, charts, graphs, instructions, audiotapes, videotapes, films, photographs, microfiche, computer system backups, microfilm, newspaper articles, tabulations, telephone records, voicemail recordings, notes of telephone calls or conferences, and minutes and records of meetings, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys or other agents. The terms "document" or "documents" further include electronically stored data and data processing and computer printouts, tapes, disks and data stored in computers or data processing equipment, together with programs and program documentation necessary to retrieve, read and utilize such data, and all other mechanical or electronic means of storing or recording data, as well as tape, film or cassette sound and/or visual recordings and reproductions or film impressions of any of the aforementioned writings. The terms "document" or "documents" also include copies of all documents which are not identical duplicates of the originals, and copies of documents for which the originals are not in the possession, custody or control of you, your officers, directors, employees, attorneys or other agents. A draft or non-identical copy is a separate document within the meaning of these terms.

   3.  The term "communication" as used herein shall mean any transfer of information, whether external or internal, by any written, oral, electronic or other means including, but not limited to, meetings, discussions, telephone conversations, contracts, letters, memoranda, electronic mail, correspondence, reports, statements,

consultations, negotiations and any other means through which the transmittal of information, facts, ideas, inquiries and/or responses is conveyed. It also includes the transmittal or receipt of any "carbon copy" or "cc" or "blind carbon copy" or "bcc" of any document.

   4. A document and/or communication "concerning," "relating to," or which "relates to" any subject matter shall mean any document and/or communication which concerns, relates to, constitutes, contains, refers to, describes, embodies, supports, evidences, reflects, deals with, explains, identifies, regards, states, records, memorializes or is any way pertinent to that subject matter.

   5. The term "including" as used herein means "including without limitation."

   6. The term "person" as used herein means any natural person or any business, sole proprietorship, joint venture, firm, association, organization, limited liability company, partnership, trust, corporation, governmental entity or association.

   7. "Request" or "requests" as used herein refers to a particular request for production of documents contained herein or all of the requests for production of documents contained herein, as the case may be.

   8. "Response" or "responses" as used herein refers to your response to a particular request or all of your responses to the requests, as the case may be.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

   1. All documents concerning the ten-for-one split of First Marblehead common stock effected on or around August 25, 2003, including but not limited to all First Marblehead Board of Directors and/or subcommittee meeting minutes considering

6

and/or authorizing said split, shareholder resolutions and/or votes related thereto, and press releases (internal or external) announcing and/or describing said split.

2. All documents concerning the four-for-one split of First Marblehead common stock effected on or around October 29, 2003, including but not limited to all First Marblehead Board of Directors and/or subcommittee meeting minutes considering and/or authorizing said split, shareholder resolutions and/or votes related thereto, and press releases (internal or external) announcing and/or describing said split.

3. All documents describing the categories of First Marblehead stock options (i.e., options issued under the 1996 Stock Option Plan) made subject to the ten-for-one and four-for-one splits of First Marblehead common stock, respectively.

4. All documents describing the categories of First Marblehead stock options (i.e., options issued under the 1996 Stock Option Plan) expressly not made subject to the ten-for-one and four-for-one splits of First Marblehead common stock, respectively.

5. All documents describing the individuals holding First Marblehead stock options whose options were made subject to the ten-for-one and four-for-one splits of First Marblehead common stock, respectively.

6. All documents describing the individuals holding First Marblehead stock options whose options expressly were not made subject to the ten-for-one and four-for-one splits of First Marblehead common stock, respectively.

7. All First Marblehead Board of Directors meeting minutes from 1995 to present.

8. All meeting minutes of the First Marblehead Stock Option Subcommittee from 1995 to present.

9. The supplemental memorandum drafted by Rodney Hoffman in or around 1997 relating to the terms of the 1996 Stock Option Plan, and all drafts thereof.

10. All documents reflecting and/or constituting grants of First Marblehead stock options, from 1995 to present.

> Respectfully submitted,
> Gregory House,
> By his attorneys,
>
> /s/ Elizabeth D. Killeen
> William T. Hogan, III BBO # 237710
> Elizabeth D. Killeen BBO # 645178
> **Hogan, Roache & Malone**
> 66 Long Wharf
> Boston, MA 02110
> (617) 367-0330
>
> Peter N. Wang
> Yonaton Aronoff
> **Foley & Lardner LLP**
> 90 Park Avenue
> New York, NY 10016
> Attorneys for Defendant

Date: June 10, 2005

CERTIFICATE OF SERVICE

I, Elizabeth D. Killeen, hereby certify that on this 10th day of June 2005, I served a copy of the above document via in hand delivery to all counsel of record.

*Elizabeth D Killeen*
Elizabeth D. Killeen