UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIRST MARBLEHEAD
CORPORATION
    Plaintiff

v

GREGORY J. HOUSE
    Defendant

CIVIL ACTION NO. 04-11263PBS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 26 and Rule 34 of the Federal Rules of Civil Procedure, plaintiff The First Marblehead Corporation ("First Marblehead"), responds to the Defendant's First Request for Production of Documents (the "Requests") as follows:

### GENERAL OBJECTIONS

1. First Marblehead objects to the Requests, and the definitions and instructions contained therein, to the extent that they purport to expand upon First Marblehead's obligations under the Federal Rules of Civil Procedure.

2. First Marblehead objects to the Requests, and the definitions and instructions contained therein, to the extent they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine and any other applicable privilege or immunity.

3.  First Marblehead objects to the Requests, and the definitions and instructions contained therein, to the extent that they are overly broad, unduly burdensome, and/or seek information not relevant to the claim or defense of any party to this action.

4.  First Marblehead objects to the Requests, and the definitions and instructions contained therein, to the extent that they request information that is as readily accessible to the Defendants as it is to First Marblehead. First Marblehead has no obligation to undertake any investigation for the Defendants.

5.  Discovery in this case is ongoing. First Marblehead reserves the right to supplement its responses and objections should additional information become available. These general objections are incorporated into each of the specific answers to the Requests.

6.  These responses represent the state of the First Marblehead's knowledge as of the date hereof. First Marblehead expressly reserves the right to supplement, alter and/or amend the responses to any or all of the Requests. First Marblehead reserves all objections as to the admissibility at trial of any of the information or documents provided herein. The production of any documents or information provided herein does not constitute an admission by First Marblehead that such information is relevant to the subject matter of the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The plaintiff reserves the right to object to further inquiry with regard to any subject matter.

## INDIVIDUAL OBJECTIONS AND RESPONSES

1.  All documents relied upon in drafting the Complaint.

Response: First Marblehead objects to the production of documents responsive to this request as it requests disclosure of information protected from discovery by the attorney-client privilege and the work product doctrine.

2. All documents concerning, relating to, or reflecting House's employment with First Marblehead, including, but not limited to, documents relating to the terms of House's employment at First Marblehead, benefits, salary, and stock option(s).

Response: First Marblehead objects to this request to the extent it seeks confidential business information. Subject to the foregoing general and specific objections, First Marblehead produces herewith documents responsive to this request.

3. All documents concerning, relating to, reflecting or comprising any First Marblehead employee stock option plan(s), including, but not limited to, any and all documents concerning or evidencing the terms of same.

Response: First Marblehead objects to this request to the extent that it seeks documents relating to stock option plans adopted by First Marblehead after defendant's termination of employment and to the extent that it seeks private and confidential information concerning individual employees other than the defendant. Subject to the foregoing general and specific objections, First Marblehead produces herewith documents responsive to this request.

4. All documents concerning, relating to, reflecting or comprising any grant(s) of employee stock option(s) to any First Marblehead employee(s), including, but not limited to, any correspondence pertaining to same.

Response: First Marblehead objects to this request to the extent that it seeks documents relating to stock option plans adopted by First Marblehead after defendant's termination of employment and to the extent that it seeks private and confidential information concerning individual employees other than the defendant. Subject to the foregoing general and specific objections, First Marblehead produces herewith documents responsive to this request.

5. All documents concerning, relating to, reflecting or comprising the drafting of any employee stock option plan(s) and/or option(s) for any First Marblehead employee(s).

Response: First Marblehead objects to this request to the extent that it seeks documents relating to stock option plans adopted by First Marblehead after defendant's termination of employment and to the extent that it seeks private and confidential information concerning individual employees other than the defendant. Subject to the foregoing general and specific objections, First Marblehead produces herewith documents responsive to this request.

6.   All documents concerning, relating, reflecting or comprising the decision as to whether to implement any employee stock option plan(s) for any First Marblehead employee(s).

