

805 N.E.2d 1035 (Table)                                                                                                     Page 1

60 Mass.App.Ct. 1123, 805 N.E.2d 1035 (Table), 2004 WL 602785 (Mass.App.Ct.)
**Unpublished Disposition**

**(Cite as: 60 Mass.App.Ct. 1123, 805 N.E.2d 1035, 2004 WL 602785 (Mass.App.Ct.))**

C

**Briefs and Other Related Documents**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

Appeals Court of Massachusetts.
Luba LEVIN & another, [FN1]

FN1. Michael Rabinovich, as co-administrators.

v.
Yanina ILAN & another. [FN2]

FN2. Leonid Ilan.

No. 03-P-235.

March 26, 2004.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28
***1 The plaintiffs appeal a judgment of dismissal with prejudice which entered as a sanction for their failure to comply with court ordered discovery. We review the judge's action to determine whether there was an abuse of discretion. See *Mattoon v. Pittsfield,* 56 Mass.App.Ct. 124, 131-132 (2002). We affirm the judgment.

*Background.* The plaintiffs Luba Levin and Michael Rabinovich filed a complaint in Superior Court pursuant to G.L. c.109A, § 8, requesting that the court void the conveyance of certain real property deeded from Yury Shkolnikov to defendants Yanina and Leonid Ilan. The plaintiffs are the children of Vitaly Rabinovich and Mariya Vilner who were killed in an automobile accident while passengers in a van driven by Yury Shkolnikov. In their complaint, the plaintiffs alleged that the property was fraudulently conveyed to avoid payment owed to their parents' estates; they sought an attachment and the allowance of a lis pendens.

To aid in their defense, the defendants sought documents relating to litigation in California arising out of the same automobile accident. They hoped to prove that a settlement was reached during that litigation which had fully compensated the plaintiffs for their losses and that, therefore, at the time of the conveyance there was no debt owed by Yury Shkolnikov to the estates of Vitaly Rabinovich and Mariya Vilner. See G.L. c. 109A, § 8 ("In an action for relief against a transfer or obligation under this chapter, a creditor ... may obtain ... an attachment ...").

In an effort to discover that evidence, on March 19, 2002, the defendants served the plaintiffs with a request for production of documents pursuant to Mass.R.Civ.P. 34, as amended, 385 Mass. 1212 (1982). When the plaintiffs did not respond, the defendants moved to compel the production of documents pursuant to Mass.R.Civ.P. 37(a), as appearing in 423 Mass. 1406 (1996). The plaintiffs opposed the motion and argued that the documents sought were confidential pursuant to a private agreement between parties to the California litigation and by order of a California court. A judge of the Superior Court allowed the defendants' motion on July 25, 2002, and ordered that all documents be produced within twenty-one days; the order stated, "If plaintiff asserts a privilege as to any request, a response must be made with the produced documents." The plaintiffs did not provide the defendants with the documentation sought. Nor did the plaintiffs seek a protective order pursuant to Mass.R.Civ.P. 26(c), as amended 423 Mass. 1401 (1996) ("Upon motion by a party or by the person from whom discovery is sought, and for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

805 N.E.2d 1035 (Table) Page 2

60 Mass.App.Ct. 1123, 805 N.E.2d 1035 (Table), 2004 WL 602785 (Mass.App.Ct.)
**Unpublished Disposition**

**(Cite as: 60 Mass.App.Ct. 1123, 805 N.E.2d 1035, 2004 WL 602785 (Mass.App.Ct.))**

good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Instead, on August 16, 2002, the plaintiffs moved for reconsideration of the allowance of defendants' motion to compel; the defendants opposed that motion and requested sanctions pursuant to Mass.R.Civ.P. 37, as amended, 423 Mass. 1406 (1996). [FN3] A second Superior Court judge declined to reconsider the order and entered an order preventing the plaintiffs from using as evidence any document produced after September 24, 2002.

> FN3. Rule 37(b)(2), as amended, 390 Mass. 1208 (1984), provides, in part, "If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... An order striking out pleadings or ... dismissing the action or proceeding."

