UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIRST MARBLEHEAD CORPORATION<br>    Plaintiff<br><br>v<br><br>GREGORY J. HOUSE<br>    Defendant | CIVIL ACTION NO. 04-11263PBS |

**STATEMENT OF UNDISPUTED FACTS
PURSUANT TO LOCAL RULE 56.1**

In support of its Motion for Summary Judgment filed herewith, the plaintiff, The First Marblehead Corporation ("First Marblehead"), hereby states that the following are the material facts of record as to which there is no genuine issue to be tried:

1. First Marblehead is a Delaware corporation with its principal offices located in Boston, Massachusetts. [Answer and Counterclaim of Gregory House, ¶ 23.]

2. In October 1996, First Marblehead's Board of Director's adopted an incentive stock option plan titled The First Marblehead 1996 Stock Option Plan. [Plaintiff's Response to Defendant's First Set of Interrogatories, Response No. 5: Appendix Tab B] [Deposition of Steven Anbinder p. 30, 38: Appendix Tab C] [Exhibit 1 to Anbinder Deposition: Appendix Tab D]

3. The Plan provides for the grant of "incentive stock options ("Incentive Stock Options"), as defined in Section 422 of the [Internal Revenue] Code. [Exhibit 1 to Anbinder Deposition, Section 4.01: Appendix Tab D]

4. Section 7.02(d) of the Plan expressly provides:

    (d) <u>Termination for Other Reasons</u>.  Upon the termination of the grantee's employment for reasons other than . . . [death, retirement, disability or termination for cause] . . . , the Options will remain exercisable by the grantee for a period not extending beyond three months after the date of the termination of employment, but only to the extent of Options which are exercisable as of the date of such termination of employment.

[Exhibit 1 to Anbinder Deposition, Section 7.02(d): Appendix Tab D]

5.      The shareholders of First Marblehead approved the creation and adoption of the Plan on March 4, 1997.  [Deposition of Rodney Hoffman p. 76-77: Appendix Tab E][Exhibit 1 to Hoffman deposition: Appendix Tab F]

6.      In April 1996, First Marblehead hired Gregory House ("House") to work as an employee of the Company.   [Answer and Counterclaim of Gregory House ¶26]

7.      House worked for First Marblehead from April 1996 until February 28, 1998. [Answer and Counterclaim of Gregory House, ¶ 26.]

8.      House became a licensed stockbroker for Paine Webber after graduating from college. [Deposition of Gregory House ("House dep.") p. 29-30: Appendix Tab A].

9.      In 1982, House joined the commodity options division of Prudential Bache's New York City office and worked in the options division for Prudential Bache for five years.  [House dep. p.32-33: Appendix Tab A]

10.      Thereafter, House spent four years self-employed, writing a fixed income stock options pricing model. [House dep. p. 36-38: Appendix Tab A]

11.      House has purchased and sold stock options. [House dep. p. 100: Appendix Tab A]

12. From 1990 until 1993, House worked in the options trading division of Societe Generale. [House dep. p. 36: Appendix Tab A]

13. While at Societe Generale, House provided expertise in the pricing of securities in the "options area." [House dep. p. 40: Appendix Tab A]

14. He has read "uncountable" books on stock options, including the authoritative ones. [House dep. p. 48: Appendix Tab A]

15. Other than being told that First Marblehead was going to issue stock options and that he would get some, there were no other discussions about stock options prior to the time that House accepted his job offer to join First Marblehead. [House dep. p. 104: Appendix Tab A]

16. In June 1997, employees of First Marblehead, including House, were granted incentive stock options pursuant to the Plan. [Deposition of Ralph James p. 44-45; 59-60: Appendix Tab G] [Deposition of Rodney Hoffman p. 48-49: Appendix Tab E]

17. House understood in June 1997 that the options he was receiving were incentive stock options. [House dep. p. 118-119: Appendix Tab A]

18. In June 1997, First Marblehead delivered to House a one-page "Compensation Review" form indicating that the Company had granted him an incentive stock option for 2,500 shares of First Marblehead stock. The form states in part:

    STOCK OPTIONS
    ISO Shares Granted: 2,500
    Value of ISO Shares (at $31.25 per share):  $78,125.

