**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------
FIRST MARBLEHEAD CORP.,           )
                                  )
        Plaintiff,            )
                                  )
vs.                               )   Civil Action No. 04-11263PBS
                                  )
GREGORY HOUSE,                    )
                                  )
        Defendant.            )
---------------------------------------------------------

**DEFENDANT GREGORY HOUSE'S RESPONSE TO**
**FIRST MARBLEHEAD'S STATEMENT OF UNDISPUTED FACTS**

In opposition to plaintiff First Marblehead's ("First Marblehead" or the "Company") Motion for Summary Judgment, defendant Gregory House ("House") submits the following responses to First Marblehead's Statement of Undisputed Facts:

1.     Admitted.

2.     Admitted.

3.     Admitted to the extent this reflects that the First Marblehead 1996 Stock Option Plan (the "Plan") <u>also</u> provides for the issuance of stock options not meeting the criteria set forth in Section 422 of the Internal Revenue Code. (Plan: Appendix Tab F; Anbinder Dep., pp. 38-42: Appendix Tab K; Meyers Dep., pp. 87-88: Appendix Tab A; Hoffman Dep., pp. 28-31, 34-36: Appendix Tab G).

4.     Admitted to the extent this reflects that Rodney Hoffman, the drafter of the Plan, testified that this Section was intended only to apply to qualified incentive stock options. (Hoffman Dep., pp. 31-32: Appendix Tab G).

5.     Admitted.

6.     Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied in part. House did other things during that time period, including studying computer programming. (House Dep., pp. 37-38: Appendix Tab B)

11. Admitted.

12. Admitted.

13. Admitted to the extent that, as House testified, he helped price foreign exchange options as part of his employment at Societe Generale. (House Dep., p. 40: Appendix Tab B)

14. Admitted.

15. Denied. House was told by Dan Meyers in or around March 1996 that he would be given First Marblehead stock options, and that such options would constitute "a significant portion" of his compensation. Meyers further assured House that, although House was giving up a higher salary to join First Marblehead, he eventually would "make a lot of money" while at the Company (House Aff. ¶ 5)

16. Denied in part. House was granted First Marblehead Stock Options sometime in 1997, the terms of which are consistent with the Plan. The terms of House's grant are in dispute. Also, it is unclear precisely when House's grant occurred. The Memo (Appendix Tab E), which is dated July 7, 1997, states that it sets forth "the principal terms of the options which have been *proposed* by the Stock Option Subcommittee of the Board of Directors." (emphasis added) First Marblehead asserted in its Supplement to the Joint Statement (Appendix Tab M) that that Memo merely sets forth "a description of

some of the terms of a draft plan that was being forwarded to the Stock Option Committee of the Board of Directors for its consideration".

17. Denied in part. House understood that the acronym "ISO" stood for "incentive stock options." He had no understanding as to the legal or tax-related characteristics of "incentive stock options." (House Aff. at ¶ 4)

18. Denied in part. The "Compensation Review" form refers to "ISOs," but does not indicate the particular terms of the options granted other than the number of shares (2,500) and the value ($78,125 at $31.25 per share). (House Dep., pp. 118-19: Appendix Tab B)

19. Denied in part. House understood that the acronym "ISO" stood for "incentive stock options" and that term might have legal import. House had no understanding as to the legal or tax-related characteristics of "incentive stock options." (House Aff. at ¶ 4)

20. Denied in part. House understood that the acronym "ISO" stood for "incentive stock options." He had no understanding as to the legal or tax-related characteristics of "incentive stock options." (House Aff. at ¶ 4)

21. Denied in part. It is unclear precisely when House was told that the meeting would be held. (House Aff. at ¶ 11; House Dep., pp. 141-143: Appendix Tab B)

22. Denied in part. It is unclear precisely when House was told that the meeting would be held. (House Aff. at ¶ 11; House Dep., pp. 141-143: Appendix Tab B)

23. Denied in part. It is unclear precisely when House received the memorandum. (House Dep., pp. 141-143: Appendix Tab B)

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied. House testified that he knows <u>now</u> that the memorandum does not contain all of the terms of the option plan – he did not testify with respect to his understanding at the time he received the memorandum. (House Dep., p. 139: Appendix Tab B)

28. Admitted.

29. Denied. House never received a specific written stock option grant. (House Aff. at ¶ 16) First Marblehead has refused to produce the grants allegedly distributed to other employees. (House's Fed. R. Civ. P. 56(f) Aff. at ¶¶ 5-7) As a result, House disputes this fact.

30. Admitted to the extent this reflects that House never was given nor viewed the purported grant dated June 15, 1997. (House Aff. at ¶ 16)

31. Admitted to the extent this reflects that House never was given the Plan nor the purported grant dated June 15, 1997. (House Aff. at ¶ 16)

32. Admitted to the extent this reflects that House did not attempt to exercise his Options on the day of his departure from First Marblehead or in the three months immediately thereafter.

33. Admitted.

34. Admitted that First Marblehead takes the position that House's First Marblehead stock options have expired and refused to honor House's exercise of said options. (Complaint at ¶¶ 16, 19: Appendix Tab H)

        Respectfully submitted,
        Gregory House,
        By his attorneys,

        //S//  William T. Hogan III_____
        William T. Hogan, III BBO # 237710
        Elizabeth D. Killeen BBO # 645178
        **Hogan, Roache & Malone**
        66 Long Wharf
        Boston, MA  02110
        (617) 367-0330

        Peter N. Wang (admitted *pro hac*)
        Yonaton Aronoff (admitted *pro hac*)
        **Foley & Lardner LLP**
        90 Park Avenue
        New York, NY 10016
        Attorneys for Defendant Gregory House

Dated:  July 15, 2005

## CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE

I, William T. Hogan III, hereby certify that, prior to filing the above document, counsel conferred concerning this motion and attempted in good faith to resolve or narrow the issues.  I further certify that on this 15th day of July 2005, I filed a copy of said motion electrically.  Notice of this filing will be sent to all parties via the United States District Court electronic filing system.  Parties may access this filing through the Court's system.

        /s/William T. Hogan III_____
        William T. Hogan III