# House Appendix Exhibit M

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FIRST MARBLEHEAD CORP., | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No. 04-11263PBS |
| GREGORY HOUSE, | ) ) ) |
| Defendant | ) |

**PLAINTIFF'S SUPPLEMENT TO JOINT STATEMENT**

Plaintiff, First Marblehead Corporation ("First Marblehead") supplements its position statement contained in the Joint Statement by replacing the position statement previously filed with the following:

I. **NATURE OF THE CASE**

A. **Plaintiff's Position**

This action arises from a dispute between the parties over the grant of an incentive stock option by First Marblehead to House in 1997. It is First Marblehead's position that the defendant's right to exercise the stock option granted by First Marblehead has expired and is null and void.

First Marblehead provides services to the private, non-governmental, educational lending industry. First Marblehead hired House on April 1, 1996. Thereafter, on or about June 15, 1997, First Marblehead granted House a fully vested incentive stock option of First Marblehead stock, pursuant to The First Marblehead Corporation 1996 Stock Option Plan (the "Plan"). This is the only Stock Option Plan that was approved by First Marblehead's Board of Directors. The Plan provides that the term for each option granted under the Plan shall not exceed ten years from the

026.1339.1

date of its grant, and that pursuant to § 7.02(d) of the Plan, upon the termination of employment for reasons other than death, disability or termination for cause, the "options will remain exercisable by the grantee for a period not extending beyond three months after the date of termination of employment." The Plan provisions, including the termination provisions contained in § 7.02(d), were included to assure that the options would qualify as incentive stock options under §422 of the Internal Revenue Code.

House quit his employment with First Marblehead on February 28, 1998, without advance notice. House did not exercise his stock option within three months of his quitting First Marblehead. In February 2004, for the first time, House inquired with First Marblehead regarding the "status" of his stock option and was told shortly thereafter that his right to exercise the option granted in 1997 had expired and he had no further right to exercise the option.

First Marblehead's position is that the terms and conditions of the option granted to House are governed Delaware corporation law, the Internal Revenue Code and as set forth in the Plan and Stock Option Agreement. Delaware law requires that any option rights be set forth in an instrument approved by the Board of Directors. The only instruments approved by First Marblehead's Board are the Plan and the Stock Option Agreement. These instrument and the Internal Revenue Code include the condition that any incentive stock option must be exercised within three months of leaving employment.

House takes the position that the option First Marblehead granted him did not include any condition that the option be exercised within three months of leaving employment with First Marblehead. The basis for this position is a memorandum purportedly describing the terms of the options. The memorandum on which House relies is not the Plan but a description of some of the terms of a draft plan that was being forwarded to the Stock Option Committee of the

2

026.1339.1

Board of Directors for its consideration. Furthermore, the memorandum is fully consistent with the treatment of the options as incentive stock options under IRC § 422, and does not suggest any alteration of the requirement that any vested option be exercised within three months of termination.

Based on these facts and the law, First Marblehead is entitled to a judgment declaring (i) that the rights of the parties with respect to the House stock options are governed by the terms and conditions set forth in Plan and Stock Option Agreement, as well as the Internal Revenue Code, (ii) that House failed to exercise timely the option he was granted and (iii) that the option is, therefore, null and void.

Respectfully submitted,
The First Marblehead Corporation
By its attorney,

/s/ Kenneth J. DeMoura
Kenneth J. DeMoura   BBO # 548910
**Adler Pollock & Sheehan PC**
175 Federal Street
Boston, MA 02110
(617) 482-0600

Date: September 9, 2004