# House Appendix Exhibit M

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JUL 16  P 12: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

FIRST MARBLEHEAD CORP., )
       Plaintiff, )
        )
vs. ) Civil Action No. 04-11263PBS
        )
GREGORY HOUSE, )
       Defendant. )

---

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant, Gregory House, ("House"), by his attorneys Hogan, Roache & Malone, responds to plaintiff's Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Denies the allegations of paragraph 2 of the Complaint. House resides at 1 River Court, Apt. 1911, Jersey City, New Jersey, 07310.

3-4. Denies the allegations of paragraphs 3 and 4 of the Complaint, except admits that plaintiff purports to base jurisdiction and venue on the statutes referred to in said paragraphs, and respectfully refers the Court to those statutes for their terms.

5. Denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5 of the Complaint.

6. Admits the allegations of paragraph 6 of the Complaint.

7. Admits that First Marblehead granted House employee stock options in 1997. Denies the remaining allegations of paragraph 7 of the Complaint.

8-12. Denies the allegations of paragraphs 8 through 12, inclusive, of the Complaint.

13. Admits the allegations of paragraph 13 of the Complaint.

14-15. Admits that, as he was contractually entitled to do so, House waited until February 2004 to attempt to exercise his stock options.

16. Admits that First Marblehead refuses to honor House's options, purportedly on the grounds that said options have expired.

17. Denies the allegations of paragraph 17 of the Complaint. House first sought to formally exercise his options in February 2004.

18. Admits the allegations of paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails to state a claim against House upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claim is barred by the terms of the stock option agreement given to House.

### COUNTERCLAIMS

### FIRST COUNTERCLAIM
(Breach of Contract)

22. Defendant, counterclaim plaintiff Gregory House is an individual residing at 1 River Court, Apartment 1911, Jersey City, NJ 07310.

23. Upon information and belief, First Marblehead is a Delaware corporation with its principal place of business at 800 Boylston Street, Boston, Massachusetts.

2

24. Venue is proper pursuant to 28 U.S.C. § 1391(a) because upon information and belief First Marblehead resides within Suffolk County, Massachusetts.

25. The Court has supplemental jurisdiction over the counterclaims asserted herein pursuant to 28 U.S.C. § 1367(a).

26. House was employed by First Marblehead from April 1996 to February 1998 as President of First Marblehead Data Services, an affiliate of First Marblehead. As part of House's employment with First Marblehead, he was promised that an employee stock option plan would be initiated and that these options would constitute a significant portion of his compensation.

27. Upon information and belief, sometime prior to or during 1997 First Marblehead implemented an Employee Stock Option Plan (the "Plan"), whereby First Marblehead undertook to issue stock options (the "Options") to certain First Marblehead employees. In 1997, in anticipation of issuing the Options to its employees, First Marblehead's CEO Dan Meyers asked House to help price the Options. As here relevant, Meyers and Stephen E. Anbinder[1] told House to price the Options as having a fixed expiration of ten years. At no time was House told that the Options would expire if not exercised within three months of an employee's departure.

28. On July 7, 1997, employees of First Marblehead (including House) were given a memorandum (the "Memo") written by Rod Hoffman, outside counsel for First Marblehead, which, among other things, outlined the essential terms of the Plan. Pursuant to the Memo, the Options were exercisable within ten years of the date of their grant. Additionally, the Memo provided that in the event that a First Marblehead

---

[1] Upon information and belief, Anbinder holds the position of Vice Chairman of the Board of Directors at First Marblehead.

3

employee resigned or was terminated for "cause," any unvested options would terminate immediately – the vested options, however, could be exercised at any time prior to the ten-year expiration date. The Memo contained no provision or requirement with respect to a three-month time period for exercising options upon an employee's departure from First Marblehead.

29.     The Memo also set forth a vesting schedule whereby 20% of the Options were to vest immediately, while the vesting of the remaining Options would be deferred. House objected to this aspect of the Plan, and requested that all of his Options be immediately vested and exercisable. House discussed this with Meyers, and Meyers agreed to alter House's Options to give House immediate, absolute and unconditional ownership of his Options. In House's presence, Meyers telephoned Rod Hoffman and directed Hoffman to alter the terms of House's Options such that they would all be immediately vested and exercisable. As a result, all of House's Options were vested upon his departure from First Marblehead in 1998.

30.     House voluntarily resigned from his position at First Marblehead in February 1998.

31.     On February 20, 2004, well within the ten-year period in which his Options are exercisable, House phoned Meyers and notified Meyers that he sought to exercise his Options. Meyers responded that House ought to contact Peter B. Tarr, an attorney for First Marblehead. On February 27, 2004, House received a follow-up letter from Tarr asserting that the Options had expired. Attached to that letter was an unsigned document Tarr claimed was an employee option "agreement" that, according to Tarr, supported First Marblehead's view that the Options had expired.

4

32. The unsigned "agreement" attached to Mr. Tarr's February 27 letter had never been shown to House during his tenure at First Marblehead. Had it been, House would have found it objectionable and would have refused to sign it, as it failed to comport with the terms of his Options as set forth in the Memo and in his discussions with First Marblehead. Indeed, the "agreement" attached to Mr. Tarr's February 27 letter differs in material respects from the stock option agreement granted to House – significantly, the "agreement" contains a clause requiring that the options be exercised within three months of an employee's departure from First Marblehead, whereas House's Options contained no such requirement.

33. House performed all of the terms required of him under the Plan. First Marblehead breached the Plan by, among other things, refusing to allow House to exercise his Options.

34. As a direct result of First Marblehead's breach, House has been damaged in an amount to be proven at trial.

## SECOND COUNTERCLAIM
(promissory estoppel)

35. House repeats and realleges paragraphs 22 through 34 as if fully set forth herein.

36. First Marblehead's grant of stock options to House represented a concrete, well-defined promise, the terms of which were set forth in the Memo and were described to House by Meyers and Anbinder at the pricing meeting.

37. House relied on that promise to his detriment by continuing to work at First Marblehead. Such reliance by House was reasonable, as House was assured

5

of the terms of his Options with such sufficient detail that House had reason to believe First Marblehead would honor its obligations.

38. House's reliance on First Marblehead's promise was also foreseeable – in fact, his reliance was the result First Marblehead intended when it granted House his Options.

39. First Marblehead breached its promise by refusing to allow House to exercise his Options.

40. As a direct result of First Marblehead's breach, House has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. House respectfully prays for judgment against First Marblehead as follows:

(i) Compensatory damages no less than the highest price of House's 100,000 Options since House first sought to exercise them in February 2004, the full amount to be proven at trial; or, alternatively,

(ii) Specific performance of the employee stock option Plan entitling Mr. House ownership of the Options;

(iii) Pre-judgment interest;

(iv) Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Mr. House demands a trial by jury on all issues.

DATED: July 16, 2004

                                              Respectfully submitted,
                                              Gregory House,
                                              By his attorneys,

                                              */s/ William T. Hogan, III*
                                              William T. Hogan, III BBO # 237710
                                              Elizabeth D. Killeen BBO # 645178
                                              **Hogan, Roache & Malone**
                                              66 Long Wharf
                                              Boston, MA  02110
                                              (617) 367-0330

                                              Peter N. Wang
                                              Yonaton Aronoff
                                              Foley & Lardner
                                              90 Park Avenue
                                              New York, NY 10016
                                              (212) 682-7474
                                              Attorneys for Defendant

**I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 7-16-04**

*/s/ William Hogan III*

7