**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
-----------------------------------------------------
FIRST MARBLEHEAD CORP.,           )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Civil Action No. 04-11263PBS
                                  )
GREGORY HOUSE,                    )
                                  )
            Defendant.            )
-----------------------------------------------------
```

### DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Gregory House ("House") submits this Sur-Reply (i) to address certain critical inaccuracies in the reply (the "Reply") submitted by plaintiff First Marblehead Corporation ("First Marblehead"); and (ii) in further opposition to First Marblehead's Motion for Summary Judgment (the "Motion"). Specifically, the Reply seriously mischaracterizes the First Marblehead 1996 Stock Option Plan (the "Plan"), and House's position with respect to that Plan.[1]

### ARGUMENT

In its Reply, First Marblehead points to a purported "admission" by House in his Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (the "Opposition") that the Plan "governs the terms of the stock option at issue in this action." (Reply, p. 1) In fact, House "admitted" no such thing – he merely pointed out that, insofar as Delaware law may require that stock options must, in order to be valid, be granted pursuant to a written stock option plan, approved by a Board of Directors, the

---

[1] While House also takes issue with the remainder of the Reply, House will reserve until oral argument his response thereto.

validity of House's Options is not an issue in this litigation. The Plan gave First Marblehead the authority to grant different kinds of Options, including the Options granted to House.

First Marblehead focuses solely Section 7.02(d) of the Plan, asserting that that section represents "unambiguous contract language" that renders House's Options expired. However, the evidence compels a different conclusion: Rodney Hoffman, the draftsman of the Plan, testified in his deposition that that section was intended only to apply to the *qualified* Options issued pursuant to the Plan, and was not intended to apply to *non-qualified* Options (like those granted to House). (Opposition, p. 11 n.30) Hoffman's testimony on this point is clear:

> Q. And in Paragraph 7 [of the Plan], when you're talking about exercisability, and the effect of termination of employment on exercisability, was that only referring to statutory options?
>
> A. The paragraph refers to incentive stock options, and so it refers to those which are qualified and so limited in accordance with law.
>
> Q. Okay. So it was not referring to when nonstatutory stock options, as we've -- as you've made reference in your plan, when those would be exercisable?
>
> A. Correct.

Hoffman Dep., pp. 31-32: Appendix to Opposition, Tab G.

In other words, Section 7.02(d) simply does not apply to House's Options; at a minimum, the Plan is ambiguous regarding the applicability of Section 7.02 to those Options. Moreover, First Marblehead conveniently ignores other, relevant provisions of the Plan[2] that provide for maximum flexibility with respect to the exercisability and termination of Options:

---

[2] The Plan is attached as Appendix Tab F to House's Opposition.

- Section 2.02 of the Plan, entitled, "Authority," states that, "Within the limits of the Plan, the Committee shall determine: the individuals to whom, and the times at which, Options shall be granted; the type of Option and number of shares to be granted; the duration of each Option; the price and method of payment for each Option; *and the time or times within which (during its term) all or portions of each Option may be exercised*" (emphasis added);

- Section 4.01 of the Plan, entitled, "Types of Options," states expressly that Options may be granted either as "incentive stock options" as defined in Section 422 of the Internal Revenue Code, "or as options which do not meet the requirements of Section 422 ('Nonstatutory Stock Options')", and further provides that the Committee has the authority to grant <u>both</u> types of Options;

- Section 5 of the Plan, entitled, "Forms of Options," states unequivocally that "The form of such Options may vary among grantees";

- Section 7.04, entitled "Amendment of Options," states that "The Committee may amend, modify or terminate any outstanding Option, including substituting therefore another Option of the same or different type, changing the date of exercise or realization and converting an Incentive Stock Option to a Nonstatutory Stock Option".

Finally, and significantly, First Marblehead's Reply continues to ignore a critical (and apparently disputed) fact – even assuming, *arguendo*, that the terms of the Plan required the Options to be exercised within three months of an employee's departure, *House never was given a copy of the Plan*,[3] but was instead informed that his Options had fully vested and would extend for ten years.  First Marblehead still fails to explain how any purported three-month post-departure exercise requirement could have applied to House's Options, when he was never told of any such requirement, and the documents given to House relating to his Options contained no such term (and in fact pointed to a contrary result).

---

[3] This itself is a violation of the Plan, Section 5 of which states in relevant part that, "Options granted hereunder shall be evidenced by a writing delivered to the grantee specifying the terms and conditions thereof."

## **CONCLUSION**

For all of the foregoing reasons, and the reasons set forth in House's Opposition, First Marblehead's Motion should be denied.

                                                        Respectfully submitted,
Gregory House,
By his attorneys,

//S// Elizabeth D. Killeen_____
William T. Hogan, III BBO # 237710
Elizabeth D. Killeen BBO # 645178
**Hogan, Roache & Malone**
66 Long Wharf
Boston, MA  02110
(617) 367-0330

Peter N. Wang (admitted *pro hac*)
Yonaton Aronoff (admitted *pro hac*)
**Foley & Lardner LLP**
90 Park Avenue
New York, NY 10016

Attorneys for Defendant Gregory House

### CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE

I, Elizabeth D. Killeen, hereby certify that, prior to filing the above sur-reply, counsel conferred concerning this sur-reply. I further certify that on this 4th day of August 2005, I served a copy of the above sur-reply via the United States District Court electronic filing system or first class U.S. mail, postage prepaid, to all counsel of record.

//S// Elizabeth D. Killeen
Elizabeth D. Killeen