UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------
FIRST MARBLEHEAD CORP.,           )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Civil Action No. 04-11263PBS
                                  )
GREGORY HOUSE,                    )
                                  )
            Defendant.            )
-------------------------------------------------------
```

**DEFENDANT GREGORY HOUSE'S MOTION TO FILE AN
AMENDED ANSWER AND COUNTERCLAIMS**

NOW COMES the Defendant, Gregory House ("House") in the above-captioned action and respectfully moves this Court for an Order to allow him to amend his Answer dated July 16, 2004 (the "Answer"), to include an additional, alternative counterclaim for negligent misrepresentation.

AS REASONS THEREFORE, House states as follows:

1.  This action concerns The First Marblehead Corporation's ("First Marblehead" or the "Company") refusal to honor stock options (the "Options") it issued to House while he was employed by the Company. First Marblehead commenced this action in May 2004 seeking a declaratory judgment that House's Options expired pursuant to the terms of a written Stock Option Agreement (the "Agreement"). House, in turn, filed his Answer, in which he asserted counterclaims for breach of contract and promissory estoppel.

2.  First Marblehead has taken the position that House's Options have expired pursuant to a purported requirement that Options be exercised within three months of an employee's resignation from the Company. However, First Marblehead does not seriously

dispute that this purported requirement never was told to House, orally or in writing, during his tenure with the Company.

3.  First Marblehead's grant of Options to House consisted of a series of events and documents. One such document consisted of a memorandum (the "Memo") written by Rodney Hoffman, First Marblehead's then-outside counsel, which the Company distributed in advance of a firm-wide meeting in which Hoffman was to give a presentation about the Options. The Memo set forth the "principal terms" of the Options, and did <u>not</u> include any purported requirement that the Options be exercised within three months of an employee's resignation. Similarly, in his July 7, 1997 presentation to First Marblehead employees about their Options, Hoffman failed to mention any such requirement.

4.  In his deposition on February 14, 2005, Hoffman revealed that sometime after the July 1997 meeting, he realized that he had made a "mistake" in omitting from his Memo any mention of a requirement that Options be exercised within three months of an employee's departure. Hoffman further testified that he authored a second, supplemental memorandum (the "Supplemental Memo", attached hereto as Exhibit A), which added the additional requirement that the Options be exercised within three months of an employee's resignation. Hoffman explained that he gave the Supplemental Memo to the Company with the intent that it be distributed to the recipients of his earlier Memo. *It is undisputed that First Marblehead never distributed the Supplemental Memo to House.*

5.  First Marblehead failed to produce the Supplemental Memo in its Responses to House's First Request for the Production of Documents dated November 12, 2004. First Marblehead also failed at that time to provide a privilege log as required by Local Rule 34.1(e),

2

which would have disclosed the existence of the Supplemental Memo.[1] As a result, House was unaware of the existence of the Supplemental Memo until Hoffman's deposition, after which House's counsel promptly requested that it be produced.

6. First Marblehead refused to produce the Supplemental Memo (or otherwise disclose its contents), forcing House to file a Motion to Compel on June 28, 2005. During the Summary Judgment hearing held before this Court on August 5, 2005, the Court ordered that First Marblehead produce the Supplemental Memo "forthwith." During that same hearing, House requested (and was granted) leave from this Court to submit an Amended Answer and Counterclaims containing an additional, alternative counterclaim for negligent misrepresentation, based in part on the Company's failure to distribute to House the Supplemental Memo or otherwise to inform House of the purported requirement that he exercise his Options within three months of his resignation.

7. Despite this Court's direction to First Marblehead that it produce the Supplemental Memo immediately, and despite numerous correspondence from House's counsel in the weeks following the Summary Judgment hearing, First Marblehead resisted producing the Supplemental Memo until August 29, 2005. In further defiance of this Court's direction, First Marblehead has refused to assent to House's filing of an Amended Answer and Counterclaims, compelling House to bring this Motion.

8. The contents of the Supplemental Memo provide the firm groundwork for an alternative claim for negligent misrepresentation. Hoffman entitled the Supplemental Memo "Corrections and Amplifications," and the document states in relevant part, "I found that I had misstated one of the terms of the option in the summary memo which I distributed on Monday.

---

[1] First Marblehead waited until June 13, 2005 to provide a bare-bones privilege log.

026.16259.1

Mea culpa. A copy of that revised memo is attached and you should substitute it for the [earlier, distributed Memo]." (emphasis in original) The Supplemental Memo purports to correct Hoffman's earlier Memo by including an additional requirement that Options be exercised within three months of an employee's departure – the very requirement First Marblehead asserts renders House's Options expired. In short, in the event that, for any reason, House's claims for breach of contract and promissory estoppel are not sustained, the Supplemental Memo represents an unequivocal admission by the Company in support of an alternative claim, i.e., that (i) the Memo contained representations to First Marblehead employees (including House) regarding the terms of their Options that were false and misleading, and (ii) the Company knew that it was reasonably foreseeable that employees (including House) would rely on the representations in the Memo to their detriment (i.e., by failing to exercise their Options within three months of their departures).

9.      House's filing of an Amended Answer that includes an alternative counterclaim for negligent misrepresentation would evoke neither surprise nor prejudice to First Marblehead. Such a claim is supported by the facts already established, and no additional discovery is necessary. All of the relevant First Marblehead principals who made representations to House about his Options already have been deposed.[2] House has testified regarding what was told and given to him relating to the terms of his Options. House also has offered to agree to an expedited briefing schedule with respect to this claim, in the unlikely event that First Marblehead decides to move to dismiss the claim.

---

[2]     If there is prejudice to anyone it is to House, who was unaware of the Supplemental Memo at the time of depositions, and thus was unable to ask questions about it.

026.16259.1

WHEREFORE, Defendant Gregory House respectfully requests that this Honorable Court allow his Motion to File an Amended Answer and Counterclaims in accordance with the Proposed Order submitted herewith.

DATED:  September 7, 2005

> Respectfully submitted,
> Gregory House,
> By his attorneys,
>
> //S// William T. Hogan III_____
> William T. Hogan, III BBO # 237710
> **Hogan, Roache & Malone**
> 66 Long Wharf
> Boston, MA  02110
> (617) 367-0330
>
> Peter N. Wang
> Yonaton Aronoff
> Foley & Lardner LLP
> 90 Park Avenue
> New York, NY 10016
> (212) 682-7474
> *Attorneys for Defendant Gregory House*

CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE

I, William T. Hogan III, hereby certify that, prior to filing the above motion, counsel conferred concerning this motion and attempted in good faith to resolve or narrow the issues.  I further certify that on this 7th day of September 2005, I filed a copy of said motion electrically.  Notice of this filing will be sent to all parties via the United States District Court electronic filing system.  Parties may access this filing through the Court's system.

> /s/William T. Hogan III_____
> William T. Hogan III