# Exhibit C

Case 1:04-cv-11263-PBS    Document 41-5    Filed 09/30/2005    Page 1 of 9

**THE FIRST MARBLEHEAD CORPORATION**

<u>Grant of Incentive Stock Option</u>

Date of Grant:   June 15, 1998

    THIS GRANT, dated as of the date of grant stated above (the "Date of Grant"), is delivered by **The First Marblehead Corporation** ("First Marblehead"), a Delaware corporation, to RALPH JAMES (the "Grantee"), who is an employee of First Marblehead.

RECITALS

    A.   The Board of Directors of First Marblehead (the "Board") adopted, with subsequent stockholder approval, The First Marblehead Corporation 1996 Stock Option Plan (the "Plan").

    B.   The Plan provides for the granting of incentive stock options by the Stock Option Committee (the "Committee") to directors, officers and other employees of First Marblehead (excluding directors and officers who are not employees) to purchase shares of the Common Stock of First Marblehead, $.10 par value per share (the "Stock"), in accordance with the terms and provisions thereof.

    C.   The Committee has determined that the Grantee is a person who is eligible for a grant of incentive stock option under the Plan and that it would be in the best interests of First Marblehead to grant an incentive stock option to the Grantee as documented herein, in addition to any stock options previously granted by First Marblehead to the Grantee.

    NOW, THEREFORE, the parties hereto, intending to be legally bound hereby, agree as follows:

    **1.   GRANT OF OPTION**

    Subject to the terms and conditions of the Plan and as hereinafter set forth, First Marblehead, with the approval and direction of the Committee, hereby grants to the Grantee, as of the Date of Grant, an option to purchase up to Twenty Thousand (20,000) shares of Stock at a price of Twenty Dollars ($20.00) per share. Such option is hereinafter referred to as the "Option" and the shares of Stock purchasable upon exercise of the

Option are hereinafter referred to as the "Option Shares". The Option is intended by the parties to be a non-qualified stock option and shall <u>not</u> be treated as an incentive stock option as such term is defined under Section 422 of the Internal Revenue Code of 1986.

2. **INSTALLMENT EXERCISE**

Subject to further limitations as are provided herein, the Option shall be exercisable in five (5) installments, the Grantee having the right to purchase from First Marblehead the following number of Option Shares upon exercise of the Option, on and after the following dates, in cumulative fashion:

(i) On and after the Date of Grant, up to Four Thousand (4,000) of the Option Shares;

(ii) On and after the first anniversary of the Date of Grant, up to an additional Four Thousand (4,000) of the Option Shares;

(iii) On and after the second anniversary of the Date of Grant, up to an additional Four Thousand (4,000) of the Option Shares;

(iv) On and after the third anniversary of the Date of Grant, up to an additional Four Thousand (4,000) of the Option Shares;

(v) On and after the fourth anniversary of the Date of Grant, the remaining Option Shares.

3. **TERMINATION OF OPTION**

3.01 <u>Term of Option</u>. The Option and all rights hereunder with respect thereto, to the extent that such rights shall not have been exercised, shall terminate and become null and void after the expiration of ten (10) years from the Date of Grant (the "Option Term").

3.02 <u>Effect of Termination of Employment</u>. The effect on the Option of the termination of employment of the Grantee and the extent to which the Grantee or his or her estate, legal representative, guardian, or beneficiary may exercise rights thereunder, shall be as set forth below.

(a) <u>Death of Grantee</u>. Upon the death of the Grantee, all rights, including those not yet vested on the date of death, shall immediately be vested and may be exercised by the Grantee's estate or by a person who acquires the right

2

to exercise such Option by bequest or inheritance or otherwise by reason of the death of the Grantee; provided, however, that such exercise must occur within both the remaining effective term of the Option and within one year after the Grantee's death.

The provisions of this subsection (a) shall apply even if the Grantee's employment may have terminated prior to death, but only to the extent such rights were otherwise exercisable pursuant to this Section 3.02 at the date of death.

