UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIRST MARBLEHEAD CORPORATION<br>    Plaintiff<br><br>v<br><br>GREGORY J. HOUSE<br>    Defendant | CIVIL ACTION NO. 04-11263PBS |

### FIRST MARBLEHEAD'S EMERGENCY MOTION TO AMEND
### PRE-TRIAL ORDER AND FOR LIMITED DISCOVERY

The counterclaim defendant, The First Marblehead Corporation ("First Marblehead"), moves to amend the Pre-Trial Order of January 5, 2007 (the "Pre-Trial Order") by continuing the trial to late April or May 2007 (excluding the week of May 14) and to allow the plaintiff and defendant to confer to adjust the remaining dates in the Pre-Trial Order accordingly (including the upcoming January 22, 2007 deadline to designate expert witnesses). House originally proposed and assents to this requested continuance of the trial date, and has no objection to a commensurate extension of all other deadlines under the Pre-Trial Order (including the deadline to designate expert witnesses).

A continuance of the trial date is being requested due to the travel and vacation schedule of House's counsel. Specifically, Peter Wang, lead counsel for House, will be out of town from March 17, 2007 to March 24, 2007 for a non-refundable vacation and requested a few days thereafter to prepare for trial. House's counsel also advised that he is available the weeks of April

23, 2007, April 30, 2007, and May 8, 2007. First Marblehead's counsel is also available during these weeks, but is not available during the week of May 14, 2007 (due to a previously scheduled trial).

First Marblehead also moves that the court allow First Marblehead to conduct certain limited discovery on House's newly added negligent misrepresentation counterclaim. First Marblehead has never had the opportunity to conduct any discovery on this claim because it was not added until after First Marblehead had moved for summary judgment on the original counterclaims. The negligent misrepresentation claim raises certain issues (discussed below) that were not explored in prior discovery because they were not relevant to the original counterclaims. Accordingly, First Marblehead wishes to conduct discovery on the negligent misrepresentation claim, including without limitation, resuming the depositions of House and First Marblehead's former attorney, Rodney Hoffman, and serve them with requests for documents, on issues relevant to the negligent misrepresentation counterclaim.

In further support of this motion, First Marblehead states as follows:

1. **First Marblehead has had no opportunity to conduct discovery on the negligent misrepresentation counterclaim because the claim was not added until after First Marblehead filed its motion for summary judgment.** The court allowed that motion on all counts, including the newly added negligent misrepresentation claim. The First Circuit recently affirmed this court's grant of summary judgment on the original counterclaims for breach of contract and promissory estoppel, but reversed on the negligent misrepresentation counterclaim, which has been remanded to this court for trial. The court has scheduled the trial on that claim on March 26, 2007.

2.	First Marblehead will be unfairly prejudiced if it is not afforded any opportunity to conduct discovery on the negligent misrepresentation counterclaim. That claim presents very different issues from those underlying the original counterclaims for breach of contract and promissory estoppel. Under the original counterclaims, House sought to prove the existence of a contract or promise giving him a ten-year exercise period for his option. If successful in proving that he had a ten-year option, House then simply could have exercised it (as he was within the ten-year period to do so). In contrast, House's negligent misrepresentation claim can never give him the benefit of a ten-year option. Instead, if House can prove that First Marblehead made a negligent misrepresentation (by allegedly failing to inform him that his option contained a three-month expiration provision), he must yet prove that he would have exercised the option within three months of his leaving the company. Three months after House left the company his stock option was essentially worthless, yet it would have cost him approximately $70,000 to exercise. In addition, House must prove that he had the wherewithal to exercise the option. These issues, which will be central to a trial on the negligent misrepresentation claim, were not explored at all during House's original deposition because they had no relevance to his pending claims for breach of contract and promissory estoppel.

3.	First Marblehead should also be entitled to elicit additional deposition testimony and documents from Rodney Hoffman, the attorney who prepared the stock option plan and subsequent memoranda that form the basis of House's negligent misrepresentation counterclaim.[1]

---

[1] First Marblehead intends shortly to file a motion for leave to join Hoffman and his law firm, Deutsch Williams Brooks DeRensis & Holland, P.C. ("Deutsch Williams"), as third-party

Specifically, House alleges that he relied on a memorandum prepared by Hoffman that described the option plan but failed to make any mention of the three-month expiration provision. House also contends that First Marblehead was negligent for not distributing a follow-up memorandum prepared by Hoffman in which Hoffman acknowledged the omission from his original memorandum and tired to correct it. First Marblehead vehemently denies ever receiving Hoffman's follow-up memorandum. As the First Circuit noted, "this revised memo . . . is at the heart of House's negligent misrepresentation claim." Accordingly, the Court should grant First Marblehead's request to conduct additional discovery of Hoffman and Deutsch Williams, with reference to the newly-added negligent misrepresentation counterclaim.

WHEREFORE, First Marblehead moves that the court:

1. Amend the Pre-Trial Order by continuing the trial to commence on a date between April 23, 2007 and May 8, 2007, including a commensurate extension of all other deadlines in the Pre-Trial Order; and

2. Allow First Marblehead to conduct discovery on the negligent misrepresentation counterclaim, including without limitation, eliciting further

---

defendants. The addition of these third-party defendants may require a further extension of discovery and the trial date being requested herein.

deposition testimony and documents from House, Hoffman and Deutsch Williams.

                Respectfully submitted,

                THE FIRST MARBLEHEAD CORPORATION
                By its attorneys

                /s/ Kenneth J. DeMoura
                Kenneth J. DeMoura (BBO#548910)
                Michael D. Riseberg (BBO#567771)
                Colleen Nevin (BBO# #665114)
                ADLER POLLOCK & SHEEHAN, P.C.
                175 Federal Street
                Boston, Massachusetts 02110
                (617) 482-0600

Dated: January 19, 2007

## CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE

      The undersigned hereby certifies that prior to filing the above motion counsel conferred concerning its subject matter in a good faith attempt to resolve or narrow the issues presented. The undersigned further certifies that he served a copy of the above motion via the United States District Court electronic filing system to all counsel of record on January 19, 2007.

                /s/ Kenneth J. DeMoura
                Kenneth J. DeMoura (BBO#548910)

*405513_1.doc*