# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
---------------------------------------------------------
FIRST MARBLEHEAD CORP.,          )
                                 )
             Plaintiff,          )
                                 )
vs.                              )    Civil Action No. 04-11263PBS
                                 )
GREGORY HOUSE,                   )
                                 )
             Defendant.          )
---------------------------------------------------------
```

## GREGORY HOUSE'S RESPONSE TO FIRST MARBLEHEAD'S MOTION
## TO AMEND PRE-TRIAL ORDER AND FOR LIMITED DISCOVERY

Defendant Gregory House ("House") respectfully submits for his Response to Plaintiff The First Marblehead Corporation's ("First Marblehead") Emergency Motion to Amend the Pre-Trial Order and For Limited Discovery (the "Motion") as follows:

As First Marblehead states in its Motion, House assents to that portion of the Motion seeking a continuance of the trial date and to adjust the remaining dates in the Pre-Trial Order accordingly (including the deadline to designate expert witnesses).

However, House does *not* assent to, and in fact objects to, that portion of the Motion seeking additional discovery. House respectfully submits that such discovery is unnecessary, and is sought by First Marblehead for the sole purpose of prolonging this litigation.

First Marblehead states that it "has had no opportunity to conduct discovery on [House's] negligent misrepresentation counterclaim because the claim was not added until after First Marblehead filed its motion for summary judgment." (Motion at 2) This statement is highly misleading. For one thing, First Marblehead already deposed House at length in this case, and certainly had the opportunity to (and in fact did) ask him about what he did and did not do in response to First Marblehead's statements to him concerning his Options. That First Marblehead

now wishes it had asked better questions hardly warrants prolonging this case with yet another deposition. Further, the fact that House's negligent misrepresentation claim was not added until after First Marblehead had moved for summary judgment is squarely the fault of First Marblehead: as House pointed out in his October 3, 2005 Supplemental Motion to Compel and for Sanctions, First Marblehead deliberately withheld production of one of the key documents supporting House's negligent misrepresentation counterclaim (Rodney Hoffman's "supplemental" memo) until *after* the Court-imposed deadlines for discovery and dispositive motions had lapsed. First Marblehead seeks to have it both ways: first, by depriving House of that document during discovery, and now, to take additional discovery and delay the trial of this action based upon their belated disclosure of that document. Such a result would be highly unfair to House, who has played by the rules at all times and has patiently waited for trial.

First Marblehead's Motion also seeks to elicit additional deposition testimony from the Company's former outside counsel Rodney Hoffman. House respectfully objects to this request. Hoffman was also deposed at length in this case, and First Marblehead's counsel had the opportunity to question him at length (but inexplicably chose not to). First Marblehead's counsel certainly knew of the "subsequent memoranda" that First Marblehead now seeks to re-depose Hoffman about at the time of his initial deposition.

Finally, it should be emphasized that this case had been proceeding since 2004, including more than a year of discovery. First Marblehead has never before offered the slightest indication that it planned to seek additional discovery, and it is respectfully requested that its Motion is simply an attempt to further delay the trial of this matter.

**WHEREFORE**, Defendant Gregory House respectfully requests that the Court:

1.     Grant that portion of First Marblehead's Motion seeking to amend the Pre-Trial Order; and

2.     Deny that portion of First Marblehead's Motion seeking additional discovery.

Respectfully submitted,

DEFENDANT GREGORY HOUSE,

By his attorneys,

/s/ Peter N. Wang
Peter N. Wang (admitted pro hac vice)
Yonaton Aronoff (admitted pro hac vice)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, New York  10016
Telephone:  (212) 682-7474

Dated: January 23, 2007

3

<u>CERTIFICATE OF SERVICE</u>

I, Yonaton Aronoff, hereby certify that on this 23rd day of January 2007, I served a copy of the above motion via the United States District Court electronic filing system and first class U.S. mail, postage prepaid, to the undersigned counsel of record.

<u>//S//Yonaton Aronoff</u>

Yonaton Aronoff

TO:

Kenneth J. DeMoura
**ADLER POLLOCK & SHEEHAN PC**
175 Federal Street, 10th Floor
Boston, MA  02110
*Attorneys for Plaintiff The First Marblehead Corporation*

4