UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIRST MARBLEHEAD CORPORATION
    Plaintiff

v                                                            CIVIL ACTION NO. 04-11263PBS

GREGORY J. HOUSE
    Defendant

MOTION FOR LEAVE TO FILE
THIRD PARTY COMPLAINT

Counterclaim defendant, The First Marblehead Corporation ("First Marblehead"), moves for leave to file a third party complaint against Rodney Hoffman, Esq. ("Hoffman") and his law firm, Deutsch, Williams, Brooks, DeRensis & Holland P.C. ("Deutsch Williams"), pursuant to Fed. R. Civ .P. 14 (b). In support of this motion, First Marblehead states:

1. Pursuant to Rule 14(b), where a counterclaim has been asserted against a plaintiff, the plaintiff may assert a third-party claim against a non-party under the same circumstances as those provided for defendants under Rule 14(a). Fed. R. Civ. P. 14(b). A third-party complaint may be served on a non-party who is or may be liable to the third-party plaintiff for all or part of the underlying claim. Fed. R. Civ. P. 14(a). Whether to grant that leave is a decision "left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio, L.L.C., 166 F.3d 389, 393 (1st Cir. 1999). The First Circuit Court of Appeals has interpreted this standard to be applied by trial courts as a "liberal standard." Id. at 393.

2.     First Marblehead seeks to implead Hoffman and Deutsch Williams because the only remaining claim at issue in this action is the recently added negligent misrepresentation claim asserted by counterclaim plaintiff, Gregory House ("House"); it is a claim premised on the acts and omissions of First Marblehead's attorneys, Hoffman and Deutsch Williams. Accordingly, the proposed third-party claims against Hoffman and Deutsch Williams for contribution and professional liability are clearly derivative. Indeed, the factual allegations in this sole remaining claim are such that the absence of Hoffman and Deutsch Williams as parties at trial would be highly prejudicial to First Marblehead.

3.     On July 1, 2005, First Marblehead filed a motion for summary judgment on the only counterclaims pending at the time, breach of contract and promissory estoppel. On October 11, 2005, after the motion for summary judgment had been briefed and argued, House filed an amended counterclaim asserting a negligent misrepresentation claim against First Marblehead. First Marblehead filed its answer to the amended counterclaim on October 31, 2005. On November 18, 2005, this Court entered summary judgment in favor of First Marblehead and against House on all counterclaims, including the counterclaim for negligent misrepresentation. The First Circuit affirmed the grant of summary judgment on House's breach of contract and promissory estoppel counterclaims but reversed summary judgment on the negligent misrepresentation counterclaim.

4.     House alleges that First Marblehead was negligent in failing to advise him that he had only three months from his voluntary resignation to exercise a stock option granted to him by First Marblehead. Specifically, House bases his allegations on a memorandum describing some of the principal terms of the stock option; he alleges that the memorandum failed to accurately describe the terms of the option, including the three-month expiration. He further alleges that

2

First Marblehead was negligent because a follow-up memorandum purporting to correct the omissions was never provided to him.

5.      All of the subject memoranda were prepared by First Marblehead's attorney at that time, Hoffman, and his law firm, Deutsch Williams.  Further, First Marblehead denies that the follow-up memorandum was ever provided to it by its attorneys.  The First Circuit has noted that "this revised memo . . . is at the heart of House's negligent misrepresentation claim."

6.      The representations and omissions of Hoffman are key issues in the pending negligent misrepresentation claim and in the proposed professional liability and contribution claims. Therefore, if impleader were not allowed, First Marblehead would be required to try identical issues twice.  Legal malpractice claims are properly the subject of Rule 14 motions and have been allowed by other courts "to avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted."  FDIC v. Wells, 164 F.R.D. 472, 474 (N.D. Ill. 1995) (*citing* Colton v. Swain, 527 F.2d 296, 299 (7th Cir. 1975) (impleader of attorneys as third-party defendants pursuant to Rule 14(a) allowed); RAF Financial Corp. v. Resurgens Communications Group, Inc., 127 B.R. 458, 465-466 (D. Col. 1991) (permitting impleader of law firm to allow party to assert legal malpractice claims).  As one court has noted, "the general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence thus preventing a duplication of efforts for the courts and serving the interests of judicial economy, convenience and fairness to the parties." Patten v. Knutzen, 646 F. Supp. 427, 429 (D. Colo. 1986).

7.      Moreover, impleader of the proposed third-party defendants should be allowed as Hoffman's absence from the case as a party would be highly prejudicial to First Marblehead.  It is

3

obvious that in the case at bar, House will call Hoffman as a witness to testify about the memoranda. Given the fact that the very representations at issue in the negligent misrepresentation claim were representations made (or omitted) *by Hoffman*, if he were not a party to the case, the jury may well conclude that First Marblehead chose not to file suit against Hoffman and Deutsch Williams and, further, that the negligence, if any, was on the part of First Marblehead and not its attorneys.

8.   The Court recently allowed First Marblehead's motion for additional discovery on the negligent misrepresentation claim.  First Marblehead anticipates that some of that discovery would overlap with the discovery that might be required with respect to the proposed third-party claims.

9.   Accordingly, allowance of this motion would not cause undue delay or be prejudicial to the counterclaim plaintiff.   It would, however, avoid duplication of efforts for the courts and serve the interests of judicial economy, convenience and fairness to the parties.

WHEREFORE, First Marblehead requests leave to file and serve the Third Party Complaint attached hereto on the Third Party Defendants.

                                                Respectfully submitted,

THE FIRST MARBLEHEAD CORPORATION
By its attorneys


/s/ Kenneth J. DeMoura
Kenneth J. DeMoura (BBO#548910)
Michael D. Riseberg (BBO# 567771)
Colleen Nevin (BBO#665114)
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

Dated: January 30, 2007
*406717*

## CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE

The undersigned hereby certifies that prior to filing the above motion counsel conferred concerning its subject matter in a good faith attempt to resolve or narrow the issues presented. The undersigned further certifies that he served a copy of the above motion via the United States District Court electronic filing system to all counsel of record on January 29, 2007.


/s/ Kenneth J. DeMoura
Kenneth J. DeMoura (BBO#548910)

5