UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIRST MARBLEHEAD CORPORATION<br>    Counter-Claim<br>    Defendant and Third-Party<br>    Plaintiff<br><br>v<br><br>GREGORY J. HOUSE<br>    Counterclaim<br>    Plaintiff<br><br>v<br><br>RODNEY HOFFMAN and<br>DEUTSCH WILLIAMS BROOKS<br>DERENSIS & HOLLAND, P.C.<br>    Third-Party Defendants | CIVIL ACTION NO. 04-11263PBS |

THIRD PARTY COMPLAINT

The counterclaim defendant/third-party plaintiff, First Marblehead Corporation ("First Marblehead"), for its third-party complaint against Rodney Hoffman ("Hoffman") and Deutsch, Williams, Brooks, DeRensis and Holland P.C. ("Deutsch Williams") alleges as follows:

    1.  The counterclaim defendant/third-party plaintiff, First Marblehead, is a Delaware corporation with a principal place of business at 800 Boylston Street, Boston, Massachusetts 02199.

2. The third-party defendant, Hoffman, is an attorney licensed to practice law in the Commonwealth of Massachusetts with an office at 99 Summer Street, Boston, Massachusetts. At all relevant times, Hoffman has been a principal and shareholder of Deutsch, Williams.

3. The third-party defendant, Deutsch Williams, is a Massachusetts professional corporation with a principal place of business at 99 Summer Street, Boston, Massachusetts.

4. This Court has jurisdiction over this Third-Party Complaint under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1367, and the amount in controversy exceeds the sum of seventy five thousand ($75,000) dollars, exclusive of interest and costs.

5. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391.

6. In 1996, First Marblehead retained Hoffman and Deutsch Williams to prepare an incentive stock option plan for its employees.

7. Hoffman and Deutsch Williams undertook the representation of First Marblehead, drafted the stock option plan later approved by First Marblehead's Board of Directors, drafted the stock option grants to be issued to employees in accordance with the plan, prepared a memorandum describing the principal terms of the plan for First Marblehead's employees and, in July 1997, met with certain First Marblehead employees to discuss and describe the plan.

8. The counterclaim plaintiff, Gregory House ("House"), was a First Marblehead employee who received a stock option grant pursuant to the plan in July 1997.

9. House has brought counterclaims in this action seeking damages for First Marblehead's alleged refusal to permit the exercise of the stock option grant.

10. House amended his counterclaim to add a count for negligent misrepresentation against First Marblehead on October 11, 2005. A true and accurate copy of the amended counterclaim is attached hereto as Exhibit A.

11. In his amended counterclaim, House alleges that First Marblehead never advised House of the requirement that he exercise his option within three-months of his resignation of employment from the company.

12. In his amended counterclaim, House alleges that in July 1997 he received a memorandum prepared by Hoffman which described the "prinicipal terms" of the options but did not include any information regarding the three-month expiration period.

13. In his amended counterclaim, House alleges that he never received any documents indicating that he was required to exercise his option within three-months after leaving First Marblehead.

14. In his amended counterclaim, House alleges that First Marblehead was negligent in the representations and omissions made to him in describing the terms of the stock option grant that he received and that he sustained damages as a result.

15. Hoffman and Deutsch Williams prepared the option plan approved by First Marblehead's Board of Directors that included the three-month expiration period.

16. Hoffman and Deutsch Williams prepared the July 1997 memorandum distributed to First Marblehead's employees in July 1997 and described in House's negligent misrepresentation counterclaim.

17. Hoffman was retained to prepare specific option grants for each option grant made by First Marblehead to its employees.

18. Hoffman prepared specific option grants for First Marblehead employees.

19. The specific option grants contained the three-month expiration provision.

20. In his amended counterclaim, House alleges that he did not receive his stock option grant at anytime while he was employed at First Marblehead or within three months of leaving First Marblehead.

21. Hoffman did not provide House's option grant to House or to First Marblehead during House's employment or within three months of his leaving First Marblehead.

22. If House can prevail on his negligent misrepresentation counterclaim against First Marblehead, which is disputed, House's damages, if any, would arise from the acts or omissions of the third-party defendants in connection with their preparation of the stock option plan.

## COUNT I
### Contribution

23. First Marblehead repeats and incorporates herein paragraphs 1 through 22 of the Third Party Complaint, as though fully set forth herein.

24. If First Marblehead is found liable to House, which liability First Marblehead expressly denies, Hoffman and Deutsch Williams would be liable to First Marblehead for contribution as joint tortfeasors pursuant to M.G.L. c. 231B, § 1, *et seq.*

WHEREFORE, if a judgment enters against First Marblehead on House's negligent misrepresentation counterclaim, First Marblehead requests that the court enter judgment in favor of First Marblehead and against the third-party defendants in the amount of their pro rata shares of any such judgment, together with interest, costs and attorney's fees.

## COUNT II
### Professional Liability

25. First Marblehead repeats and incorporates herein paragraphs 1 through 24 of the Third Party Complaint, as though fully set forth herein.

26. Hoffman and Deutsch Williams undertook the legal representation of First Marblehead in connection with the preparation of its stock option plan and thereby entered into an attorney-client relationship with First Marblehead.

27. As attorneys for First Marblehead, Hoffman and Deutch Williams owed First Marblehead a duty to exercise reasonable care, skill and diligence.

28. Hoffman and Detusch Williams breached this duty by failing to meet the proper standard of care.

29. As a direct and proximate result of Hoffman and Deutsch Williams' breach of the standard of care, First Marblehead has suffered damages.

WHEREFORE, First Marblehead respectfully requests that this court enter judgment in its favor and against the third-party defendants in the amount of their actual damages, plus interest, costs and attorney's fees.

**Jury Demand**

FIRST MARBLEHEAD DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED BY THE THIRD PARTY COMPLAINT.

        Respectfully submitted,

        THE FIRST MARBLEHEAD CORPORATION
        By its attorneys


        /s/ Kenneth J. DeMoura
        Kenneth J. DeMoura (BBO#548910)
        Michael D. Riseberg (BBO# 567771)
        Colleen Nevin (BBO#665114)
        ADLER POLLOCK & SHEEHAN, P.C.
        175 Federal Street
        Boston, Massachusetts 02110
        (617) 482-0600

Dated: January 30, 2007
*406719*