UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIRST MARBLEHEAD CORPORATION
      Plaintiff

v                                                          CIVIL ACTION NO. 04-11263PBS

GREGORY J. HOUSE
      Defendant

## FIRST MARBLEHEAD'S PROPOSED JURY INSTRUCTIONS

      Now Comes Plaintiff First Marblehead Corp. ("First Marblehead"), and pursuant to Rule

51 of the Federal Rules of Civil Procedure, respectfully requests this Honorable Court submit the

attached instructions to the jury.

FIRST MARBLEHEAD CORPORATION

By their attorneys,

 _/s/ Kenneth J. DeMoura_____
Kenneth J. DeMoura, BBO #548910
Michael D. Riseberg, BBO #567771
Colleen M. Nevin, BBO #665114
**ADLER POLLOCK & SHEEHAN P.C.**
175 Federal Street
Boston, MA  02110
(617) 482-0600

Dated: 4/12/07

## CERTIFICATE OF OF SERVICE

      The undersigned hereby certifies that he served a copy of the above document via the
United States District Court electronic filing system to all counsel of record on April 12, 2007.

/s/ Kenneth J. DeMoura_____
Kenneth J. DeMoura/BBO#548910

# TABLE OF CONTENTS

BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

IMPARTIAL DECISION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..     9

CREDIBILITY OF WITNESSES. . . . . . . . . . . . . . . . . . . . . . . . . . . .     10

EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     11

NEGLIGENT MISREPRESENTATION . . . . . . . . . . . . . . . . . . .. . . . . . .     12

COMPARATIVE NEGLIGENCE . . . . . . . . . . . . . . . . . . . . . . ..  . . . . .     19

DAMAGES .. . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . .     20

MITIGATION OF DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. ..     21

STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . .     22

JUDICIAL ESTOPPEL…………………………………………………..     23

**Instruction ___**

**Duty of the Jury to Find Facts and Follow Law**

      It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

      In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return—that is a matter entirely for you to decide.

**Pattern Criminal Instruction 3.01, United States District Court, District Massachusetts**

**Instruction ___**

<u>Burden of proof</u>

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant.

**Federal Jury Practice And Instructions, citing Pattern Jury Instructions of the District Judge's Association of the Fifth Circuit, Civil Cases, Instruction No. 2.20 (1999).**

**Instruction ___**

**What Is Evidence; Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the parties accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

**Pattern Criminal Instruction 3.04, United States District Court, District Massachusetts**

**Instruction ___**

**Kinds of Evidence: Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**Pattern Criminal Instruction 3.05, United States District Court, District Massachusetts**

See also Ninth Circuit Instruction 1.05.

**Instruction ___**

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.  In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**Seventh Circuit Pattern Instructions 1.11**

**Instruction \_\_\_**

**What Is Not Evidence**

Certain things are not evidence. I will list them for you:

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2)  Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3)  Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

**Pattern Criminal Instruction 3.08, United States District Court, District Massachusetts**

**Instruction ___**

**Corporate Parties**

     In this case, the defendant is a corporation. The mere fact that a party is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

**Fifth Circuit:** Fifth Circuit Civil Pattern Jury Instruction 2.13.

**Ninth Circuit:** Ninth Circuit Model Civil Jury Instruction 6.1.

**Instruction ___**

**1.06 Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

**Pattern Criminal Instruction 1.06, United States District Court, District Massachusetts**

**Eighth Circuit Instruction 1.05**

**Ninth Circuit Instruction 1.07.**

**Instruction ___**

**Weighing the Testimony of an Expert Witness**

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**Pattern Criminal Instruction 2.07, United States District Court, District Massachusetts**

**Eighth Circuit Instruction 4.10.**

**Instruction ____**

**Negligent Misrepresentation**

The plaintiff alleges that First Marblehead was negligent in misrepresenting the terms of his options.  In order for the plaintiff to recover from the defendant, you must find that all of the following have been proved by a preponderance of the evidence:

That First Marblehead:  (1)  in the course of its business,

(2)  supplied false  information for the guidance of House

(3)  in his business transactions,

(4)  causing and resulting in pecuniary loss to House,

(5)  by his justifiable reliance upon the information, and

(6)  First Marblehead failed to exercise reasonable care or competence in obtaining or communicating the information.

If you find that the plaintiff has failed to prove any one or more of the six foregoing elements by a preponderance of the evidence, then you must return a verdict for the defendant.

Nota Constr. Corp. v. Keyes Assocs., 45 Mass. App. Ct. 15 , 19-20, 694 N.E.2d 401, 405 (1998); Fox v. F & J Gattozzi Corp., 41 Mass. App. Ct. 581, 587-588, 672 N.E.2d 547 (1996). *See* Restatement (Second) of Torts § 552 (1977).

