UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIRST MARBLEHEAD CORPORATION
    Plaintiff

v

GREGORY J. HOUSE
    Defendant

CIVIL ACTION NO. 04-11263PBS

## MOTION IN LIMINE OF THE FIRST MARBLEHEAD CORPORATION TO PRECLUDE EVIDENCE OF DANIEL M. MEYERS' RESIGNATION

Plaintiff The First Marblehead Corporation ("First Marblehead") respectfully moves the Court *in limine*, pursuant to Fed.R.Evid. 401, 402, or alternatively, 403, to preclude from the trial of this matter any reference to, or evidence of, the resignation of Daniel M. Meyers.

### I.  The Resignation Of Daniel M. Meyers And Underlying Facts

On September 27, 2005, First Marblehead accepted the resignation of Daniel M. Meyers, its then Chairman of the Board of Directors and Chief Executive Officer ("Mr. Meyers"). First Marblehead accepted Mr. Meyers' resignation after learning that he had exchanged gifts with a former employee of a First Marblehead client. In submitting his resignation, Mr. Meyers informed First Marblehead that he purchased the gifts, worth approximately $32,000, with his own personal funds, and that this was an isolated instance. First Marblehead confirmed that no corporate funds were involved in the matter. A press release concerning the above was issued on the day of First Marblehead's acceptance of Mr. Meyers' resignation.[1]

Separate and apart from Mr. Meyer's resignation, House's one claim in this matter revolves around First Marblehead's purported "failure to inform [him] that the 2,500 stock

---

[1] See First Marblehead, Press Releases and Events; located at http://phx.corporate-ir.net/phoenix.zhtml?c=147457&p=irol-newsArticle&ID=761755&highlight.

options granted to him by [First Marblehead] were set to expire if not exercised within three months of [his] resignation."[2]  Joint Pretrial Memorandum, Defendant's Summary of the Evidence, § III.  More specifically, House claims that First Marblehead made negligent misrepresentations or omissions regarding the timely exercise of his stock options.  Id.  As a result, only the alleged statements and omissions regarding stock options by First Marblehead employees, including Mr. Meyers, are relevant, as distinct from Mr. Meyers' resignation.  Id.

## II.     Any Reference To, Or Evidence Of, Daniel M. Meyers' Resignation Is Inadmissible

In construing what is relevant, irrelevant, or otherwise inadmissible evidence, the Court has broad discretion in assessing the evidence in the context of the particular facts pursuant to Rules 401, 402, and 403, partly because the issues turn on a balancing of unquantifiable considerations.  United States v. Pitrone, 115 F.3d 1, 8 (1st Cir. 1997); Espeaignnette v. Gene Tierney Co., Inc., 43 F.3d 1, 5 (1st Cir. 1994).  Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  And, as the Advisory Committee's Note to Rule 401 notes, "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  Fed.R.Evid. 401, Advisory Committee Notes, 1972 Proposed Rules.  Rule 402 provides, in part, that "[e]vidence which is not relevant is not admissible."  Fed.R.Evid. 402.  Finally, Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

---

[2] House resigned from First Marblehead on or about February 28, 1998.  Joint Pretrial Memorandum, Defendant's Summary of the Evidence, § III.

Fed.R.Evid. 403. In other words, otherwise admissible evidence which tends to inhibit the neutral application of principles of law to the facts as found, is nonetheless inadmissible as prejudicial. See Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 670 (3rd Cir. 2002).

Here, evidence concerning Mr. Meyers' resignation and First Marblehead's acceptance of same have no bearing whatsoever on the principle issue regarding any alleged negligent misrepresentation concerning stock options. Or, as House frames the issue – the alleged (1) supplying of false information concerning stock options for the guidance of House by Mr. Meyers, without (2) Mr. Meyers exercising reasonable care or competence. See Nota Const. Corp. v. Keyes Assocs., 45 Mass. App. Ct. 15, 19-20 (1998)(setting forth the prima facie elements of negligent misrepresentation, and relied upon by House in the Joint Pretrial Memorandum, Issues of Law, § VIII.). First, the fact that First Marblehead accepted Mr. Meyers' resignation after learning about his personal gift exchange with a First Marblehead client bears absolutely no relation to his alleged earlier statements or omissions concerning the distinctly different subject of stock options, i.e., does not make the alleged misrepresentation more or less probable. And, second, the actual resignation of Mr. Meyers is itself far too remote temporally to have any nexus or evidentiary impact on the claims or time period at issue. Mr. Meyers' alleged negligent misrepresentations or omissions necessarily must have occurred between April 1, 1996 and February 28, 1998 (House's tenure with First Marblehead) – almost more than eight years prior to Mr. Meyers' resignation. Consequently, Mr. Meyers' resignation, his reasons therefore, and the reasons for First Marblehead's acceptance of his resignation have no tendency to make more or less probable any facts of consequence to this action, and therefore, are inadmissible at the trial of this matter pursuant to Fed.R.Evid. 401 and 402.

Even if evidence of Mr. Meyers' resignation has some small, collateral relevance to any misrepresentation concerning stock options, its prejudicial impact is, on balance, considerable and unjustified given its limited, if any, probative value. This point is obvious and significant. The circumstances involved in Mr. Meyers' resignation can serve only to create an attenuated inference that Mr. Meyers somehow was involved in certain improprieties, which ultimately led to his resignation. Because, as First Marblehead found, this inference is patently untrue, it serves as a harmful distraction to First Marblehead's defense, in addition to plainly harassing Mr. Meyers. Moreover, even if true, such evidence still needlessly and unfairly prejudices First Marblehead; the alleged improprieties bear no probative value to the only issue – alleged misrepresentations concerning stock options. As a result, evidence relating to Mr. Meyers' resignation should be precluded from the trial of this matter pursuant to Fed.R.Evid. 403.

### III.    Conclusion

Based on the foregoing reasons, any reference to, or evidence of, the resignation of Mr. Meyers is irrelevant and unfairly prejudicial. Therefore, Plaintiff The First Marblehead Corporation respectfully request that the Court enter an order, pursuant to Fed.R.Evid. 401, 402, or alternatively, 403, to preclude from the trial of this matter any reference to, or evidence of, the resignation of Daniel M. Meyers.

Respectfully submitted,

THE FIRST MARBLEHEAD CORPORATION
By its attorneys

/s/ Kenneth J. DeMoura
Kenneth J. DeMoura/BBO#548910
Michael D. Riseberg/BBO# 567771
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

414615_1

## CERTIFICATE OF RULE 7.1 CONFERENCE AND OF SERVICE

The undersigned hereby certifies that prior to filing the above motion counsel conferred concerning its subject matter in a good faith attempt to resolve or narrow the issues presented. The undersigned further certifies that he served a copy of the above motion via the United States District Court electronic filing system to all counsel of record on April 12, 2007.

/s/ Kenneth J. DeMoura
Kenneth J. DeMoura/BBO#548910