Westlaw.

Not Reported in N.E.2d                                                                                          Page 1
Not Reported in N.E.2d, 2005 WL 1367185 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d)**

Buchanan v. Warner
Mass.Super.,2005.
Only the Westlaw citation is currently available.
Superior Court of Massachusetts.
William R. BUCHANAN
v.
John D. WARNER et al.
No. 0100527.

April 27, 2005.

*MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*
RICHARD F. CONNON, Justice.

**\*1** Summary judgment must be denied on the grounds of judicial estoppel, which concept precludes a party in certain circumstances from asserting a position in one proceeding that is contrary to a position that the party previously asserted successfully in another proceeding. *East Cambridge Savings Bank v. Joseph Wheeler & another,* 422 Mass. 621 (1996). The position of the Plaintiff in his divorce proceeding was that he owned 20 percent of Cape Cod Coolers, Inc. when he filed his financial statement in November 1991, long before the stock had any value. The subsequent Settlement Agreement signed by the Plaintiff and his wife in January 1992 did not represent success for the purpose of judicial estoppel. See *Gordon v. Lewitsky,* 333 Mass. 379, 381 (1955). In *Fay v. Federal Nat'l. Mortgage Ass'n.,* 419 Mass. 782 (1995) the court declined to identify a settlement as representing success for the purpose of judicial estoppel. "In deciding whether a party should be judicially estopped, the court will look to see whether that party is seeking to use the judicial process in an inconsistent way that courts should not tolerate."

In looking at the circumstances of this case, the Plaintiff claimed 20 percent ownership in Cape Cod Coolers, Inc. when he filed his financial statements with the Probate Court in 1991. At the time, Cape Cod Coolers, Inc. had little to no value. Whether at the time he owned 20 percent or 98 percent, which he now claims, would not have altered the terms of settlement approved by the court in 1993.

The court must be careful not to usurp the function of the fact finder by passing on the credibility of witnesses or evaluating the weight of the evidence. *Attorney General v. Brown,* 400 Mass. 826 (1987). The mountain of inconsistent positions put forth by the plaintiff is better left to the fact finder.

Mass.Super.,2005.
Buchanan v. Warner
Not Reported in N.E.2d, 2005 WL 1367185 (Mass.Super.)

END OF DOCUMENT