COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARMENT
                                                      OF THE TRIAL COURT
                                                      CIVIL ACTION NO.

THE FIRST MARBLEHEAD                                  07-0385
CORPORATION
    Plaintiff

                                                      COMPLAINT AND
v.                                                    DEMAND FOR JURY TRIAL

RODNEY HOFFMAN and
DEUTSCH WILLIAMS BROOKS
DERENSIS & HOLLAND, P.C.
    Defendants

*RECEIVED JAN 26 2007 SUPERIOR COURT - CIVIL MICHAEL JOSEPH DONOVAN*

## PARTIES

1.   The plaintiff, First Marblehead Corporation ("First Marblehead" or "the company"), is a Delaware corporation with a principal place of business in Suffolk County at 800 Boylston Street, Boston, Massachusetts 02199.

2.   The defendant, Rodney Hoffman ("Hoffman"), is an attorney licensed to practice law in the Commonwealth of Massachusetts with an office in Suffolk County at 99 Summer Street, Boston, Massachusetts. At all relevant times, Hoffman has been a principal and shareholder of Deutsch, Williams, Brooks, Derensis & Holland, P.C.

3.   The defendant, Deutsch, Williams, Brooks, Derensis & Holland, P.C. ("Deutsch Williams"), is a Massachusetts professional corporation with a principal place of business in Suffolk County at 99 Summer Street, Boston, Massachusetts.

## FACTS

4. In 1996, First Marblehead retained Hoffman and Deutsch Williams to prepare an incentive stock option plan for its employees.

5. Hoffman and Deutsch Williams undertook the representation of First Marblehead, drafted the stock option plan later approved by First Marblehead's Board of Directors, drafted the stock option grants to be issued to employees in accordance with the plan, prepared a memorandum describing the principal terms of the plan for First Marblehead's employees and, in July 1997, met with certain First Marblehead employees to discuss and describe the plan.

6. Gregory House ("House"), a former employee of First Marblehead, has brought a claim against the company seeking money damages for its alleged refusal to permit him to exercise his stock option grant.

7. First Marblehead commenced a civil action against House in Suffolk Superior seeking a declaration that House's stock option grant expired three months after he left the company and several years before he ever attempted to exercise it.

8. House removed the lawsuit to the United States District Court for the District of Massachusetts where it is pending under the caption First Marblehead v. House, Docket No. 04-11263PBS (the "Underlying Action").

9. House, in the Underlying Action, asserted counterclaims against First Marblehead for breach of contract, promissory estoppel, and negligent misrepresentation.

10. The trial court in the Underlying Action granted summary judgment in favor of First Marblehead on all claims and counterclaims. The First Circuit subsequently affirmed the grant of summary judgment on all but the negligent misrepresentation counterclaim, which has been remanded to the U.S. District Court for trial.

3093

11. In his negligent misrepresentation claim, House alleges that First Marblehead never advised House of the requirement that he exercise his option within three months of resigning from his position at the company.

12. House alleges that in July 1997, he received a memorandum prepared by Hoffman which described the "prinicipal terms" of the options but did not include any information regarding the three-month expiration period.

13. House alleges that he never received any documents indicating that he was required to exercise his option within three months after leaving First Marblehead.

14. House alleges that First Marblehead was negligent in the representations and omissions made to him in describing the terms of the stock option grant that he received and that he sustained damages as a result.

15. Hoffman and Deutsch Williams prepared the option plan approved by First Marblehead's Board of Directors that included the three-month expiration period.

16. Hoffman and Deutsch Williams prepared the July 1997 memorandum distributed to First Marblehead's employees in July 1997 and described in House's negligent misrepresentation counterclaim.

17. Hoffman and Deutsch Williams were retained to prepare specific option grants for each option grant made by First Marblehead to its employees.

18. Hoffman and Deutsch Williams prepared specific option grants for First Marblehead employees.

19. The specific option grants contained the three-month expiration provision.

20. House alleges that he did not receive his stock option grant at any time while he was employed at First Marblehead or within the three months after he resigned from his position at First Marblehead.

21. Hoffman did not provide House's option grant to House or to First Marblehead during House's employment or within the three months after House resigned from his position at First Marblehead.

22. If House can prevail on his negligent misrepresentation claim against First Marblehead, which is disputed, House's damages, if any, would arise from the acts or omissions of Hoffman and Deutsch Williams in connection with their preparation of the stock option plan.

## COUNT I
### Contribution

23. First Marblehead repeats and incorporates herein paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24. If First Marblehead is found liable to House in the Underlying Action, which liability First Marblehead expressly denies, Hoffman and Deutsch Williams would be liable to First Marblehead for contribution as joint tortfeasors pursuant to M.G.L. c. 231B, § 1, *et seq.*

WHEREFORE, if a judgment enters against First Marblehead on House's negligent misrepresentation in the Underlying Action, First Marblehead requests that the court enter judgment in favor of First Marblehead and against Hoffman and Deutsch Williams in the amount of their pro rata shares of any such judgment, together with interest, costs and attorney's fees.

## COUNT II
### Professional Liability

25. First Marblehead repeats and incorporates herein paragraphs 1 through 24 of the Third Party Complaint as though fully set forth herein.

3095

26. Hoffman and Deutsch Williams undertook the legal representation of First Marblehead in connection with the preparation of its stock option plan and thereby entered into an attorney-client relationship with First Marblehead.

27. As attorneys for First Marblehead, Hoffman and Deutch Williams owed First Marblehead a duty to exercise reasonable care, skill and diligence.

28. Hoffman and Detusch Williams breached this duty by failing to meet the proper standard of care.

29. As a direct and proximate result of Hoffman and Deutsch Williams' breach of the standard of care, First Marblehead has suffered damages.

WHEREFORE, First Marblehead respectfully requests that this court enter judgment in its favor and against Hoffman and Deutsch Williams in the amount of their actual damages, plus interest, costs and attorney's fees.

### JURY DEMAND

FIRST MARBLEHEAD DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

THE FIRST MARBLEHEAD CORPORATION
By its attorneys

*/s/ Colleen M. Nevin*

Kenneth J. DeMoura (BBO#548910)
Michael D. Riseberg (BBO# 567771)
Colleen Nevin (BBO# 665114)
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

Dated: January 26, 2007

*406514_1.doc*

3096