**ADLER POLLOCK & SHEEHAN P.C.**

175 Federal Street
Boston, MA 02110-2890
Telephone 617-482-0600
Fax 617-482-0604

One Citizens Plaza, 8th floor
Providence, RI 02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

www.apslaw.com

November 9, 2005

**BY HAND**
Steven J. Brooks, Esq.
Deutsch, Williams, Brooks, DeRensis & Holland, P.C.
99 Summer Street
Boston, MA 02110

RE: First Marblehead Corporation v. Gregory House
     United States District Court Civil Action No. 04-11263 PBS

Dear Mr. Brooks:

This office represents The First Marblehead Corporation of Boston, Massachusetts. Although we recently met and discussed the above referenced litigation, the purpose of this letter is to provide written notice of First Marblehead's claims against your firm.

As you know, the Company is currently involved in litigation with Gregory House, a former employee. The suit relates to a stock option grant made by the Company to Mr. House under the Company's 1996 Stock Option Plan.

Enclosed is an Amended Counterclaim filed by Mr. House. As you can see, memoranda prepared by Rodney Hoffman, a principal of Deutsch Williams, serve as the basis for his claims against the Company: a July 7, 1997 memorandum because in describing the principle terms of the options, it omitted a requirement that the options be exercised with three (3) months of termination and a supplemental memoranda because it was never distributed to the employees. If Mr. House succeeds in his claims against the Company, it will be due to these memos prepared by Mr. Hoffman and Mr. Hoffman's failure to cooperate with the Company by providing this information to the Company and its employees in a timely and forthright manner. The Company intends to hold Deutsch Williams responsible for any loss sustained as a result, including all fees and expenses incurred in this litigation.

During discovery of the case, Mr. Hoffman revealed that he had prepared a supplement to the July 7 memorandum. According to Mr. Hoffman, sometime after meeting with the Company's employees, he read the original memorandum and realized that he had not included any information about the three-month post-termination exercise requirement. He claims that on July 11, 1997 he prepared an amended memorandum including information about the three-month requirement and that he prepared a cover memo pointing out the omission and changes made to the informational memorandum. In the cover memorandum, Mr. Hoffman said: "In preparing the final form of the ISO grant document, I found that I had misstated one of the terms of the option in the summary memo which I distributed on Monday. Mea culpa." Mr. Hoffman

3576

ADLER POLLOCK & SHEEHAN P.C.

Steven J. Brooks, Esq.
November 9, 2005
Page 2

believes that he would have sent this "mea culpa" memorandum and the corrected July 7 memorandum to Ralph James at First Marblehead for distribution to all employees. Neither Mr. James nor Daniel M. Meyers, the Company's Chief Executive Officer at that time, received the mea culpa or supplemental memorandum. Because no one at the Company received the subsequent memoranda, they were not distributed to the employees.

    Mr. Hoffman treated his obligation to provide documents and evidence relating to Mr. House's claim to the Company carelessly. First Marblehead learned about these memos during the litigation and Mr. Hoffman did not provide copies to its counsel until very late in the discovery period. Although Mr. Hoffman claimed repeatedly that he had given all of the relevant documents to Mr. Peter Tarr at Hale and Dorr in early 2004, Mr. Hoffman subsequently acknowledged none of the memoranda were included in his production. Counsel learned about the initial July 7, 1997 memorandum only while interviewing employees to prepare for discovery. Counsel learned about the supplemental memoranda when Mr. Hoffman produced them in February 2005, just days before he was to be deposed by House's attorneys. Furthermore, at our recent meeting, Mr. Hoffman could not confirm whether he had reviewed his chronology file to research for relevant documents, despite repeated requests to do so. To date, Deutsch Williams has been unable to produce any evidence to establish that the supplemental memoranda was ever sent to or received by First Marblehead.

    Please advise your carrier of this claim and direct further correspondence to my attention.

Sincerely,

Kenneth J. DeMoura

cc. Peter B. Tarr, Chairman and General Counsel
    Donald R. Peck, Executive Vice President and Chief Financial Officer

3577