# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------------

FIRST MARBLEHEAD CORP.,        )
                                        )

            Plaintiff,          )
                                          )

vs.                                )    Civil Action No. 04-11263PBS
                                          )

GREGORY HOUSE,            )
                                        )

            Defendant.       )

---------------------------------------------------------

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES

Defendant Gregory House ("House"), by and through his attorneys Foley & Lardner LLP, hereby submits his objections to plaintiff's, First Marblehead Corp. ("Plaintiff" or "First Marblehead"), pretrial disclosures. House respectfully reserves the right to amend and/or supplement his objections as necessary.

## I.    Objections To Witnesses

House objects to the anticipated testimony of Plaintiff's proposed expert, Robert A. Sherwin, for the reasons set forth in House's previously-submitted Motion *in limine*.

In addition, House objects that the following witnesses designated by First Marblehead in the Joint Pretrial Memorandum should not be allowed to testify at trial, as they were not identified in First Marblehead's pretrial disclosures[1] and House thus has not had the opportunity to depose them: Bruce Lefenfeld, Peter Tarr, Robin Camara, Gary Santos, and Victor Samra.

---

[1] In its Initial Disclosures dated 10/5/04 (Ex. A), First Marblehead listed <u>only</u> Dan Meyers and Rodney Hoffman as the "individuals likely to have discoverable information that First Union (*sic*) may use to support its claims or defenses." Likewise, in its Responses to House's First Set of Interrogatories dated 12/17/04 (Ex. B), in response to House's request that First Marblehead identify all persons who First Marblehead knows or believes to have knowledge or information relevant to the claims or defenses in this case, the Company identified <u>only</u> Dan Meyers, Rodney Hoffman and Jennifer House.

Finally, House objects to First Marblehead calling his ex-wife, Ms. House, as a witness at trial.  Aside from the obvious irrelevance of her testimony,[2] House objects to the extent Ms. House will testify concerning private communications she may have had with House during her divorce, which are protected by the marital privilege (and Ms. House is subject to the rule of spousal disqualification).

## II.    Objections To Exhibits

House objects to the introduction at trial of documents and testimony concerning his divorce proceedings following his departure from First Marblehead (specifically, First Marblehead's Proposed Exhibits Nos. 9, 10, and 36-41).  These materials are irrelevant[3] and prejudicial, and potentially implicate the marital privilege.

DATED:  April 19, 2007

Respectfully submitted,
Gregory House,
By his attorneys,

/s/ Peter N. Wang
Peter N. Wang (admitted *Pro Hac Vice*)
Yonaton Aronoff (admitted *Pro Hac Vice*)
**Foley & Lardner LLP**
90 Park Avenue
New York, NY 10016

CERTIFICATE OF SERVICE

I, Yonaton Aronoff, hereby certify that on this 19th day of April 2007, I served a copy of this document via the United States District Court electronic filing system to all counsel of record.

//S//Yonaton Aronoff

Yonaton Aronoff

---

[2] House respectfully preserves this, and all other relevance objections for trial.

[3] House respectfully preserves this, and all other relevance objections for trial.

2