UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIRST MARBLEHEAD CORPORATION
Plaintiff

v

GREGORY J. HOUSE
Defendant

CIVIL ACTION NO. 04-11263PBS

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSE

Pursuant to Fed. R. Civ. Proc. Rule 15(a), The First Marblehead Corporation ("First Marblehead") respectfully submits this memorandum of law in support of its motion for leave to amend its answer to assert the affirmative defense of comparative negligence.

### INTRODUCTION

This motion is brought pursuant to Rule 15(a) to correct an oversight in First Marblehead's Response to the Amended Counterclaim filed by Plaintiff Gregory House ("House"). Specifically, although the issue of whether House acted reasonably under the circumstances is and has been one of the central issues of the case since House first alleged negligent misrepresentation, First Marblehead's Answer to the Amended Counterclaim did not expressly identify comparative negligence as an affirmative defense. As discussed more fully herein, there is no basis for denial of this motion as House unquestionably has known all along that the reasonableness of his conduct would be at issue in this trial. Indeed, the basis stated by the First Circuit Court of Appeals for vacating summary judgment and remanding the negligent misrepresentation claim for trial was that "[w]hether House *reasonably* relied upon the representations of [First Marblehead] is at least a question of fact that should have survived the

motion for summary judgment." First Marblehead Corp. v. House, 473 F.3d 1, 11 (1st Cir. 2006) (emphasis added).

That House failed to act reasonably and therefore is comparatively negligent has been squarely at issue since remand as is evidenced by the fact that First Marblehead requested a jury instruction on comparative negligence when it filed its proposed instructions and is also evidenced in the matters set forth in the Pretrial Memorandum. First Marblehead respectfully asserts that justice requires that it be permitted to proceed on its comparative negligence defense and that First Marblehead's Motion for Leave to Amend its Response to the Amended Counterclaim to formally assert its comparative negligence defense should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

First Marblehead initially filed this matter in 2004 seeking a declaratory judgment that the incentive stock options granted to Gregory House ("House") expired prior to his attempt to exercise them.[1]   On July 16, 2004, House filed counterclaims for breach of contract and promissory estoppel.[2]   No negligence claim was asserted by House until after First Marblehead had moved for summary judgment on House's breach of contract and promissory estoppel claims; on October 11, 2005, House asserted a claim for negligent misrepresentation.[3]   First Marblehead filed its answer to the amended counterclaims by House on October 31, 2005 and inadvertently failed to include its affirmative defense of comparative negligence.[4]   A few weeks later, on November 18, 2005, this Court entered summary judgment in favor of First Marblehead on all counts.[5]

---

[1] This case initially was filed in state court and was removed to this Court on June 9, 2004. See Docket, a true and accurate copy of which is attached hereto as Exhibit A, at document #1.
[2] See Docket, at document #5.
[3] See Docket, at document #43.
[4] See Docket, at document #45.
[5] See Docket, at document #46.

On January 17, 2007, the judgment on the negligent misrepresentation claim was vacated and remanded to this Court for trial.[6] On January 25, 2007, this Court entered an order allowing for limited discovery in light of the fact that First Marblehead had not yet had an opportunity to conduct discovery on the solely remaining negligent misrepresentation claim.[7]   On April 12, 2007, in accordance with the Court's pretrial order, First Marblehead filed proposed jury instructions, including an instruction for comparative negligence.[8] Two weeks later, on April 25, 2007, House was deposed, and one of the central issues upon which testimony was elicited in his deposition was whether House acted reasonably (i.e., whether his failure to exercise his options or to request copies of his stock option grant or the First Marblehead plan was reasonable and justifiable under the circumstances).[9]   In its Pretrial Memorandum, First Marblehead identifies the evidence that will be introduced at trial to establish that House was negligent,[10] and First Marblehead's comparative negligence defense also was discussed at the pretrial conference on July 9, 2007.

