

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
www.foley.com

WRITER'S DIRECT LINE
212.338.3401
pwang@foley.com EMAIL

CLIENT/MATTER NUMBER
260691-0101

July 18, 2007

**VIA HAND DELIVERY**

Hon. Patti B. Saris, U.S.D.J.
United States District Court for the District of
Massachusetts
1 Courthouse Way
Boston, Massachusetts 02110

   Re: *The First Marblehead Corporation v. Gregory House*
     (Civ. Action No. 04-11263PBS)

Dear Judge Saris:

   At the conclusion of today's hearings, I indicated that we urgently request that an intermediate instruction be given to the jury with respect to the imputed liability of First Marblehead's former General Counsel, Rodney Hoffman. Your Honor asked that we submit a proposed instruction. This letter is further to that effect.

   First Marblehead has proceeded in this trial on the misguided theory that negligent acts and omissions of Mr. Hoffman, First Marblehead's agent during the time period at issue, somehow excuse First Marblehead for the purposes of this case. Whether or not that strategy is meant to serve First Marblehead in its separate malpractice action against Mr. Hoffman, we do not know. In any event, First Marblehead's strategy became even more apparent during Mr. Riseberg's cross-examination of Daniel Meyers this morning, during which Mr. Riseberg made an obvious attempt to "prove" that Mr. Hoffman's "mea culpa" memorandum was not given by Mr. Hoffman to First Marblehead nor distributed to its employees (the inference being that this somehow insulates First Marblehead from its attorney's mistakes).

   The inference is clearly wrong as a matter of law. Under well-established principles of law (which First Marblehead has never claimed to dispute), the acts of a party's attorney are imputed to that party through agency doctrine. Your Honor already has explicitly ruled as much, explaining to First Marblehead during Monday's hearing that "legally it's true that he's your agent, and you've got to live with his negligence ... you couldn't make the argument that if he erred, that somehow lets you off the hook as a third-party sort of intervening cause." [7/16/07 Tr. at 9:14-15, 10:3-5] Indeed, Mr. Riseberg responded unequivocally that *"We're absolutely not making that argument."* [Id. at 10:6-7 (emphasis added)]

   Despite that admission by Mr. Riseberg, it is clear that First Marblehead is pursuing a different path, in an effort either to improve its malpractice action against Mr. Hoffman, or – more troubling – to confuse the jury in this case. Whatever the motive, the consequence is that the jurors very likely are confused, at least, about whether Mr. Hoffman's negligence is the negligence of First

BOSTON   LOS ANGELES   SACRAMENTO   TALLAHASSEE
BRUSSELS   MADISON   SAN DIEGO   TAMPA
CHICAGO   MILWAUKEE   SAN DIEGO/DEL MAR   TOKYO
DETROIT   NEW YORK   SAN FRANCISCO   WASHINGTON, D.C.
JACKSONVILLE   ORLANDO   SILICON VALLEY

NYC_30906.1



**FOLEY & LARDNER LLP**

Hon. Patti B. Saris
July 18, 2007
Page 2

Marblehead for the purpose of this case – which it unquestionably *is*. Accordingly, in order to clear up any further confusion, we respectfully urge that Your Honor provide an intermediate instruction to the jury at the beginning of Thursday's hearings (or at the conclusion of Mr. Meyers' testimony, but before Mr. Hoffman testifies) as follows:

"I instruct you that for purposes of this case, any negligent conduct by Mr. Hoffman is imputed to First Marblehead. I will instruct you further on that subject at the conclusion of this case, but in light of the testimony you've been hearing, I wanted to give you that instruction now."

Respectfully submitted,

Peter N. Wang

cc: (by fax)
 Kenneth J. DeMoura, Esq.
 Michael D. Riseberg, Esq.
 Colleen M. Nevin, Esq.

NYC_30906.1