**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
-------------------------------------------------
FIRST MARBLEHEAD CORP.,           )
                                  )
            Plaintiff,            )
                                  )
vs.                               )   Civil Action No. 04-11263PBS
                                  )
GREGORY HOUSE,                    )
                                  )
            Defendant.            )
-------------------------------------------------
```

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS REGARDING STATUTE OF LIMITATIONS ACCRUAL, COMPARATIVE NEGLIGENCE AND MITIGATION**

Defendant Gregory House ("House") submits this opposition to plaintiff First Marblehead Corporation's ("First Marblehead" or the "Company") proposed jury instructions regarding (i) statute of limitations accrual,[1] (ii) comparative negligence,[2] and (iii) mitigation of damages[3] (collectively, the "Proposed Instructions"). All three of the Proposed Instructions should be disallowed because they are unnecessary and will simply confuse the jury. Further, under Massachusetts law, comparative negligence is not an affirmative defense in actions seeking pecuniary damages.

**ARGUMENT**

**I.   The Proposed Instructions Unnecessarily Replicate The Jury's Determination Of Reasonable Reliance**

First Marblehead's Proposed Instructions all ask the jury to do the same thing, namely, to determine whether House acted reasonably in relying on First Marblehead's representations and

---

[1] *See* page 22 of First Marblehead's April 12, 2007 Proposed Jury Instructions.

[2] *Id.* at 19.

[3] *Id.* at 21.

not inquiring further on his own. However, the jury will already be required to make this exact same determination with respect to the reasonable reliance element of House's negligent misrepresentation claim. Asking the jury to make this identical determination *three* other, separate times will only create confusion, suggest (wrongly) that there are three separate "defenses" to the claim, and is unnecessary. First Marblehead should not be permitted to atomize a single element of House's claim into a multi-pronged series of alleged "defenses."

      A.      <u>Statute Of Limitations Accrual</u>

First Marblehead's proposed jury instruction regarding statute of limitations accrual asks the jury to determine whether Mr. House knew, or reasonably should have known, prior to May 19, 2001 (three years before First Marblehead filed its Complaint), that he had been harmed by First Marblehead's conduct.

As an initial matter, there is no dispute that the applicable statute of limitations for negligent misrepresentation in Massachusetts is three years, running from the date of the injury. However, under Massachusetts law, the operative statute of limitations will be tolled under the "discovery rule" until the date on which the claimant knew, or reasonably should have known, that he or she has been harmed by the other side's conduct. <u>Williams v. Ely</u>, 423 Mass. 467, 473, 668 N.E.2d 799, 804 (Mass. 1996). The "discovery rule" has been applied in negligent misrepresentation cases to toll the statute of limitations until the claimant knew, or reasonably should have known, of the misrepresentations at issue and their resulting injury. <u>Foisy v. Royal Maccabees Life Ins. Co.</u>, 356 F.3d 141, 147 (1st Cir. (Mass.) 2004).

Despite more than three years of discovery in this case, First Marblehead has not even suggested that there is *any* evidence of *any* kind that House *actually knew* about the three month, post-resignation exercise requirement of his First Marblehead stock options at the time he failed to exercise them. To the contrary, First Marblehead's argument in this case distills, at best, to

2

the suggestion that House *should have learned* of this requirement because, the Company alleges, he should have inquired beyond what First Marblehead told and gave to him about his options. However, whether House "should have" acted differently is precisely the question the jurors will be asked to address with respect to reasonable reliance.

    B.    <u>Comparative Negligence</u>

First Marblehead's proposed jury instruction regarding comparative negligence asks the jury to decide whether House "was negligent by failing to use the skill and care that a reasonable person would have exercised under the same or similar circumstances." FM Proposed Jury Instructions at 19. In a nutshell, this proposed instruction asks the jury—for a second time—to determine whether House reasonably relied on First Marblehead's representations to him about his options, without conducting further inquiry. In any event, the affirmative defense of comparative negligence (i) needs to be pleaded (and it concededly was not), and (ii) is not available in this case (<u>see infra</u>).

    C.    <u>Mitigation of Damages</u>

First Marblehead's proposed jury instruction regarding mitigation of damages requires the jurors to consider whether House took "reasonable steps and exercise[d] reasonable care and diligence to avoid loss and to minimize his damages." FM Proposed Jury Instructions at 21. This instruction is yet another bite at the reasonable reliance apple, as it will require the jury to determine whether House should have acted differently in the face of First Marblehead's representations to him about his stock options.

**II.** **Comparative Negligence Is Not An Affirmative Defense In Actions For Money Damages**

In addition to the reasons discussed above, First Marblehead's proposed jury instruction regarding comparative negligence should be denied for a separate reason: Massachusetts courts

3

have not accepted comparative negligence as an affirmative defense to negligent misrepresentations in the business context, for the very reason that it should not be allowed here, because it would only serve to add an unnecessary layer of confusion to the jurors' deliberations.

Massachusetts' comparative fault statute expressly is not applicable to claims for pecuniary loss. General Laws c. 231, § 85. This is consistent with the laws of other jurisdictions, which have rejected comparative negligence as a defense to business-related torts in large part because "the application of comparative-fault principles would only create unnecessary confusion and complexity in business transactions." Estate of Braswell by Braswell v. People's Credit Union, 602 A.2d 510, 515 (R.I. 1992) (where statute governing comparative negligence was similar to Massachusetts'); Carroll v. Gava, 98 Cal. App. 3d 982, 896 (Cal. App. 3. Dist 1979) (also finding comparative fault "has no place in the context of ordinary business transactions" as it was "designed to mitigate the often catastrophic consequences of personal injury").

Plaintiff relies entirely on In re Drown, 340 B.R. 428 (D. Mass. 2006), to support its proposed instruction regarding comparative negligence. However, the Bankruptcy Court in Drown admitted that Massachusetts courts have not decided whether comparative negligence is an available defense to a claim of negligent misrepresentation, and instead tried to predict what Massachusetts courts *would* do. Id. at 441. Further, Drown is distinguishable on its facts. In that case, the claimant argued that the debtor negligently misrepresented the wetland area located on real estate the claimant had purchased. The Court found the claimant had a "heightened awareness" of the possibility of wetlands on his property because a third party, an engineer, had questioned the claimant about the possibility of wetlands on his property. Id. at 434. Thus, the Court held that even if the claimant had been justified in relying on the *respondent's*

4

representations, he was negligent in not heeding the "oblique warning[s]" of a *third* party.  Id. at 434-42.  Here, there are no allegations that House was in any way negligent *vis-à-vis* a third party's representations – the only issue is whether House acted reasonably in response to First Marblehead's representations to him.  As discussed, that issue necessarily will be determined as part of House's negligent misrepresentation claim.

## CONCLUSION

For all of the foregoing reasons, First Marblehead's proposed instructions regarding (i) statute of limitations accrual, (ii) comparative negligence, and (iii) mitigation of damages should be disallowed.

DATED:  July 18, 2007

> Respectfully submitted,
> Gregory House,
> By his attorneys,
>
>   //S// Peter N. Wang
> Peter N. Wang (admitted *Pro Hac Vice*)
> Yonaton Aronoff (admitted *Pro Hac Vice*)
> **Foley & Lardner LLP**
> 90 Park Avenue
> New York, NY 10016

## CERTIFICATE OF SERVICE

I, Yonaton Aronoff, hereby certify that on this 18th day of July 2007, I served a copy of this document via the United States District Court electronic filing system to all counsel of record.

>   //S//Yonaton Aronoff
> Yonaton Aronoff