# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| FIRST MARBLEHEAD CORP., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 04-11263PBS |
| GREGORY HOUSE, | ) ) ) |
| Defendant. | ) ) |

---

## DEFENDANT, GREGORY HOUSE'S PROPOSED SUPPLEMENTAL SPECIFIC INSTRUCTIONS TO THE JURY

Defendant, Gregory House ("House"), appearing by and through his undersigned counsel, hereby submits these proposed, supplemental specific instructions to the jury. House respectfully reserves the right to supplement and/or amend his proposed instructions.

DATED: July 18, 2007

        Respectfully submitted,
        Gregory House,
        By his attorneys,


        /s/Peter N. Wang
        Peter N. Wang (admitted *Pro Hac Vice*)
        Yonaton Aronoff (admitted *Pro Hac Vice*)
        **Foley & Lardner LLP**
        90 Park Avenue
        New York, NY 10016

2

## CERTIFICATE OF SERVICE

      I, Yonaton Aronoff, hereby certify that on this 18th day of July 2007, I served a copy of this document via the United States District Court electronic filing system to all counsel of record.

                                                //S//Yonaton Aronoff

                                                Yonaton Aronoff

## REQUEST NO. 21

### **DAMAGES**

When a wrongdoer's conduct makes it difficult for an innocent party to calculate the damages he or she suffered, the wrongdoer is not entitled to complain that the damages cannot be measured with certainty. The wrongdoer's conduct should not be held against the innocent party. In re Watman, 331 B.R. 502, 510 (D. Mass. 2005), Palmer v. Murphy, 42 Mass. App. Ct. 334, 344 (Mass. App. Ct. 1997).

NYC_30893.1

## REQUEST NO. 22

### ADMISSIONS

  A party's statements in a pleading, interrogatory response, or response to a request for an admission in this case are all binding admissions by that party. You are to accept these admissions as true. They bind the party who made the admission and are not to be questioned by you. Fed. R. Civ. P. 36, 32 Corpus Juris Secundum §§ 407 & 474.

  A party's statements in a pleading in another case are treated as admissions, and although not binding upon the party, should be treated as evidence that you should weigh against other evidence. Kassel v. Gannet Co., 875 F.2d 935, 951 (1st Cir. 1989), U.S. v. Raphelson, 802 F.2d 588, 592 (1st Cir. 1986).