UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE FIRST MARBLEHEAD CORPORATION
    Plaintiff

v

GREGORY J. HOUSE
    Defendant

CIVIL ACTION NO. 04-11263PBS

## FIRST MARBLEHEAD'S MEMORANDUM OF LAW IN SUPPORT OF COMPARATIVE NEGLIGENCE AFFIRMATIVE DEFENSE

The First Marblehead Corporation ("First Marblehead") respectfully submits this memorandum of law in support of its proposed affirmative defense of comparative negligence. As discussed more fully herein, the majority rule is that comparative negligence is an appropriate affirmative defense in negligence misrepresentation cases and the defense also has been recognized by Massachusetts courts in cases seeking pecuniary damages. Further, precluding the Defendant from asserting comparative negligence would deprive First Marblehead of an offset for the negligence of Gregory House of any damages that might be awarded to Gregory House, a result that would be prejudicial and also contrary to the law.

### ARGUMENT

Comparative negligence is recognized as an appropriate affirmative defense to negligent misrepresentation under the Restatement (Second) of Torts as well as the majority of jurisdictions that have considered the issue. Moreover, although the Massachusetts courts have not directly addressed the issue, Massachusetts recently has recognized that comparative negligence is appropriately applied in cases involving pecuniary damages. The trend in

expanding on the types of cases to which comparative negligence applies, and the cases discussing the interplay between justifiable reliance and comparative negligence, all support First Marblehead's position that the jury should be asked to consider comparative negligence in the case at bar.

I. THE RESTATEMENT (SECOND) TORTS, §552A AND NUMEROUS CASES IN OTHER JURISDICTIONS RECOGNIZE CONTRIBUTORY OR COMPARATIVE NEGLIGENCE AS A DEFENSE TO NEGLIGENT MISREPRESENTATION.

The Restatement (Second) Torts, §552A states that "[t]he recipient of a negligent misrepresentation is barred from recovery for pecuniary loss suffered in reliance on it if he is negligent in so relying." In fact, it has been noted that in a majority of jurisdictions that have addressed the issue, "[t]he prevailing view is that comparative negligence principles are applicable to negligent misrepresentations." Applicability of Comparative Negligence Doctrine to Actions Based on Negligent Misrepresentation, 22 A.L.R 5th 464 (1994). See Gilchrist Timber Co. v. ITT Rayonier, Inc., 696 So.2d 334, 338 (Fla. 1997) ("[w]hile the Restatement discussed the issue in terms of contributory negligence, a majority of the states that have adopted the comparative negligence doctrine and considered this issue agree that comparative negligence principles are applicable to cases involving negligent misrepresentations"); Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 657 A.2d 212 (1995); Wegad v. Howard Street Jewelers, Inc., 326 Md. 409, 605 A.2d 123 (1992); Silva v. Stevens, 156 Vt. 94, 589 A.2d 852 (1991); Gurnsey v. Conklin Co., Inc., 230 Mont. 42, 751 P.2d 151 (1988); Florenzano v. Olson, 387 N.W.2d 168 (Minn.1986); Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co., 140 Ariz. 383, 682 P.2d 388 (1984); H. Rosenblum, Inc. v. Adler, 93 N.J. 324, 461 A.2d 138 (1983);

Christenson v. Commonwealth Land Title Ins. Co., 666 P.2d 302 (Utah 1983); Kramer v. Petisi, 879 A.2d 526 (Conn. Ct. App. 2005); Prime Retail Dev., Inc. v. Marbury Engineering Co., 608 S.E.2d 534, 552 (Ga. Ct. App. 2004); ESCA Corp. v. KPMG Peat Marwick, 939 P.2d 1228, 1229 (Wash. Ct. App. 1997).

Massachusetts has cited with approval and expressly adopted related sections of the Restatement, including Restatement (Second) Torts, §552 and 552B. *See* Nycal Corp. v. KPMG Peat Marwick LLP, 426 Mass. 491, 495-96, 688 N.E.2d 1368, 1371 (1998) (adopting §552); Danca v. Taunton Savings Bank, 385 Mass. 1, 9, 429 N.E.2d 1129 (1982) (adopting §552B). Moreover, as noted in other jurisdictions, "[i]t is consistent with the purposes of comparative negligence principles to apply them to cases involving negligent misrepresentation." Kramer v. Petisi, 879 A.2d 526, 532 (Conn. Ct. App. 2005). *See also* W. Prosser, Law of Torts § 107, at 706 (4th ed.1971) (there is "no apparent reason for distinguishing negligent misrepresentation from any other negligence in [the application of contributory or comparative negligence concepts]").

II. **In re Drown**

In re Drown, 340 B.R. 429 (Bankr. D. Mass.), is a well-reasoned decision interpreting Massachusetts law and concluding that although the issue has not yet been decided, it is likely that the Massachusetts Supreme Judicial Court ("SJC") would follow the majority rule and apply comparative negligence principles to a negligent misrepresentation claim. Id., at p. 441. In support of its decision, the court in Drown cited to Clark v. Rowe, 428 Mass. 339, 701 N.E.2d 624 (1998) and Town of Wrentham v. Bezema, 2001 WL 2017108 (Mass. Sup. Ct. 2002). In Clark, the SJC held that although attorney malpractice is a claim for financial loss and, therefore,

does not appear to fit within the Massachusetts comparative fault statute, M.G.L. c. 231, §85, comparative fault is a viable affirmative defense to such a pecuniary loss claim under the common law. Clark v. Rowe, 428 Mass. 339, 345, 701 N.E.2d 624, 628. *See also* Bezema, 2001 WL 2017108, at *4(Massachusetts Superior Court similarly noted that it would apply comparative negligence to claims involving the sale of property that was smaller in size than what was represented).

