UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE FIRST MARBLEHEAD CORPORATION<br>　　　Plaintiff<br><br>v<br><br>GREGORY J. HOUSE<br>　　　Defendant | CIVIL ACTION NO. 04-11263PBS |

## THE FIRST MARBLEHEAD CORPORATION'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

The counterclaim-defendant, The First Marblehead Corporation ("First Marblehead"), hereby renews its motion, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, for a judgment as a matter of law at the close of the case of the counterclaim-plaintiff, Gregory House ("House"). House has been fully heard on his sole count for negligent misrepresentation and, even when viewing the evidence in the light most favorable to House, as the Court must in considering this motion, the Court should find that a reasonable jury would not have a legally sufficient evidentiary basis to find in House's favor.

By improperly relying on conjecture and speculation, House fails to meet his burden of establishing that he has suffered harm caused by the alleged negligent misrepresentation of First Marblehead. See Hanover Ins. Co. v. Sutton, 705 N.E.2d 279, 280 (Mass. App. Ct. 1999). "This connection cannot be left to the jury's conjecture or speculation"; that is, "it is not enough to show the mere possibility of a causal connection; the probability of such a connection must be

shown." Jorgensen v. Mass. Port Auth., 905 F.2d 515, 524 (1st Cir. 1990) (citing Berardi v. Menicks, 164 N.E.2d 544, 546-47 (Mass. 1960)). Under Massachusetts law, a plaintiff seeking to establish causation must show that the "defendant's conduct was a but-for cause of [its] injury, and that [the] defendant's conduct was a 'substantial legal factor' in bringing about the alleged harm to [the] plaintiff." Id. (citing Wallace v. Ludwig, 198 N.E. 159, 161 (Mass. 1935); Tritsch v. Boston Edison Co., 293 N.E.2d 264, 267 (Mass. 1973))

Here, House has failed to prove "but for causation." That is, that if he had been timely informed that his stock options were subject to a three-month expiration provision, he would have exercised his options within three-months of resigning from First Marblehead on or about February 28, 1998.

Additionally, House has failed to meet his burden of proving when he "probably" (rather than possibly) would have sold his stock in First Marblehead; or whether he would have sold his stock at all. House testified that determining when or whether he would have sold his stock is a speculative question, and cannot be determined with any degree of certainty.

Specifically, House, on direct examination during the second day of trial, testified as follows:

                              70
     4  Q.  All right, now I'm going to ask you another
     5  hypothetical, sir. Now I want you to hypothesize that you
     6  actually did exercise the options as you say you would have.
     7  What would you have done with the shares of stock that you
     8  held? And again I know this is a hypothetical on a
     9  hypothetical, but tell us what you would have done with the

2

10  stock.
11  A. Well, again, you know, we're going deeply into
12  hypotheticals here, and all these hypotheticals have been
13  created.
14  **Q. Let me see if I can help you. Did you have a plan, an**
15  **idea about what the shares, whenever it would be that you'd**
16  **exercise them, what you would plan to do with them?**
17       MR. DeMOURA: Objection, your Honor.
18  A. Hold them, planned to hold them. You don't make an
19  investment like this for small money, to make $5,000 or
20  $10,000. You make an investment like this to make millions
21  of dollars. That's why I was pleased to be placed on equal
22  footing with investors of the type that we just mentioned.
23  **Q. All right, Mr. House, so you say you would have held**
24  **them. For how long? When would you have realized the**
25  **gains? How long would you have held them?**

71

1  A. It's hard to say. I might hold them today. There's no
2  way of knowing how long I would have held them, but I
3  definitely wouldn't have sold them anytime soon.

71

7  **Q. And what would your hope have been with respect to when**
8  **you would have realized the gains?**
9  A. I would like to think that I would have sold them at the
10  high, at $56.47, I believe, but that's not -- really, no one
11  can say that. It's silly. And so it's just hard to say.
12  There's all sorts of times when I might have considered

3

13  selling, and maybe I would have and maybe I wouldn't have.
14  We don't know. We'll never know because of the situation
15  I've been placed in.
16  **Q. When you say the situation you've been placed in, what**
17  **do you mean, sir?**
18  A. The reason we have to address all these hypotheticals is
19  because I was prevented from exercising the options in the
20  first place by –

Unable to prove when or whether he would have sold the stock, House cannot demonstrate that he has suffered any harm as a result of missing the opportunity to exercise his options. A reasonable jury, therefore, would not have a legally sufficient evidentiary basis to find in House's favor.

WHEREFORE, First Marblehead moves the Court to enter judgment in its favor on House's sole claim of negligent misrepresentation, including an award for attorney's fees and costs, and whatever other relief the Court deems just and equitable.

Respectfully submitted,

THE FIRST MARBLEHEAD CORPORATION
By its attorneys

/s/ Kenneth J. DeMoura
Kenneth J. DeMoura (BBO#548910)
Michael D. Riseberg (BBO#567771)
Colleen Nevin (BBO# #665114)
ADLER POLLOCK & SHEEHAN, P.C.
175 Federal Street
Boston, Massachusetts 02110
(617) 482-0600

Dated: July 22, 2007
*423826_1*