Response: First Marblehead objects to this request to the extent that it seeks documents relating to stock option plans adopted by First Marblehead after defendant's termination of employment and to the extent that it seeks private and confidential information concerning individual employees other than the defendant. Subject to the foregoing general and specific objections, First Marblehead produces herewith documents responsive to this request.

7.   All documents concerning, relating to, reflecting or comprising any First Marblehead employee handbook, manual or pamphlet, whether or not distributed to any First Marblehead employee(s), from 1996 to present.

Response: First Marblehead objects to this request to the extent that it seeks documents relating to First Marblehead employee handbooks, manuals or pamphlets used after defendant's termination of employment. To the extent First Marblehead has any employee handbooks, manuals or pamphlets pre-dating House's termination, First Marblehead will produce same.

8.   All documents concerning, relating to, reflecting or comprising any correspondence, oral, written or otherwise, between First Marblehead and House, including but not limited to any grant of stock option(s) or description of any stock option plan(s) to House.

Response: Subject to the foregoing general objections, First Marblehead produces herewith the documents requested.

9.   All documents concerning, relating to, reflecting or comprising communications between First Marblehead and any current or former employee(s) of First Marblehead relating to employee stock option(s).

Response: In addition to the foregoing general objections, First Marblehead objects to this request is vague and to the extent that it seeks documents relating to stock option plans adopted by First Marblehead after defendant's termination of employment or private and confidential information concerning individual employees other than the defendant.

10.   All documents that you intend to offer as evidence at the trial of this action.

Response: First Marblehead has not determined what documents, if any, it intends to offer as evidence at trial.

11.  All documents concerning, relating to, or reflecting any litigation in any state or federal court, or any arbitration or mediation or other dispute resolution mechanism, internal or external, or to which First Marblehead is a party including, but not limited to, documents or records pertaining to any dispute(s) relating to employee stock options.

Response:  In addition to the foregoing general objections, First Marblehead objects to providing any information or documents concerning any federal or state lawsuits or charges or claims with any administrative agency which do not relate to the 1996 Stock Option Plan as such information is irrelevant and not likely to lead to the discovery of admissible evidence.  Without waiving any objections, First Marblehead states that it has not been a party to any federal or state lawsuits or charges or claims with any administrative agency that relate to the 1996 Stock Option Plan.

12.  All documents concerning, relating to, reflecting or comprising any correspondence between First Marblehead and any insurer(s) of same relating to this action.

Response:  First Marblehead has no documents responsive to this request.

13.  All documents concerning, relating to, reflecting or comprising First Marblehead's state and/or federal regulatory filings.

Response:  First Marblehead objects to production of the information or documents requested pursuant to the general objections set forth above.

14.  All documents concerning, relating to, reflecting or comprising First Marblehead's policies regarding document retention, storage or destruction.

Response:  First Marblehead objects to production of the information or documents requested pursuant to the general objections set forth above.

15.  All documents concerning, relating to, reflecting or comprising tax-related opinions, reports, or analyses issued to First Marblehead with respect to employee stock options.

Response:  In addition to the foregoing general objections, First Marblehead objects to this request to the extent that it seeks documents relating to stock option plans adopted by First Marblehead after defendant's termination of employment and to the extent that it seeks private and confidential information concerning individual employees other than the defendant.

Without waiving the foregoing general and specific objections, First Marblehead has no documents responsive to this request relating to the 1996 Stock Option Plan.

> Respectfully submitted,
>
> THE FIRST MARBLEHEAD CORPORATION
> By its attorneys
>
> /s/ Kenneth J. DeMoura
> Kenneth J. DeMoura (BBO#548910)
> ADLER POLLOCK & SHEEHAN, P.C.
> 175 Federal Street
> Boston, Massachusetts 02110
> (617) 482-0600

Dated: December 17, 2004

318298_1