***2 After the twenty-one day period had elapsed, on August 19, 2002, the plaintiffs wrote to the defendants, stating in part the following: "The Chrysler resolution documents are not being produced. These are subject to [a] strict confidentiality agreement that is part of a Court order. Daimler-Chrysler has not authorized the release of the information." At no point did the plaintiffs suggest that the requested documents were not within their possession, custody, or control. On August 23, 2002, the defendants, Boston counsel for Daimler-Chrysler, and the plaintiffs signed a stipulation which provided that the settlement documents in the California action could be submitted to the court for *in camera* review. [FN4]

> FN4. The stipulation included the following: "(a) The existence of the California action and the fact that the plaintiffs' or their predecessors claims ... were resolved by settlement ... may be disclosed; and ... shall only be submitted to the Court for *in camera review* and shall not be filed with the Court to be maintained as a public record, unless the Court so orders."

On September 26, 2002, still having received none of the documents regarding the California settlement, the defendants filed a verified complaint for civil contempt; the Superior Court notified defendants and plaintiffs to appear at a status conference on October 2, 2002. At that conference, the defendants argued that the plaintiffs, who had brought the suit and were obliged to produce documents relevant to the claim or to a defense, had neither complied with the order compelling production of such requested documents nor asserted any credible evidence of their claim of privilege concerning the California settlement documents. Moreover, in further violation of the order, the plaintiffs had also withheld and belatedly produced documents as to which they asserted no privilege at all. The plaintiffs, arguing that they were prohibited from producing documents regarding the California litigation by virtue of a confidentiality agreement and court order, evidenced that agreement and order only by (a) an e-mail from an attorney representing Daimler-Chrysler in California which stated, in pertinent part, that the settlement could be disclosed in camera only; and (b) an affidavit from an Oklahoma attorney who was an attorney of record in the California litigation, stating that a confidentiality order had been issued by a California court and agreed-to by parties to the settlement. None of the California settlement documents that the defendants sought were produced by the plaintiffs, in camera or otherwise, on October 2, 2002, though plaintiffs' counsel offered to produce them in camera to the court at an unspecified future time. The judge, treating the defendant's complaint for civil contempt as a motion to dismiss, determined that, "In light of the plaintiffs' flagrant violations of the previous discovery orders of the court and the plaintiffs' dilatory tactics in discovery, the case is dismissed with prejudice."

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

805 N.E.2d 1035 (Table) Page 3

60 Mass.App.Ct. 1123, 805 N.E.2d 1035 (Table), 2004 WL 602785 (Mass.App.Ct.)
**Unpublished Disposition**

**(Cite as: 60 Mass.App.Ct. 1123, 805 N.E.2d 1035, 2004 WL 602785 (Mass.App.Ct.))**

*Analysis.* The decision to sanction a party for a discovery violation is committed to the sound discretion of the trial judge. See *Keene v. Brigham & Women's Hospital, Inc.,* 439 Mass. 223, 235-236 (2003). We discern no abuse of that discretion here. While the course of events was not procedurally pristine, and while reasonable minds could surely differ as to whether some sanction short of dismissal might better have done the job, we nonetheless cannot say that dismissal was unwarranted given the entirety of the circumstances confronting this judge. Such circumstances include what may fairly be characterized as foot dragging behavior by the plaintiffs, whose only justification for withholding documents that were arguably of considerable import to the defense was the repeated but dubious assertion of a claimed "privilege." The legal basis for the assertion of privilege remained murky at best throughout, and the plaintiffs' efforts to offer pertinent proof in support of such privilege were simply inadequate. In the face of a court order compelling production, the plaintiffs failed both to produce the documents-- even in camera despite a stipulation permitting such disclosure--and to seek a protective order. Had they sought a protective order, they would have had the opportunity to explain to the Superior Court judge why the apparently draconian California confidentiality provision to which they had agreed in aid of settlement of that lawsuit should trump the defendants' legitimate discovery needs in this lawsuit. Such conduct invites judicial intervention of just the sort visited upon the plaintiffs. See *National Grange Mut. Ins. Co. v. Walsh,* 27 Mass.App.Ct. 155, 156-157 (1989) ("a judge has 'the right and the duty to keep the judicial system in efficient operation,'" quoting from *State Realty Co. v. MacNeil Bros.,* 358 Mass. 374, 379 [1970] ).
  ***3 *Judgment affirmed.*

60 Mass.App.Ct. 1123, 805 N.E.2d 1035 (Table), 2004 WL 602785 (Mass.App.Ct.) Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

• 2003 WL 23941134 (Appellate Brief) Appellees' Brief (Jun. 02, 2003)Original Image of this Document (PDF)

• 2003 WL 23941501 (Appellate Brief) Appellants' Brief (Apr. 29, 2003)Original Image of this Document (PDF)

• 2003 WL 23950001 (Appellate Brief) Appellants' Reply Brief (2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.