[Ralph James Deposition p. 69-71: Appendix Tab G] [Exhibit 4 to Ralph James Deposition: Appendix Tab H] [House dep. p. 114-119: Appendix Tab A]

19. At the time he received the Compensation Review form House understood that the term ISO was an acronym for "incentive stock options". [House dep. p. 115: Appendix Tab A] (p. 115), he understood that the phrase "incentive stock option" was a legal term, [House dep. p. 7: Appendix Tab A] and he had a general understanding of the characteristics of incentive stock options. [House dep. p. 120-121: Appendix Tab A]

20. Indeed, House's deposition testimony is clear that he knew he was receiving an incentive stock option:

> Q. The numbers that you are focused on were the numbers that appear under the subheading stock options, correct?
> A. Yes.
> Q. And they are ISO shares granted, 2500, correct?
> A. Correct.

[House dep. p. 118-119: Appendix Tab A]

21. On July 7, 1997 House received a notice from the Company's Chief Operating Officer, Ralph James, addressed to all First Marblehead Staff. [Ralph James Deposition p. 55, 58-60: Appendix Tab G] [Exhibit 2 to James Deposition: Appendix Tab I] [House dep. p. 134-135]

22. The notice advised the staff that there would be a staff meeting that day where the first order of business would be a "Discussion of the Incentive Stock Option program". [Exhibit 2 to James Deposition: Appendix Tab I]

23. At that meeting, House received a memorandum addressed to all First Marblehead employees dated July 7, 1997 setting forth some of the

"principal terms" of the Plan. [Ralph James Deposition p. 63-67: Appendix Tab G][Exhibit 3 to James Deposition: Appendix Tab J] [House dep. p. 136-141: Appendix Tab A] [Hoffman dep. p. 43-45: Appendix Tab E]

24. The July 7 Memo, in its first sentence, announced that the Board of Directors of First Marblehead had established an employee stock option plan. [Exhibit 3 to James Deposition: Appendix Tab J]

25. The July 7 memo described the options that the employees were being granted: "The options here will be 'Incentive Stock Options' or 'ISOs' under the Internal Revenue Code". [Exhibit 3 to James Deposition: Appendix Tab J]

26. The July 7 Memo did not state that the options issued under the Plan were only exercisable for three months from date of termination of employment, and was in fact silent on that issue. [Exhibit 3 to James Deposition: Appendix Tab J]

27. However, House was clear at his deposition that he knew that the July 7 Memo did not encompass all of the terms of the option plan or the option grant he thought he was receiving. [House dep. p. 138-139, 143-144: Appendix Tab A]

28. House assumed that the option grant would be formally documented at a later date [House dep. p. 208-209: Appendix Tab A] and understood that options were formal agreements between an organization and an individual [House dep. p. 110: Appendix Tab A]

29. Sometime after the July 1997 meeting, First Marblehead prepared and distributed specific incentive stock option grants to employees granted options under the Plan. [Plaintiff's Answers to Interrogatories, Response No. 6: Appendix Tab B][Exhibit B to Complaint]

30. House never signed the grant dated June 15, 1997 reflecting the grant of incentive stock options for 2500 shares. [House dep. p. 209-210: Appendix Tab A][Answer and Counterclaim of Gregory House, ¶ 31]

31. House testified that he did not see a copy of the Plan or the specific grant prepared for his signature before he quit First Marblehead on February 28, 1998. [House dep. p. 209-210: Appendix Tab A][Answer and Counterclaim of Gregory House, ¶ 31]

32. House made no attempt to exercise his option rights within three months of leaving the Company. [Answer and Counterclaim of Gregory House, ¶ 17]

33. In February 2004, almost six years after quitting and after First Marblehead had become a public company, House contacted First Marblehead and for the first time stated that he wanted to exercise his incentive stock option. [House dep. p.212-220: Appendix Tab A] [Answer and Counterclaim of Gregory House, ¶ 17, 31]

34. On February 27, 2004, First Marblehead advised House that his incentive stock option had expired because he did not exercise it within three months of his termination of employment. [Answer and Counterclaim of Gregory House, ¶ 31].

        Respectfully submitted,

        THE FIRST MARBLEHEAD CORPORATION
        By its attorneys


        <u>/s/ Kenneth J. DeMoura</u>
        Kenneth J. DeMoura (BBO#548910)
        ADLER POLLOCK & SHEEHAN, P.C.
        175 Federal Street
        Boston, Massachusetts 02110
        (617) 482-0600

Dated: July 1, 2005