(b) <u>Retirement or Disability</u>. Upon termination of the Grantee's employment by reason of retirement or permanent disability (as each is determined by the Committee), the Grantee (or his or her guardian) may, within 36 months from the date of termination, exercise any Options to the extent such options are or become exercisable during such 36 month period. Notwithstanding the foregoing, the tax treatment available pursuant to Section 422 of the Code upon the exercise of an incentive stock option will not be available with respect to the exercise of the Option more than (i) twelve (12) months after the date of termination due to permanent disability or (ii) three (3) months after the date of termination due to retirement.

(c) <u>Termination for Cause</u>. Upon termination of the Grantee's employment for "cause" (as determined by the Committee), any portion of the Option not yet exercised by the Grantee shall terminate immediately and automatically.

(d) <u>Termination for Other Reasons</u>. Upon the termination of the Grantee's employment for reasons other than those set forth in subsections 3.02(a), (b) and (c), the Options will remain exercisable by the Grantee for a period not extending beyond three months after the date of the termination of employment, but only to the extent of Options which are exercisable as of the date of such termination of employment.

## 4. ADDITIONAL CONDITIONS

It is a condition to the exercise of this Option that the Grantee enter into, and agree to be bound by the terms of, that certain Shareholders Agreement dated as of December 21, 1995 among First Marblehead and the shareholders named therein (the "Shareholders Agreement"), subject to such amendments thereto as may then have been duly adopted.

## 5. EXERCISE OF OPTION

3

5.01  **Notice of Exercise**. The Grantee may exercise the Option with respect to all or any part of the number of Option Shares then exercisable by giving written notice thereof to the President of First Marblehead. The notice shall specify the number of Option Shares as to which the Option is to be exercised and the date of the exercise, which date shall be at least five (5) days after the giving of notice.

5.02  **Payment of Purchase Price**. The Grantee shall make payment in full to First Marblehead (in US dollars) for the Option Shares purchased on or before the date specified in the notice either in cash or, with the prior written consent of the Committee, in whole or in part through the surrender of previously acquired shares of Stock at their fair market value on the exercise date.

5.03  **Execution of Shareholders Agreement**. On or before the exercise date, the Grantee shall execute and deliver to First Marblehead an additional signature page or other instrument whereby the Grantee agrees to be subject to, and bound by the terms of, the Shareholders Agreement, as amended. Such instrument shall be in such form as may be reasonably required by counsel to First Marblehead.

5.03  **Delivery of Certificate**. On the exercise date specified in Grantee's notice, or as soon thereafter as practicable, First Marblehead shall cause to be delivered to the Grantee a certificate or certificates for the Option Shares then being purchased (out of theretofore unissued Stock or reacquired Stock) upon full payment for such Option Shares. The obligation of First Marblehead to deliver such certificates shall, however, be subject to the condition that if at any time the Committee shall determine in its discretion that the listing, registration or qualification of the Option Shares upon any securities exchange or under any state or federal law, or the consent of any governmental regulatory body, is necessary or desirable as a condition of, or in connection with, the Option or the issuance of the Option Stock thereunder, the Option may not be exercised in whole or in part unless such listing, registration, consent or approval shall have been effected or obtained free of any conditions not reasonably acceptable to the Committee.

5.04  **Failure to Pay**. If the Grantee fails to pay for any of the Option Shares specified in such notice or fails to accept delivery thereof, the Grantee's right to purchase such Option Shares may be terminated by First Marblehead. The date specified on the Grantee's notice as the date of exercise shall be deemed to be the date of exercise of the Option, provided that payment in full for the Option Shares to be purchased upon such exercise

4

shall have been received by such date.

### 6. MISCELLANEOUS

6.01 <u>Non-Transferability</u>. The Option shall not be transferable by the Grantee, except by will or the laws of descent and distribution without the prior written consent of First Marblehead, which consent may be withheld in its sole discretion. Specifically, the Option may not be transferred pursuant to a domestic relations order. The Option shall be exercisable, during the Grantee's lifetime, only by the Grantee or such permitted transferee.