**Instruction ___**

**Partial Disclosure**

      A party who discloses partial information that may be misleading has a duty to reveal all of the material facts that he knows to avoid deceiving the other party.

V.H.S. Realty v. Texaco, Inc., 757 F.2d 411, 414 (1985).

**Instruction \_\_\_**

**Reasonable Care**

First Marblehead may be found liable only if it failed to exercise reasonable care and competence in obtaining or communicating the information to House.

If you find that the plaintiff has failed to prove this element by a preponderance of the evidence, then you must return a verdict for the defendant.

Fox v. F&J Gattozzi Corp., 41 Mass. App. Ct. 581, 587-588, 672 N.E.2d 547, 551 (1996)

**Instruction ___**

**Reasonable Reliance**

If you find that First Marblehead made a negligent misrepresentation, then the plaintiff must prove by a preponderance of the evidence that he relied on the defendant's misrepresentation. Furthermore, the plaintiff may recover only if his reliance on the defendant's misrepresentation was reasonable and justifiable under the circumstances.

A person claiming justifiable reliance is required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be obvious if he utilized the opportunity to make even a cursory examination or investigation.

A person is not entitled to rely on a representation that he knows to be false or its falsity is obvious to him. If a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious.

If you find that the plaintiff has failed to prove his reasonable reliance by a preponderance of the evidence, then you must return a verdict for the defendant.

MCLE, <u>Massachusetts Superior Court Civil Jury Instructions</u>, §20.1.6

**Instruction ___**

**JUSTIFIABLE RELIANCE**

In considering whether a person is justified in relying on a representation, you must consider the qualities and characteristics of the particular person, including the person's specific capabilities and knowledge.

Adapted from <u>Field v. Mans</u>, 516 U.S. 59, 71-72 (1995)(*citing* Restatement (Second) of Torts, § 545A, Comment b (1976) and Prosser and Keeton on Law of Torts § 108, p. 717 (5th ed. 1984)).

**Instruction ___**

**Reliance/causation**

      If you find that House has satisfied his burden to prove that First Marblehead made a negligent misrepresentation by failing to inform House of the three-month expiration provision in his stock option grant, it is then House's burden to prove that if he had known about the three-month expiration provision, he would have exercised his options within the three months of his resignation from First Marblehead on February 28, 1998. If you find that House would not have exercised the options within three months of his resignation, then there was no reliance and judgment must be entered for the defendant.

<u>Kuwaiti v. Danish Computer Co. v. Digital Equipment Corp.</u>, 438 Mass. 459, 469, 781 N.E.2d 787, 796 (2003)(requiring but for causation standard in negligent misrepresentation case).

**Instruction ___**

**NEGLIGENT MISREPRESENTATION**

If you find that any one or more of these elements has or have not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these elements have been proven, then you must consider the defendant's affirmative defenses of comparative negligence, failure to mitigate damages, statute of limitations and judicial estoppel.

**Instruction ___**

**Comparative Negligence**

If you find that the defendant made a negligent misrepresentation on which the plaintiff justifiably relied to his detriment, you must then determine whether the plaintiff was negligent by failing to use the skill and care that a reasonable person would have exercised under the same or similar circumstances.

If you are convinced by a preponderance of the evidence that the plaintiff was negligent and that this negligence causally contributed to the plaintiff's damages, you are to compare the plaintiff's negligence with the negligence of the defendant. To do this comparison, determine the percentage the plaintiff was negligent and the percentage the defendant was negligent. The combined total of the plaintiff's and defendant's negligence must equal 100 percent.

Adapted from MCLE, Massachusetts Superior Court Civil Jury Instructions, § 18.6.3

In re Drown, 340 B.R. 428, 441-442 (D. Mass. 2006)(interpreting Massachusetts law in rejecting negligent misrepresentation claim where comparative negligence of plaintiff outweighed negligence of defendant).

**Instruction ___**

**DAMAGES**

If you find that the plaintiff has satisfied his burden of establishing negligent misrepresentation, you must determine the amount of damages to be awarded. The plaintiff's damages would be those proven by a preponderance of the evidence to have been incurred as a consequence of the plaintiff's reliance on the misrepresentation. These damages are known as reliance damages or "out-of-pocket" damages.

The plaintiff is not entitled to an award of the "benefit of the bargain." Benefit-of-the-bargain rule gives the plaintiff the benefit of what he was promised, and allows recovery of the difference between the actual value of what he has received and the value that it would have had if it had been as represented."

If you determine that the plaintiff would have exercised his options within three months after resigning from First Marblehead, it is for you, the jury, to decide whether the plaintiff would have held the stock or sold it and when he would have sold it. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

The potential for abuse and problems of proof are inherent in suits by investors who neither bought nor sold but assert that they would have traded absent misrepresentations by others. The jury should be mindful that the measure of damages recoverable under such a misrepresentation claim should take into consideration these concerns.