## ARGUMENT

I.     **The Liberal Standard of Rule 15(a) Favors Amendment.**

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a party's pleading "by leave of court," and specifically provides that "leave shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a).  This Court, the First Circuit, and the United States Supreme Court have all repeatedly emphasized the liberal standard favoring motions to amend. *See* <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) ("[i]n the absence of any apparent or declared

---

[6] *See* Docket, at document #55.
[7] *See* Docket entry dated January 25, 2007.
[8] *See* Docket, at document #69.
[9] Day two of the deposition of House is 254 pages, many if not most of which contain testimony that relates in some manner to the issue of whether House acted reasonably.  In the interest of judicial economy and so as to avoid unnecessarily encumbering the Court, the transcript is not attached but will be available for the Court's review.
[10] *See* Docket, at document #72.

reason . . . the leave [to amend] sought should, as the rules require, be 'freely given'"); State Resources Corporation v. The Architectural Team, Inc., 433 F.3d 73, 83 (1st Cir. 2005) (leave to amend should be granted unless the amendment would be futile, or reward undue or intended delay, bad faith, or dilatory motive on the part of the movant); Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000)(leave to amend "shall be freely given when justice so requires," and a denial of leave to amend will not be upheld "unless there appears to be an adequate reason for denial, such as undue delay, bad faith, dilatory motive on the part of the movant, or futility of the amendment"); United States v. Pfizer, Inc., 2002 WL 32128635, at * 1 (D. Mass. February 6, 2002)("Fed. R. Civ. P. 15(a) requires that this court freely grant leave to amend 'when justice so requires'").

"Generally, amendments are favored, as they tend 'to facilitate a proper decision on the merits.'" Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998).    The party opposing the motion "ha[s] the burden of establishing that leave to amend would be prejudiced or futile." Id. A party may seek leave to amend at any time during the litigation. See 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §1484, at 652 (2d ed. 1990)("[q]uite appropriately the courts have not imposed any arbitrary timing restrictions on a party's request for leave to amend").

## II.    First Marblehead Should Be Granted Leave to Amend as There Is No Basis for Denial of the Motion.

First Marblehead's proposed amendment to formally plead comparative negligence as an affirmative defense should be granted under the liberal standard mandated by Rule 15(a) and the cases interpreting it. Although there are certainly cases where a motion for leave properly has been denied, none of the reasons upheld by the courts for doing so is present in this matter. As articulated by the United States Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962),

said reasons include "undue delay, bad faith or dilatory motive. . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Each of these potential bases is addressed briefly as follows:

### A.    Undue Delay

There has been no undue delay in this matter. Although this case was filed in 2004, the negligent misrepresentation claim was only before the trial court for a few weeks before summary judgment was granted and the matter was appealed. When the case was remanded in January of 2007, First Marblehead proceeded under the impression that its comparative negligence defense had been formally asserted in its Answer to the Amended Counterclaim. Accordingly, First Marblehead requested a jury instruction on comparative negligence in its proposed instructions on April 12, 2007 and proceeded to depose House on evidentiary issues relating to House's negligence, namely, whether House failed to exercise reasonable care regarding his stock options. During the pretrial conference on July 7, 2007, counsel for First Marblehead noted that he believed that comparative negligence had been asserted in First Marblehead's Answer to the Counterclaim and only since then did counsel realize that the defense inadvertently was not included.

Accordingly, there has been no undue delay. First Marblehead has just learned of the deficiency in its Answer to the Amended Complaint and brings this motion to correct the mistake. Leave, therefore, should not be denied on the basis of "delay." *See* Wigfall v. Duval, 2006 U.S. Dist. LEXIS 57836, at * 3-5 (D. Mass. August 15, 2006)(no undue delay where defense counsel believed that failure to exhaust defense had been raised in pleadings and first discovered deficiency at hearing after motion for summary judgment had been filed).

The cases in which motions for leave to amend were denied based on undue delay generally involved "extreme" delays of up to several years. *See* United States v. Pfizer, Inc., 2002 WL 32128635, at * 1 (addition to complaint of new theory five years after commencing action constituted undue delay); Perlmutter v. Shatzer, 102 F.R.D. 245, 248 (D. Mass. 1984) (undue delay found where defendant first raised statute of limitations defense more than five years after first answering complaint). Additionally, motions that have been denied based on undue delay often may be characterized as a last minute effort to avoid dismissal or summary judgment. *See* Palmer v. Champion, 465 F.3d 24, 30-31 (1st Cir. 2006)(trial court's denial of plaintiff's "last-ditch measure" to avoid dismissal of lawsuit was not abuse of discretion where proposed second amended complaint asserting new theory was filed fifteen months after initial complaint and nine months after first amended complaint); Resolution Trust Corp. v. Harold Gold and Graphics Leasing Corp., 30 F.3d 251, 254 (1st Cir. 1994)(denial of "eleventh hour" motion proffered "to fend off summary judgment" not an abuse of discretion). In this matter, First Marblehead has not suddenly proposed a new claim or theory after litigating the negligent misrepresentation case for years, nor can this motion be characterized as a "last-ditch measure" in any fashion.