Defendant House, in his Opposition to Plaintiff's Proposed Jury Instructions, takes issue with Drown and relies instead on two cases from other states, Estate of Braswell v. People's Credit Union, 602 A.2d 510 (R.I. 1992) and Carroll v. Gava, 98 Cal. App. 3d 892 (1980). (Opposition at p. 4). House's reliance on the Rhode Island and California cases is misplaced. Carroll is twenty-seven year old case that rejects the modern trend of applying comparative negligence to torts involving pecuniary damages, rather than just property and personal injury damages. 98 Cal. App. 3d at 897. Braswell relies on the language of the Rhode Island comparative negligence statute in rejecting the applicability of comparative negligence in misrepresentation cases. 602 A.2d at 512, 515. However, the SJC specifically rejected such a rationale in Clark v. Rowe, when it concluded that the language of the statute was no limitation on the ability of the court to extend the principles of comparative negligence to cases involving financial loss; rather, the court rooted the defense in the common law. 428 Mass. at 343.

Based on Clark and Bezema, it appears to be only a matter of time before Massachusetts recognizes comparative negligence specifically within the context of a negligent misrepresentation case. In light of these cases, and since Massachusetts looks favorably on and has specifically adopted sections 552 and 552B of the Restatement, First Marblehead respectfully submits that a Massachusetts court in the context of this case would find a

comparative negligence instruction appropriate and applicable to the instant negligent misrepresentation claim.

### III. THE INTERPLAY BETWEEN THE REASONABLE OR JUSTIFIABLE RELIANCE ELEMENT OF NEGLIGENT MISREPRESENTATION AND COMPARATIVE NEGLIGENCE

With respect to this Court's inquiry regarding the interplay between the reasonable or justifiable reliance element of negligent misrepresentation and comparative negligence, this issue recently was addressed by the U.S. District Court for the District of Hawaii. Honolulu Disposal Service, Inc. v. American Benefit Plan Administrators, Inc., 433 F. Supp.2d 1181 (D. Hawaii 2006). Noting that the relationship between the justifiable reliance prong and comparative negligence is not "entirely clear," the court noted that some courts have considered justifiable reliance and comparative negligence to be the same standard. Id. at 1192. Other courts, however, find justifiable reliance to be a yes/no issue, whereas comparative negligence requires an analysis of the relevant percentages of fault. Id. The court in Honolulu predicted that Hawaii ultimately would attempt to distinguish justifiable reliance from comparative negligence because otherwise, the justifiable reliance test would be mere surplusage. Id. at 1193. Notably, it does not even appear that the court in Honolulu ever considered refusing to apply a comparative negligence standard. See also Florida Standard Jury Instructions, 828 So.2d 377 (Fla. 2002)(acknowledging the relationship but nevertheless including a comparative negligence defense where the plaintiff's actions were a contributing legal cause).

First Marblehead respectfully submits that despite the same language and arguably, the same initial analysis, justifiable reliance is a yes/no hurdle based in part on subjective information. Comparative negligence, on the other hand, allows and requires that the jury

apportion fault - - which is consistent with the Restatement, the majority view, and Massachusetts law.

If First Marblehead is denied the opportunity to argue comparative negligence, House could be deemed by the jury to be largely at fault and would still receive the full amount of damages awarded without any offset for his own negligence. There is no support for prejudicing First Marblehead in this manner. In summary, First Marblehead is entitled to an offset for House's comparative negligence and respectfully requests that the Court submit the issue to the jury. As the court noted in Jardine v. Brunswick Corp., 423 P.2d 659, 662-63 (Utah 1967),

> The one who complains of being injured by such a false representation cannot heedlessly accept at true whatever is told him, but *has a duty* of exercising such a degree of care to protect his own interests as would be exercised by an ordinary, reasonable and prudent person under the circumstances; and if he fails to do so, is precluded from holding someone else to account for the consequences of his own neglect."

Jardine, 423 P.2d at 1398 (emphasis added).

WHEREFORE, First Marblehead requests that this Court instruct the jury on the affirmative defense of comparative negligence and for such other relief as the Court deems just and proper.

        Respectfully submitted,

        THE FIRST MARBLEHEAD CORPORATION
        By its attorneys

        /s/ Kenneth J. DeMoura
        Kenneth J. DeMoura (BBO#548910)
        Michael D. Riseberg (BBO# 567771)
        ADLER POLLOCK & SHEEHAN, P.C.
        175 Federal Street
        Boston, Massachusetts 02110
        (617) 482-0600

Dated: July 19, 2007

*423649_1*

## CERTIFICATE OF OF SERVICE

The undersigned hereby certifies that he served a copy of the above document via the U.S. District Court's electronic filing system to all counsel of record on July 19, 2007.

/s/ Michael D. Riseberg
Michael D. Riseberg (BBO# 567771)