6.02 <u>Fair Market Value</u>. As used herein, the term "fair market value" of a share of Stock shall be the value as determined by the Committee in good faith based on such reasonable method as the Committee deems appropriate given the facts and circumstances.

6.03 <u>No Rights as a Stockholder</u>. Neither the Grantee nor any person claiming through the Grantee shall have any rights as a stockholder with respect to any Option Shares until share certificates are duly issued by the Company.

6.04 <u>No Right to Employment</u>. The grant of the Option shall not be construed as giving the Grantee the right to continued employment. The right of First Marblehead to terminate, at will, the Grantee's employment with it at any time, free from any liability or claim under the Plan or this Option, is specifically reserved by First Marblehead and acknowledged by the Grantee, subject, however, to other written agreements between First Marblehead and the Grantee.

6.05 <u>Adjustments</u>. In the event of any change in the capitalization of First Marblehead by reason of a stock dividend, split-up, combination or reclassification of shares, recapitalization or other similar capital change, the Committee may appropriately adjust: (i) the number of shares of Stock subject to the Option; (ii) the option price under the Option; or (iii) any and all other matters as may be deemed appropriate by the Committee, the determination of which on such matters shall be conclusive.

6.06 <u>Effect of Reorganization Transactions</u>. In the event of a consolidation or merger of First Marblehead with another corporation or entity, or the sale or exchange of all or substantially all of the assets of First Marblehead, or a reorganization or liquidation of First Marblehead, the Grantee shall be entitled to receive, upon exercise and payment in accordance with the terms of the Option, the same shares,

securities or property as he or she would have been entitled to receive upon the occurrence of such event if he or she had been, immediately prior to such event, the holder of the number of shares of Stock purchasable under his or her Option; provided, however, that in lieu of the foregoing First Marblehead may, upon written notice to the Grantee, provide that the Option shall terminate within a specified number of days after the date of such notice unless theretofore exercised. In connection with such notice, First Marblehead may, in its discretion, accelerate or waive any deferred exercise period.

6.07  **Amendment of Option**. The Board or the Committee may amend the Option in the following circumstances:

(a)  **Change in Law**. If the Board or the Committee determines, in its sole discretion, that amendment is necessary or advisable in response to changes in securities, tax or other laws or rules, regulations or regulatory interpretations thereof applicable to the Plan or this Option or in order to comply with stock exchange rules or requirements.

(b)  **Other Amendments**. Other than the circumstances described in subsection (a), above, with the consent of the Grantee.

6.08  **Notice**. Any notice to First Marblehead provided for herein shall be addressed to it as follows:

> The First Marblehead Corporation
> 21st Floor
> 237 Park Avenue
> New York, NY  10017
> Attn: President

or at such other corporate address as it may then maintain. Any notice to the Grantee shall be addressed to the Grantee at the current address shown on the payroll records of First Marblehead. Any notice shall be deemed to be duly given if and when properly addressed and posted by registered or certified mail, postage paid, or by facsimile transmission if confirmed by registered or certified mail.

6.09  **Incorporation of Plan By Reference; Interpretation by Committee**. The Option is granted pursuant to the terms of the Plan, the provisions of which are incorporated herein by reference. The Option shall, in all respects, be governed by the terms of the Plan. The Committee shall interpret and construe the Plan and this instrument and its interpretations and determinations shall be conclusive and binding on the parties

hereto and any other person claiming an interest hereunder.

    6.10  <u>Governing Law</u>.  The provisions of this instrument shall be governed by and interpreted in accordance with the laws of the State of Delaware, except to the extent preempted by federal law which, to that extent, shall govern.

IN WITNESS WHEREOF, the undersigned have duly executed the within instrument effective as of the Date of Grant.

THE FIRST MARBLEHEAD CORPORATION

By: _____
    Daniel Maxwell Meyers,
    Chairman


Accepted and agreed to:

_____
Ralph James, Grantee

\stockopt\$grant2.ja

8