Twin Fires Investment, LLC v. Morgan Stanley Dean Witter & Co. , 2002 WL 31875204 (Mass. Sup. Ct.), at * 23, 27

The Wharf (Holdings) Ltd v. United Int'l Holdings, Inc., 532 U.S. 588, 594, 595 (2001)(citations omitted).

Rice v. Price, 340 Mass. 502, 507 (1960).

Prosser and Keeton on Torts, 5th ed. § 110 at 767.

*See* Federal Jury Practice And Instructions §7.1

**Mitigation of Damages**

**Instruction ___**

## MITIGATION OF DAMAGES

The plaintiff is required by law to mitigate or reduce his damages, if any.  If under the facts presented by the evidence in this case you find that the plaintiff sustained damages but did not take reasonable steps and exercise reasonable care and diligence to avoid loss and to minimize his damages, this is a factor that you are to consider in awarding any damages to the plaintiff.  In other words, you must reduce any award of damages by the amount that the plaintiff reasonably could have reduced his damages if he had exercised reasonable care and diligence.

Ouillette v. Sheerin, 297 Mass. 536 (1937).  Burnham v. Mark IV Homes, Inc., 387 Mass. 575 (1982).  RESTATEMENT (SECOND) OF CONTRACTS § 350(1) (1981).

**Instruction ___**

**§ *13.5.1* Statute of Limitations Accrual**

The first question that you will be asked to deal with is whether this claim was brought within the time limit allowed by the pertinent statute of limitations. Ordinarily a claim for negligent misrepresentation must be brought within three years of the date the cause of action "accrues" or arises. Here this case was commenced on May 19, 2004. The question is whether the claim was brought within three (3) years after the date on which the cause of action arose.

The general rule is that a cause of action accrues on the day that the plaintiff is damaged. In this case, the defendant asserts that the plaintiff's claim accrued at the time that his options expired on May 28, 1998, three months after he resigned from First Marblehead.  However, the general rule does not apply where the plaintiff did not know, and could not reasonably have known, of the cause of action when it otherwise accrued.

The burden is on the plaintiff to establish that his cause of action did not accrue three years after expiration of his options.  Thus, the special verdict question put to you is as follows: "Did the plaintiff know, or should he have reasonably known, prior to May 19, 2001 that he had been harmed by the defendant's conduct?" The May 19, 2001 date is relevant because it is three (3) years before the case commenced. The plaintiff bears the burden of proving to you that the answer to this question is "No."

With respect to the question of whether the plaintiff "should have known," you will determine this by referring to what in your judgment a reasonable person would have known under the circumstances.

If you find that the plaintiff's cause of action accrued on or before May 19, 2001, and you find that the plaintiff has not proven by a preponderance of the evidence that he did not know and reasonably should not have known that he had been harmed by the defendant's conduct until after May 19, 2001, then you must return a verdict for the defendant.

MCLE, Massachusetts Superior Court Civil Jury Instructions, §13.5.1

**Instruction ___**

**JUDICIAL ESTOPPEL**


The doctrine of judicial estoppel prevents a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another.  The position asserted in the prior proceeding need not have been actually litigated.  Also, the doctrine not only applies to legal positions, but applies to factual positions taken and omissions made by parties in the prior proceeding.

The general factors which you are to consider as to whether the position taken by plaintiff is judicially estopped are:

(1)     whether plaintiff's later position is inconsistent with his earlier position, and
(2)     whether plaintiff succeeded in persuading the previous court to accept his earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception of inconsistent court determinations, suggesting that either the first or second court was misled.

The application of the doctrine does not turn on whether plaintiff actually benefited or otherwise prevailed from the prior court's acceptance of his initial position.

You will be asked whether, from the evidence, the plaintiff took a position in his prior divorce proceedings which was contrary to a position that he has taken in this proceeding. If you are so persuaded, you will be asked whether the doctrine of judicial estoppel bars the plaintiff from taking such a contrary position in this proceeding.  If plaintiff's claim is barred by the doctrine of judicial estoppel, then you must find for defendant.


Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987).  See New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  18 MOORE'S FEDERAL PRACTICE § 134.30, at 134-69 (3d ed. 2005).  Howell v. Town of Leyden, 335 F.Supp.2d 248, 251 (D. Mass. 2004), citing Payless Wholesale Distributors, Inc. v. Alberto Culver, 989 F.2d 570, 571 (1st Cir. 1993). Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 324-325 (3rd Cir. 2003).  Alternative System Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 33 (1st Cir. 2004).

Respectfully submitted,

THE FIRST MARBLEHEAD CORPORATION
By its attorneys


_____
Kenneth J. DeMoura (BBO#548910)
Michael D. Riseberg (BBO# 567771)
Colleen Nevin (BBO#665114)
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

Dated: April 12, 2007

*414644_1*