Further, undue delay usually is deemed an adequate basis for denial only when considered in concert with other factors. *See* Resolution Trust Corp., 30 F.3d at 254 (belated request for leave properly denied where proposed amendments were "patently futile"); Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1518 (1st Cir. 1989)(trial court did not abuse its discretion where extreme delay in defendant's seeking to add counterclaim prejudiced defendant).[11] *Cf.* Albertini v. Summit Technical Services, Inc., 287 F. Supp. 2d 92, 95

---

[11] *See also* United States v. Pfizer, Inc., 2002 WL 32128635, at * 1 (delay of more than five years in seeking to amend would cause undue prejudice to defendant); Perlmutter v. Shatzer, 102 F.R.D. 245, 248 (D. Mass. 1984)

(D. Mass. 2003)(court found no undue delay and granted defendant's motion for leave to add affirmative defenses on day before trial; proposed affirmative defenses were not deemed futile). As discussed below, House will not be prejudiced by allowance of this motion, nor are any of the other potential bases for denial applicable.

### B.    Prejudice

House cannot in good faith assert that he will be prejudiced by First Marblehead's contention at trial that House was comparatively negligently in failing to act reasonably with respect to his stock options. One of the central issues in this case since it was remanded for trial on the negligent misrepresentation count was whether House's conduct in failing to exercise his options, or to take any actions to obtain his stock option grant or the stock option plan, was reasonable under the circumstances. Indeed, an element of House's negligent misrepresentation claim that he will be required to prove at trial is whether his reliance on the alleged misrepresentation was reasonable. *See* First Marblehead Corp. v. House, 473 F.3d 1, 11 (1st Cir. 2006) ("whether House reasonably relied upon the representations of the Company is at least a question of fact that should have survived the motion for summary judgment").

The evidence with respect to "reasonable reliance" also bears on whether House was negligent. As discussed in First Marblehead's Pretrial Memorandum, First Marblehead expects the evidence to show that House knew that his options were governed by a written stock option plan and his stock option grant, but he never bothered to obtain or request a copy of either document, both of which clearly set forth the relevant three-month expiration period.[12] A jury

---

(motion to amend to add statute of limitations defense more than five years after complaint first answered denied where plaintiff would be unduly prejudiced; earlier pleading of defense would have saved plaintiff great amounts of time and would have allowed plaintiff to pursue claim in another jurisdiction with longer statute of limitations).
[12] *See* Docket, at document #72, p. 2.

may well conclude that House's failure to take any action to obtain these documents and to ascertain the terms of his options constituted negligence.

The party opposing a motion for leave to amend has the burden of establishing prejudice. Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998); *see also* Beeke v. Aquaslide 'N' Dive Corp., 562 F. Supp. 537, 540 (8th Cir. 1977)(leave to amend answer properly granted where plaintiff failed to establish prejudice). In this case, House cannot establish prejudice. First Marblehead served and filed its proposed jury instructions more than three months ago and explicitly requested an instruction regarding House's comparative negligence.[13] Therefore, Plaintiff was aware of the comparative negligence issue before House was deposed in connection with the negligent misrepresentation count. Additionally, the Pretrial Memorandum identifies House's failure to act reasonably and incorporates by reference the legal issues identified in the jury instructions, including comparative negligence. "Pretrial statements are to be liberally construed to cover any of the legal or factual theories that might be embraced by their language." Rodrigues v. Ripley Indus., Inc., 507 F.2d 782, 787 (1st Cir. 1974)(citing Wright & Miller, *Federal Practice & Procedure* § 1527 at 609 & n. 47 (1971)).

Moreover, House has had more than adequate opportunity to prepare a defense on the issue of comparative negligence, particularly where the evidence pertaining to any alleged negligence on his part also would form the basis, in part, of his negligent misrepresentation claim. Accordingly, House will not be prejudiced by allowance of this motion. *See also* Albertini v. Summit Technical Services, Inc., 287 F. Supp. 2d at 96 (amended answer filed on day before trial did not prejudice plaintiff who had time before and during trial to address contentions raised by new affirmative defenses).

---

[13] *See* Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994)(court considered proposed jury instructions in determining whether affirmative defense had been adequately pled).

### C. Bad Faith or Dilatory Motive

There is no basis to suggest bad faith or intentional delay on the part of First Marblehead. Counsel for First Marblehead only discovered that the comparative negligence defense inadvertently was not included in the Answer to the Amended Counterclaim after the issue was discussed at the final pretrial conference on July 7, 2007. Absent evidence to the contrary, a court should assume that bad faith was not a factor. Perlmutter v. Shatzer, 102 F.R.D. 245, 247 (D. Mass. 1984).

### D. Repeated Failure to Cure

First Marblehead has never in the course of this litigation requested leave to amend its answer to either the initial counterclaim or to the Amended Counterclaim in which the negligent misrepresentation count was first alleged. Accordingly, First Marblehead cannot have repeatedly "failed to cure" any deficiencies in its answer in the sense intended in Foman and its progeny. See Perlmutter v. Shatzer, 102 F.R.D. at 248 (defendants who had not previously requested leave to amend could not have failed to cure in the "Foman sense" such as would justify denial of a motion for leave to amend).

### E. Futility

Clearly, a comparative negligence defense based on House's failure to act reasonably is anything but futile. Indeed, this Court previously granted summary judgment based in part on the Court's finding as a matter of law that House could not have acted reasonably. In ruling on the motion for summary judgment, this Court noted as follows: "[a]ny reliance on an omission to discuss a post-termination time limit for exercising the stock options in the July 7 Memorandum was unreasonable, particularly in light of the designation of the option as an

"ISO," which should have raised a red flag to exercise due diligence and to investigate its terms." First Marblehead Corp. v. House, 401 F. Supp. 2d 152, 158 (D. Mass. 2005).[14]

It is indisputable that a plaintiff's failure to act reasonably may limit or bar his recovery under the Massachusetts comparative fault statute. Brillante v. United States, 449 F. Supp. 597, 600 (D. Mass. 1978) (plaintiff's recovery barred under the Massachusetts comparative negligence statute where he "failed to act reasonably so that his own negligence was the sole proximate cause of his injury"); M.G.L. c. 231, §85. Moreover, comparative fault may properly be asserted in defense of negligent misrepresentation claims. In re Drown, 340 B.R. 428, 441, 442 (Bankr. D. Mass. 2006)(applying Massachusetts law).

In summary, none of the reasons provided in Foman for denial of a motion for leave to amend are applicable in the instant case. First Marblehead should be permitted to formally plead comparative negligence so that the issue may be submitted to the jury. In light of the fact that House's reasonableness, or lack therefore, has always been an issue in this case, justice requires that this motion be granted.

---

[14] Although this Court discussed reliance first in the context of promissory estoppel, on which summary judgment was affirmed on other grounds, the Court's discussion and determination that House could not have acted reasonably is particularly relevant to both the reasonably reliance element of House's negligence claim and First Marblehead's defense that House did not act reasonably and, therefore, is limited in or barred from recovering under the Massachusetts comparative fault statute.

WHEREFORE, First Marblehead requests leave to file an amended answer to the counterclaim to assert formally the affirmative defense of comparative negligence and for such other relief as the Court deems just and proper.

Respectfully submitted,

THE FIRST MARBLEHEAD CORPORATION
By its attorneys


/s/ Kenneth J. DeMoura
Kenneth J. DeMoura (BBO#548910)
Michael D. Riseberg (BBO# 567771)
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

Dated: July 16, 2007

*423190_1*


## CERTIFICATE OF OF SERVICE

The undersigned hereby certifies that he served a copy of the above document via hand delivery to all counsel of record on July 16, 2007.


/s/ Kenneth J. DeMoura_____

Kenneth J. DeMoura/BBO#548910